```
     G16dmeyc

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   SPENCER MEYER,

 4                Plaintiff,                New York, N.Y.

 5         v.                                15 Civ. 9796(JSR)

 6   TRAVIS KALANICK,

 7                Defendant.

 8   ------------------------------x

 9                                           January 6, 2016
                                             11:12 a.m.
10
     Before:
11
                         HON. JED S. RAKOFF,
12
                                             District Judge
13
                              APPEARANCES
14
     ANDREW SCHMIDT LAW PLLC
15        Attorneys for Plaintiff
     BY:  ANDREW SCHMIDT
16          - and -
     HARTER, SECREST & EMERY, LLP
17   BY:  JEFFREY A. WADSWORTH

18   BOIES, SCHILLER & FLEXNER LLP
          Attorneys for Defendant
19   BY:  PETER M. SKINNER
          RYAN PARK
20

21

22

23

24

25
```

1

2              (Case called)

3              THE COURT:  Good morning.  I should note for the

4    record that Mr. Park is my former law clerk.  I never recuse

5    myself when either friends or law clerks appear before me but I

6    cut off all one-on-one personal communication.  Usually by the

7    end of the case they are former friends.

8              So, thank you for your case management plan.

9              Now, I take it the plaintiff does want a jury trial?

10             MR. WADSWORTH:  Yes, your Honor.

11             THE COURT:  Very good.

12             So the real dispute, I gather so far as the case

13   management plan is concerned, is whether or not to stay

14   discovery while there is a motion to dismiss.  My usual

15   practice is to give the parties the following choice.  Either

16   we will have an expedited motion to dismiss schedule and then

17   stay discovery for that very brief period of time, or we will

18   have a more leisurely motion to dismiss schedule but begin

19   discovery, not depositions but document discovery.  So the

20   proposal here doesn't seem to fit either of those patterns.  So

21   let's see what we can come up with.

22             So assuming you want to stay discovery on the defense

23   side, what is the quickest you could file your motion to

24   dismiss?

25             MR. SKINNER:  Your Honor, I think the schedule we

...

G16dmeyc

1    proposed is a pretty quick one, given the fact that --
2             THE COURT:  Not by my standards.
3             MR. SKINNER:  What would the Court consider to be
4    accelerated?
5             THE COURT:  You have already thought about your motion
6    to dismiss.  In fact, you sort of in what you sent me indicated
7    the grounds that you think you have.  If I recall correctly,
8    you are talking about personal jurisdiction and failure to
9    state a claim, right?
10            MR. SKINNER:  Yes.  It is really more failure to state
11   a claim.
12            THE COURT:  So, you know, I know there are only a few
13   hundred lawyers in your firm or maybe more than a few hundred
14   but --
15            MR. SKINNER:  There is much less than a few hundred,
16   your Honor.
17            THE COURT:  Well, I remember when Boies, Schiller was
18   about three people.  How many lawyers are you now?
19            MR. SKINNER:  About 250.
20            THE COURT:  Oh, OK, a tiny mom-and-pop operation.  So
21   why can't you file in a week?
22            MR. SKINNER:  The only reason I would hesitate to
23   commit to a week is that not only did we just come into the
24   case two days ago, so we do have -- while we read the
25   complaint, we processed it and we think we know what our

1  arguments are, we have to coordinate with our client to allow
2  him the opportunity to review whatever it is we file and build
3  in some time for that.
4            THE COURT:  I understand all of that, but my point is
5  it delays the case to hold up discovery.  So I'm very reluctant
6  to do that unless we can get a motion to dismiss done quickly.
7  Otherwise, I mean, if you prefer to have document discovery go
8  forward, then I'm perfectly happy with giving you more time,
9  but I think that's the dilemma, if you will.
10           MR. SKINNER:  I understand, your Honor.  I think what
11 I would ask the Court to do is to split the difference and give
12 us to the end of next week so we would have essentially ten
13 days rather than seven.
14           THE COURT:  All right.  So that would be moving papers
15 on -- let's see.  Today is the 6th.  So that would be moving
16 papers on the 15th.
17           MR. SKINNER:  Yes.
18           THE COURT:  All right.  And how about on the
19 plaintiff's side for answer?
20           MR. WADSWORTH:  So, your Honor, we, of course, would
21 prefer the plan B between the two choices, with written
22 discovery proceeding now, with a schedule like the one that we
23 proposed in the case management plan.  If we were to go with
24 the stay with the more accelerated motion practice, which is
25 not the route we would --

