IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SPENCER MEYER,

     Plaintiff,

v.

TRAVIS KALANICK,

     Defendant.

Case No. 1:15-cv-9796 (JSR)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT TRAVIS KALANICK'S EXPEDITED MOTION FOR JOINDER OF
## UBER TECHNOLOGIES, INC. AS A NECESSARY PARTY

BOIES, SCHILLER & FLEXNER LLP

| | |
|---|---|
| Karen L. Dunn | Alanna C. Rutherford |
| William A. Isaacson | Peter M. Skinner |
| Ryan Y. Park | Joanna C. Wright |
| 5301 Wisconsin Ave, NW | 575 Lexington Ave, 7th Floor |
| Washington, DC 20015 | New York, NY 10022 |
| Tel: (202) 237-2727 | Tel: (212) 446-2300 |
| Fax: (202) 237-6131 | Fax: (212) 446-2350 |
| kdunn@bsfllp.com | arutherford@bsfllp.com |
| wisaacson@bsfllp.com | pskinner@bsfllp.com |
| rpark@bsfllp.com | jwright@bsfllp.com |

*Counsel for Defendant Travis Kalanick*

May 20, 2016

# Table of Contents

|  |  | Page |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| FACTUAL AND PROCEDURAL BACKGROUND | | 1 |
| ARGUMENT | | 4 |
| I. | Uber Is a Necessary Party under Rule 19 | 3 |
| | A. Plaintiff Cannot Obtain Complete Relief without Uber's Participation in this Action | 5 |
| | B. Uber Has a Protectable Interest That Will Be Impaired Absent Joinder | 8 |
| II. | In the Alternative, Uber Should Be Joined Permissively Under Rule 20 | 11 |
| CONCLUSION | | 13 |

# Table of Authorities

**Page**

**Cases**

*7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*,
   No. 13-cv-981(PGG), 2015 WL 1514539 (S.D.N.Y. March 31, 2015)..................10

*Aguinaga v. UBS AG,*
   No. 09 CV 3261, 2010 WL 5093433 (S.D.N.Y. Dec. 14, 2010)................................4

*Aguinda v. Texaco, Inc.*,
   945 F.Supp. 625, 627 (S.D.N.Y. 1996).................................................................6

*Bartfield v. Murphy*,
   578 F. Supp. 2d 638 (S.D.N.Y. 2008)...................................................................6

*Corchado v. Prod. Design & Dev., Inc.*,
   99 Civ. 9032 (JSR), 2000 WL 134689 (S.D.N.Y. Feb. 4, 2000)........................5, 12

*Crouse-Hinds Co. v. InterNorth, Inc.*,
   634 F.2d 690 (2d Cir. 1980) .................................................................................11

*D'Amico v. Doe*,
   No. 03 Civ. 216, 2005 WL 850961 (D. Conn. Jan. 20, 2005).....................................6

*Dichiara v. Ample Faith Investments Ltd.*,
   No. 06 CIV. 3838(DLC), 2006 WL 3431197 (S.D.N.Y. Nov. 29, 2006)...................4

*Discon Inc. v. NYNEX Corp.*,
   86 F. Supp. 2d 154 (W.D.N.Y. 2000) ...................................................................10

*Gibbs Wire & Steel Co. v. Johnson*,
   255 F.R.D. 326 (D. Conn. 2009)............................................................................7

*Jota v. Texaco, Inc.*,
   157 F.3d 153 (2d Cir. 1998) ..................................................................................6

*Kamhi v. Cohen*,
   512 F.2d 1051 (2d Cir. 1975) ................................................................................4

*Lai v. Eastpoint Int'l, Inc.*,
   No. 99 CIV. 2095 (DLC), 1999 WL 688466 (S.D.N.Y. Sept. 1, 1999)...................12

*LifeScan Scotland, Ltd. v. Shasta Techs., LLC*,
   No. 11-CV-04494-WHO, 2013 WL 4604746 (N.D. Cal. Aug. 28, 2013)..................9

*Midlantic Commercial Co. v. Prime Sportswear Corp.*,
   No. 95 CIV 10192(SWK), 1996 WL 361539 (S.D.N.Y. June 27, 1996)..................................12

*Ram v. Lal*,
   906 F. Supp. 2d 59 (E.D.N.Y. 2012)........................................................................................5

*Reliance Ins. Co. v. Mast Const. Co.*,
   84 F.3d 372 (10th Cir. 1996) ...................................................................................................9