Case 1:15-cv-09796-JSR   Document 19   Filed 01/15/16   Page 5 of 8        5
G16dmeyc

1          THE COURT:  I'm sorry.  I don't see how you are
2    prejudiced by a quick motion to dismiss schedule.  If this case
3    is going to disappear, you might as well know it before you
4    expend time on discovery.  Where you would be prejudiced is if
5    this became the basis for a long drawn out delay in your
6    lawsuit.  That never happens in my court.  I move my cases, as
7    you may know, very quickly.
8          So I think the question really is -- you know already,
9    at least in general terms, what their grounds are -- so how
10   long would it take you to file answering papers?
11         MR. WADSWORTH:  We would ask in that case for two
12   weeks.
13         THE COURT:  OK.  Two weeks is very reasonable.  So
14   that's January 29th.
15         Reply papers, let's see, February 4th.  And let's look
16   at February 11th for oral argument.
17         THE CLERK:  You are out.
18         THE COURT:  I'm out, OK.  How about February 10th?
19         THE CLERK:  February 10th, a Wednesday, all we have is
20   argument in the morning.
21         THE COURT:  OK.  So 4 o'clock on February 10th.
22         And I will undertake to get you a bottom-line
23   ruling -- this will obviously not be the full opinion but at
24   least you'll know whether the case is going forward or not --
25   by no later than February 24th.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1          So going backwards now to the rest of the case
2     management plan, it seems to me that document requests can be
3     served anytime up to February 17th -- but can be served much
4     earlier than that -- but the response will not be due until
5     March 1st, one week after my ruling.  Is that right?
6          (Pause)
7          I guess one week after the ruling is March 2nd.  So I
8     am going to just write that in.  So the plaintiff is free to
9     not wait around to February 17th, which is the last date to
10    file -- you can file earlier than that -- but the normal rules
11    for when a response is due will be changed to March 1st.  So
12    the responses will be due on March 1st.  Ditto the very limited
13    interrogatories that I permit under Local Rule 33.3(a).
14         Now, I think all the other dates are fine.  We'll talk
15    about class certification in a minute, but we'll put this down
16    now for a final pretrial conference on July 6 at 4 p.m.  There
17    is a possibility I may be out that first week of July, in which
18    case I'll let you know well in advance and we'll just move it a
19    few days into the next week.
20         In terms of class certification, my suggestion is,
21    assuming the case goes forward, that when plaintiff is ready to
22    move for class certification, you just convene a joint
23    conference call with the plaintiff and defendant and the Court.
24    I will set a date for it then.  I think it is probably
25    premature to set the schedule for it.  OK?

1           All right.  So I've signed the case management plan
2    and it will be filed electronically and therefor available to
3    both sides.
4           Anything else we need to take up today?
5           MR. WADSWORTH:  Not from the plaintiff, your Honor.
6           MR. SKINNER:  One matter I want to note for the Judge
7    or comment.  I know the plaintiff is seeking a jury trial.  I
8    just want to note defendant reserves his right to oppose that
9    request.  There may be some contractual provisions relevant to
10   that with respect to the possible waiver of a jury trial in the
11   defendant's user agreement.
12          THE COURT:  OK.  That's fine.  I'm just putting it
13   down now as a jury trial that's being asked for by one party
14   because if they don't ask for it now they waive that right, so.
15          MR. SKINNER:  And one other question, your Honor.
16   Does the stay of discovery, is that a blanket stay that also
17   covers the 26(a)(1) disclosures?
18          THE COURT:  Yes.  I think that makes sense.
19          MR. SKINNER:  Thank you, your Honor.
20          THE COURT:  All right.  Very good.
21          MR. WADSWORTH:  Your Honor, just some clarification.
22   Third-party discovery, can that go forward?
23          THE COURT:  What do you have in mind?
24          MR. WADSWORTH:  I am not sure at this point.  I wanted
25   to at least ask it.

G16dmeyc

1  THE COURT:  Well, I think that's going to present the
2  same issue.  I think the answer to that is no absent some
3  specific reason why it ought to go forward.  If you come up
4  with a specific reason and want to convene a conference call
5  with the Court, of course all of this is always subject to
6  revision in light of changed circumstances.
7  MR. WADSWORTH:  Understood, your Honor.  Thanks.
8  THE COURT:  Very good.  Thanks very much.
9  THE CLERK:  All rise.

- - -