*Swink v. Uber Technologies, Inc. and Travis Kalanick*,
   No. 16-cv-1092, Dkt. No. 2, (S.D. Tex. April 22, 2016) ............................................. 4, 10, 11

*Takeda v. Northwestern Nat'l life Ins. Co.*,
   765 F.2d 815 (9th Cir. 1985) ............................................................................................10, 11

*Texas Utilities Co. v. Santa Fe Industries, Inc.*,
   553 F. Supp. 106 (N.D. Tex. 1982)......................................................................................... 9

*Weizmann Inst. of Sci. v. Neschis*,
   229 F. Supp. 2d 234 (S.D.N.Y. 2002)......................................................................................6

**Rules**

Federal Rule of Civil Procedure 12(h)(2)......................................................................................4

Federal Rule of Civil Procedure 19(a) ......................................................................................1, 4

Federal Rule of Civil Procedure 19(a)(1)(A) .............................................................................4, 5

Federal Rule of Civil Procedure 19(a)(1)(B).................................................................................5

Federal Rule of Civil Procedure 20..........................................................................................1, 11

Defendant Travis Kalanick submits this Motion for Joinder of Uber Technologies, Inc. ("Uber") as a necessary party under Federal Rule of Civil Procedure 19(a) or, alternatively, for permissive joinder under Federal Rule of Civil Procedure 20.

## PRELIMINARY STATEMENT

This suit against Travis Kalanick, CEO and co-founder of Uber, is in all but name a suit against Uber. Plaintiff alleges that Uber's business model violates antitrust laws and claims that the core of Uber's business, the Uber App and its pricing algorithm, are mechanisms for an antitrust price-fixing conspiracy. *See* First Amended Complaint ("Complaint"), Dkt. No. 26. Plaintiff nevertheless named only Mr. Kalanick to this lawsuit.

Plaintiff's intent with this selective pleading is plain—he did not want to be compelled to arbitrate with Uber. Rule 19 prevents such blatant gamesmanship. Plaintiff cannot seek relief from Mr. Kalanick that cannot be afforded absent Uber's joinder. Plaintiff's Complaint requests declaratory and injunctive relief asking this Court to: (1) enjoin Uber from using the pricing algorithm as part of the Uber App; (2) declare that the Uber pricing algorithm is unlawful; and (3) declare that the agreement between Uber and its driver-partners is an unlawful restraint of trade. *Id.* at 25-26, ¶ 133. This relief simply cannot be afforded, or at a minimum will be ineffective, without Uber's presence in this case. Moreover, absent joinder, Uber cannot sufficiently protect its interests which, in many respects, are distinct from Mr. Kalanick's interests. Because Uber is a necessary party to this lawsuit, it must be joined to this action.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2015, Plaintiff Spencer Meyer filed a complaint against Travis Kalanick, the co-founder and CEO of Uber. On January 29, 2016, Plaintiff filed the First Amended Complaint ("Complaint"). Notably, Plaintiff elected to not name Uber as a defendant

1

in the Complaint in an attempt to avoid the arbitration agreement and class waiver agreement that Plaintiff assented to with Uber. Compl. ¶¶ 28-29; Declaration of Michael Colman to Defendant's Travis Kalanick's Motion to Dismiss ("Colman Decl."), Dkt. No. 29 (Feb. 8, 2016), Ex. 1 ("User Agreement") at 1. Plaintiff's core allegation is that Mr. Kalanick, Uber, and all driver-partners who use Uber have violated Section 1 of the Sherman Act, as well as New York's Donnelly Act, which is coextensive. Compl. ¶¶ 120-40. The Complaint states that "Uber has a simple but illegal business plan: to fix prices among competitors and take a cut of the profits." *Id.* ¶ 1. Plaintiff seeks "injunctive and monetary relief on behalf of the Uber riders injured by Kalanick's actions." *Id.*

Again and again, the Complaint makes clear that this lawsuit is a challenge to Uber's fundamental business model, not anything that Mr. Kalanick did or did not do in his individual capacity. According to Plaintiff, the purported price-fixing conspiracy is achieved entirely through Uber's contracts with driver-partners, pursuant to which the driver-partners agree with Uber to use Uber's pricing algorithm. *See id.* ¶¶ 68-69; Plaintiff's Memorandum of Law In Opposition To Defendant Travis Kalanick's Motion To Dismiss at 7 (arguing that the conspiracy is achieved through Uber's "written contract[s]" with driver-partners). Indeed, many of the Complaint's key allegations relating to the pricing algorithm refer exclusively to Uber, and do not even mention Mr. Kalanick. *See, e.g.*, *id.* ¶ 56 (driver partners "do not individually and independently control their fares" but instead "relinquish control over fares to *Uber*") (emphasis added); *id.* ¶ 57 ("*Uber* uses surge pricing to incentivize driver-partners to use the Uber App during periods of peak demand") (emphasis added). By this lawsuit, Plaintiff seeks a declaration that Uber's algorithm is unlawful and an injunction prohibiting the employment of Uber's algorithm. *Id.* ¶¶ 133, 140.

Plaintiff's Complaint is clear: the algorithm is owned, operated, and controlled by Uber, not Mr. Kalanick. *Id.* ¶¶ 2, 22-27, 31-32, 47, 49, 59, 68-71, 73, 74, 77, 93-100, 102-03. Indeed, the only discussion of any actions that Mr. Kalanick took in furtherance of the purported conspiracy are all in his role as CEO of Uber—not in his individual capacity. *See id.* ¶¶ 1, 83, 86. For example, the Complaint alleges that "Kalanick, in his position as Uber CEO . . . directed and ratified negotiations between Uber" and a group of driver-partners in New York City seeking higher fares. *Id.* ¶¶ 86-87. Plaintiff also contends that:

> Through Kalanick's and Uber's actions, the Uber driver-partners have been enabled to participate in a conspiracy, combination, or contract among themselves to adhere to the artificial price setting embodied in the Uber pricing algorithm. Defendant and Uber have sought to obscure the unlawful nature of this arrangement by disingenuously and inaccurately claiming that Uber driver-partners can charge a lower fare than the one generated by the Uber algorithm. At the same time, Defendant and Uber tout the ability for Uber driver-partners to earn more money by adhering to the Uber algorithm, and they facilitate Uber driver-partners' opportunities to meet together.

*Id.* ¶ 126. As described by this Court, Plaintiff's theory of conspiracy is that "Uber drivers agree to participate in a conspiracy among themselves when they assent to the terms of Uber's written agreement (the 'Driver Terms') and accept riders using the Uber App." Opinion and Order, Dkt. No. 37 at 8 (March 31, 2016). Mr. Kalanick is not a party to the Uber Driver Terms; instead, the Uber Driver Terms are in contracts between Uber and individual driver partners. Colman Decl., Ex. 2. Mr. Kalanick is also not a party to the User Agreement between Plaintiff and Uber concerning pricing and under which the alleged antitrust injury occurred. *Id.,* Ex.1.

## ARGUMENT

### I. Uber Is a Necessary Party under Rule 19

Federal Rule of Civil Procedure Rule 19(a) sets forth a "flexible approach" that requires joinder where a nonparty "has an interest in th[e] litigation" and "it is feasible to join" the nonparty to the action. *Kamhi v. Cohen*, 512 F.2d 1051, 1056 (2d Cir. 1975); *Dichiara v. Ample*

3

*Faith Investments Ltd.*, No. 06 Civ. 3838 (DLC), 2006 WL 3431197, at *9 (S.D.N.Y. Nov. 29, 2006) ("District courts take a flexible approach when deciding whether parties are indispensable"). A Rule 19 motion for necessary joinder may be made at any time, even "at trial." Fed. R. Civ. P. 12(h)(2); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party").[1]

As applicable here, Rule 19 provides two separate bases for joinder. First, Rule 19(a)(1)(A) requires joinder of nonparties where "in that person's absence, the court cannot accord complete relief among existing parties." *See Aguinaga v. UBS AG,* No. 09 Civ. 3261 (RJH), 2010 WL 5093433, at *9 (S.D.N.Y. Dec. 14, 2010) ("if some current party could not . . . obtain relief from its opponent without the participation of the absent party, Rule 19(a)(1)(A) requires joinder of that absent party."). Second, Rule 19(a)(1)(B) requires joinder if a nonparty "claims an interest relating to the subject of the action" that may be impaired or impeded if the action proceeds in the nonparty's absence. Regardless of the grounds for concluding a party

---

[1] Mr. Kalanick is raising this motion at an early stage of this litigation, before even responding to Plaintiff's initial discovery demands. Mr. Kalanick's decision to bring this motion at this time is prompted by three recent developments. *First,* on April 29, 2016, Plaintiff served expansive discovery requests on Mr. Kalanick, and on May 6, 2016, he served a subpoena on Uber seeking virtually the same documents. As described further below, the vast majority of the documents that Plaintiff requests from Mr. Kalanick belong to Uber alone. Plaintiff himself recognizes this, as his requests to Uber and Mr. Kalanick are substantially the same. The nature and scope of Plaintiff's document requests thus make clear that Uber, not Mr. Kalanick in his individual capacity, is the real party in interest to this action. *Second*, on April 22, 2016, Uber and Mr. Kalanick were sued jointly in a case almost identical to this action filed in the Southern District of Texas. *See* Complaint, *Swink v. Uber Technologies, Inc. and Travis Kalanick,* No. 16 Civ. 1092 (KPE), Dkt. No. 2 (S.D. Tex. April 22, 2016). The filing of this follow-on case naming Uber as a defendant gives rise to a substantial risk that Uber may be subject to inconsistent obligations, or that Uber could be subject to collateral estoppel in *Swink* based on determinations made in this case, to which it is not a party. *Third*, the Court's May 7, 2016 denial of Mr. Kalanick's motion for partial reconsideration, Dkt. No. 44, limited Plaintiff's express waiver of his right to participate in a class proceeding to the arbitration context. Uber's participation in this suit is necessary to preserve Uber's right to resolve Plaintiff's claim in an arbitral forum.

4

must necessarily be joined, compulsory joinder under Rule 19 is "designed to protect the interests of absent persons as well as those already before the court from multiple litigation or inconsistent judicial determinations." *Corchado v. Prod. Design & Dev., Inc.,* 99 Civ. 9032 (JSR), 2000 WL 134689, at *1 (S.D.N.Y. Feb. 4, 2000) (quoting Charles Alan Wright, et. al., 7 Federal Practice and Procedure § 1602 at 18-21 (2d ed. 1986)).

### A. Plaintiff Cannot Obtain Complete Relief without Uber's Participation in this Action

As courts in this Circuit have repeatedly recognized, a plaintiff cannot obtain "complete relief" under Rule 19 when seeking to restrict a nonparty's conduct. *E.g., Ram v. Lal*, 906 F. Supp. 2d 59, 78 (E.D.N.Y. 2012) (where a third party's conduct is at issue, a court cannot issue injunctive relief if a third party is not party to the lawsuit). Here, Plaintiff explicitly seeks, among other things: (1) "A declaration that the use of the pricing algorithm for setting fares as described above is unlawful;" and (2) injunctive relief that "permanently enjoin[s]" and "terminates the ongoing violations alleged" including the "unlawful contracts, agreements, arrangements, combinations, or conspiracies"—which, as this Court noted in its Order, Plaintiffs allege were purportedly arranged through contracts between Uber and the independent contractor drivers. Compl. ¶¶ 1, 26, 133; Opinion and Order, Dkt. No. 37 at 8 (discussing Plaintiff's claim that "Uber drivers agree to participate in a conspiracy among themselves when they assent to the terms of Uber's written agreement (the 'Driver Terms') and accept riders using the Uber App.").

Plaintiff's request for injunctive relief "permanently enjoin[ing]" and "terminat[ing] the ongoing violations alleged" is beset by a fundamental problem: an injunction entered against Mr. Kalanick alone may not constrain Uber's conduct, and would not afford Plaintiff the "permanent" relief he seeks. *See Jota v. Texaco, Inc.*, 157 F.3d 153, 162 (2d Cir. 1998). Where, as here, "some aspects of the equitable relief sought by the plaintiffs would have required

5

substantial participation" by a nonparty, joinder is necessary. *Id.* (affirming in relevant part *Aguinda v. Texaco, Inc.*, 945 F. Supp. 625, 628 (S.D.N.Y. 1996) (JSR) (where plaintiff seeks equitable relief that can only be undertaken by nonparties, such "equitable relief demanded by plaintiffs would be unenforceable on its face" unless such nonparties are joined under Rule 19)). Joining Uber is the only way to avoid duplicative and inefficient litigation in which Plaintiff seeks to enforce any declaratory judgment or injunction against Uber in a collateral proceeding. If Uber is not joined here, Plaintiff and Uber would both be forced to separately litigate the merits of any equitable relief issued in this action, and Uber would face the risk of being bound by it due to collateral estoppel, as discussed below.

Similarly, Plaintiff's prayer for a declaratory judgment regarding the "unlawful[ness]" of Uber's algorithm cannot lie without Uber in this case. While Mr. Kalanick vigorously contests that such a declaratory judgment can or will be entered, Plaintiff's effort to obtain declaratory relief reaching only Mr. Kalanick, and not Uber, would not afford Plaintiff complete relief because a declaratory judgment cannot be enforced against nonparties. *See Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 251 (S.D.N.Y. 2002) (where plaintiff seeks a declaratory judgment that "explicitly request[s] relief implicating" a nonparty, it is a necessary party under Rule 19); *Bartfield v. Murphy*, 578 F. Supp. 2d 638, 651 (S.D.N.Y. 2008) (same); *D'Amico v. Doe*, No. 03 Civ. 216 (SRU), 2005 WL 850961, at *3 (D. Conn. Jan. 20, 2005) (for declaratory judgment as to ownership of property, all persons claiming an ownership interest in the property are necessary parties under Rule 19 because otherwise a declaratory judgment would "not bind" those persons); *Gibbs Wire & Steel Co. v. Johnson*, 255 F.R.D. 326, 329 n.1 (D. Conn. 2009) (nonparties are not necessary under Rule 19 because "the declaratory judgment that Defendants seek would not require any affirmative obligation on the part of the nonparty shareholders").

6

Plaintiff also cannot obtain complete relief absent joining Uber because he cannot effectively prosecute his claims without Uber in the case. Though Plaintiff has chosen not to name Uber as a defendant in this case, Plaintiff's recent sweeping discovery requests served on Mr. Kalanick unabashedly seek information that is specific to Uber—not Mr. Kalanick. Indeed, the overwhelming majority of his document requests seek documents that were unmistakably created by, belong to, and are in the sole custody and control of, Uber—not Mr. Kalanick.

For example, Plaintiff requests that Mr. Kalanick produce all documents relating to communications between actual or prospective driver-partners regarding prices and pricing policies, how Uber recruits driver-partners to drive with Uber, and how driver-partners log in and out of the Uber App. Declaration of Alanna C. Rutherford to Defendant Travis Kalanick's Motion to Join Uber as a Necessary Party ("Rutherford Decl."), Ex. A (Plaintiff's First Request For Production of Documents), Nos. 10-12. Plaintiff's Request for Production 32 asks Mr. Kalanick to effectively produce all information for every Uber ride over the past six and a half years. *Id.* at No. 32.[2] Other discovery requests served on Mr. Kalanick call for:

- "All documents reflecting, referring to, or related to any initial public offering of or by Uber." *Id.* at No. 40;

- "Identify and provide an email address for each person who has ever been an Uber user, stating the period during which the person was an Uber user." Rutherford Decl. Ex. B (Plaintiff's First Interrogatories), No. 3; and

- "Identify each person with knowledge of the launch or potential launch of Uber car service anywhere in the United States." *Id.* at No. 13.

---

[2] Plaintiff's initial disclosures likewise make clear that he views Uber as a necessary party—even if he has chosen not to name it as a defendant. His initial disclosures identify Mr. Kalanick, Garret Camp (Uber's other co-founder), and Uber (including its officers and employees) as having information on "all matters relating to Plaintiff's claims." Rutherford Decl. Ex. D (Plaintiff's Rule 26(a)(1) Initial Disclosures) at 1-2. This makes clear that Plaintiff understands that he cannot effectively prosecute this lawsuit without Uber.

There can thus be no credible dispute that Plaintiff seeks discovery not from Mr. Kalanick, but from Uber.

Plaintiff's inability to prosecute this case without Uber as a party is further demonstrated by the scope and breadth of the document requests included in the subpoena issued to Uber. For example, Plaintiff requests from Uber "[a]ll correspondence or other communications between Uber and prospective or actual driver-partners soliciting the driver-partners to join Uber's network." Rutherford Decl., Ex. C (Rider to Subpoena Duces Tecum to Uber Technologies, Inc.), No. 6. Plaintiff further requests Uber provide him with all "[d]ocuments sufficient to show the names, identification numbers, addresses, email addresses, contact information, and amounts paid to driver-partners through the Uber App, for all current and past Uber driver-partners, including any tables or spreadsheets that can be used to access those names and identification numbers." *Id.* at No. 8.

Plaintiff's demands for relief and discovery therefore make plain that Uber is a necessary party to this case.

### B. Uber's Interests Will Be Impaired Absent Joinder

Uber is a necessary party under Rule 19 for a second reason: its interests will plainly be affected by the outcome of this lawsuit. In the unlikely event that the Court finds the Uber App violates the antitrust laws, Uber may be bound by the terms of the injunction entered against Mr. Kalanick.[3] Specifically, Uber could be potentially bound by any injunction entered against Mr.

---

[3] Mr. Kalanick in no way concedes that an injunction against him could or would be binding against Uber, and the controlling authority is to the contrary. *Regal Knitwear Co. v. NLRB,* 324 U.S. 9, 13 (1945) ("The courts, nevertheless, may not grant an enforcement order or injunction so broad as to make punishable the conduct of persons who acted independently and whose rights have not been adjudged according to law."); *see Nat'l Spiritual Assembly of Baha'is of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of Baha'is of U.S., Inc.*,

8

Kalanick as an alleged co-conspirator without being afforded the ability to defend itself. *See LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, No. 11 Civ. 04494 (WHO), 2013 WL 4604746, at *4-5 (N.D. Cal. Aug. 28, 2013) (consistent with Rule 65(d)(2)(C), a court may hold a nonparty in contempt for aiding and abetting in the violation of an injunction that has been entered against a party"); *Reliance Ins. Co. v. Mast Const. Co*., 84 F.3d 372, 377 (10th Cir. 1996) (explaining that any nonparty with notice of an injunction who facilitates a bound party in prohibited behavior will be subject to the injunction and possibly contempt proceedings). When—as is the case here—injunctive relief could potentially have a substantial effect on a nonparty's legal rights and obligations, that nonparty is necessary to the litigation. *E.g., Texas Utilities Co. v. Santa Fe Industries, Inc.*, 553 F. Supp. 106, 112 (N.D. Tex. 1982); *Ram*, 906 F. Supp. 2d at 78.

For example, in *Texas Utilities Co. v. Santa Fe Industries, Inc.*, plaintiffs alleged violations of the Sherman Act, claiming that defendants and various named nonparties were co-conspirators and sought an injunction against all the conspirators. 553 F. Supp. 106 (N.D. Tex. 1982). As part of the analysis of the transfer motion, the court ruled that because joinder of an additional co-conspirator would be necessary to grant full injunctive relief, transfer was necessary to allow for joinder of the co-conspirator. *Id.* at 111-12. The court also acknowledged that, absent joinder, any subsequent enforcement proceeding that held the nonparty co-conspirator in contempt would require joining the co-conspirator as a defendant to that enforcement proceeding. *Id.* at 112. Here too, Uber is a necessary party because it could not be held liable for violating any injunction issued against Mr. Kalanick in this case unless it is subject to subsequent contempt proceedings to which it is a party.

---

628 F.3d 837, 853 (7th Cir. 2010) (explaining that nonparty will not generally be bound by injunction unless that party "had his day in court when the injunction was issued").

### 1. There Is A Risk That Uber Will Be Collaterally Estopped By Rulings Against Kalanick.

This action not only threatens to directly impair Uber's protectable legal rights through the issuance of injunctive relief, it also threatens Uber's ability to defend itself in future actions due to the potential collateral estoppel effects of rulings in this case. An absent party is necessary under Rule 19 if it faces the mere possibility of being bound in future litigation by decisions reached in the case where it has not been named as a party. *See, e.g., Takeda v. Northwestern Nat'l life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) (company was found to be a necessary party where a "significant possibility exists" that it would be subject to collateral estoppel in a future action). Uber faces such a possibility here. Courts have applied claim and issue preclusion to defendants on the basis of findings reached against their alleged co-conspirators. *See, e.g., 7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.,* No. 13 Civ. 981 (PGG), 2015 WL 1514539, at *26-27 (S.D.N.Y. March 31, 2015) (the relationship between co-conspirators constitutes privity for purposes of claim or issue preclusion); *Discon Inc. v. NYNEX Corp.*, 86 F. Supp. 2d 154, 166 (W.D.N.Y. 2000) ("Courts have held that alleged co-conspirators are 'in privity' with one another for res judicata purposes.").

Indeed, Uber and Mr. Kalanick already face at least one copycat litigation in which they are both named, alleging that Uber's business model violates antitrust laws. *See* Complaint, *Swink v. Uber Technologies, Inc. and Travis Kalanick*, No. 16 Civ. 1092 (KPE), Dkt. No. 2 (S.D. Tex. April 22, 2016). Absent being joined as a necessary party, Uber, as an absent party, risks being collaterally estopped from disputing antitrust liability in the *Swink* case if this Court were to rule in favor of Plaintiff on the merits in this case. Because Uber's absence in this litigation could subject it to later collateral estoppel in *Swink*, the mere possibility of that harm warrants joinder here. *See Takeda*, 765 F.2d at 821.

Likewise, Plaintiff's request to enjoin performance of a nonparty's contract necessarily threatens to impair Uber's legal interests. *Crouse-Hinds Co. v. InterNorth, Inc.*, 634 F.2d 690, 700-01 (2d Cir. 1980). In *Crouse-Hinds*, the plaintiff brought suit seeking to enjoin a proposed merger between defendant and a third party. The Second Circuit held that the third party was a necessary party under Rule 19 because the third party's rights under the merger agreement "would clearly be prejudiced if the relief sought by [claimant] is to be granted." *Id.* at 701. In so holding, the Court emphasized that "[n]o procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." *Id.*

That same risk applies here. As in *Crouse-Hinds*, Plaintiff here is seeking to enjoin and declare unlawful a contract entered into by a nonparty—indeed numerous nonparties. Specifically, Plaintiff seeks to declare unlawful and permanently enjoin enforcement of a contract between Uber and its driver-partners alone—all nonparties to this action. Compl. ¶ 133. Mr. Kalanick is not a party to Uber's contracts with driver-partners, nor is he referenced in those contracts. *See* Driver Terms at 1. Uber faces clear prejudice if it were unable to protect the enforceability of its driver-partner terms.

## II. In the Alternative, Uber Should Be Joined Permissively Under Rule 20

In the alternative, the Court can permissively join Uber to this action pursuant to Federal Rule of Civil Procedure 20. Under Rule 20, a defendant "may be joined" in an action if two requirements are met: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 20 "is designed to encourage joinder, to permit the broadest possible scope of the action consistent with fairness to the parties." *Lai v. Eastpoint Int'l, Inc.*, No. 99

Civ. 2095 (DLC), 1999 WL 688466, at *2 (S.D.N.Y. Sept. 1, 1999) (quotation marks omitted); *Midlantic Commercial Co. v. Prime Sportswear Corp.*, No. 95 Civ. 10192 (SWK), 1996 WL 361539, at *5 (S.D.N.Y. June 27, 1996) (same). Joinder is therefore appropriate under Rule 20 whenever an action involves "logically related claims by or against different parties" and at least "one question of law or fact common to" a party and a nonparty. *Lai*, 1999 WL 688466, at *2.

The standard for permissive joinder is easily satisfied here. The case presents fundamentally common questions of law and fact with respect to Uber's business. Moreover, more than just satisfying the legal requirements of Rule 20, joinder of Uber satisfies the practical purpose of Rule 20 as well; namely, permissive joinder is proper here because it "would . . . substantially promote Rule 20's goal of judicial economy and efficiency." *Corchado*, 2000 WL 134689, at *2. As this Court has held, "Rule 20 attempts to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id.* Such a result would be achieved here, avoiding a multiplicity of actions and significant prejudice to Uber.

## CONCLUSION

For the reasons described in this Memorandum, Defendant Travis Kalanick respectfully requests that Uber Technologies, Inc. be joined as a party to this action.

Dated: May 20, 2016

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

/s/ Karen L. Dunn
Karen L. Dunn
William A. Isaacson
Ryan Y. Park
5301 Wisconsin Ave, NW
Washington, DC 20015

Tel: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com
rpark@bsfllp.com

Alanna C. Rutherford
Peter M. Skinner
Joanna C. Wright
575 Lexington Ave, 7th Floor
New York, NY 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
arutherford@bsfllp.com
pskinner@bsfllp.com
jwright@bsfllp.com

*Counsel for Defendant Travis Kalanick*

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2016, I filed and therefore caused the foregoing document to be served via the CM/ECF system in the United States District Court for the Southern District of New York on all parties registered for CM/ECF in the above-captioned matter.

/s/ Ryan Y. Park
Ryan Y. Park
