# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPENCER MEYER, individually and on behalf of those similarly situated,<br><br>      Plaintiffs,<br><br>    vs.<br><br>TRAVIS KALANICK,<br><br>      Defendant | 1:15 Civ. 9796 (JSR)<br><br>ECF Case<br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

  In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Spencer Meyer ("Plaintiff"), by his attorneys, Andrew Schmidt Law PLLC and Harter Secrest & Emery LLP, hereby requests that the defendant produce the documents specified below to Harter Secrest & Emery LLP, 1600 Bausch & Lomb Place, Rochester, NY 14604. Documents must be produced within 30 days of the date of service of this First Request for Production of Documents.

### DEFINITIONS

  1. "Plaintiff" refers to Spencer Meyer, the plaintiff in this action.

  2. "Defendant" refers to Travis Kalanick, the Defendant in this action.

  3. "Uber" means and includes Uber Technologies, Inc. and each person or entity acting on its behalf, including but not limited to its parent and subsidiary companies, predecessors-in-interest, successors-in-interest, affiliated entities, officers, directors, partners, associates, shareholders, agents, employees, servants, representatives, accountants, investigators, attorneys, and Defendant.

  4. The "Uber App" means the application for smartphone devices through which users of the Uber App can request drivers to pick them up and take them to their desired destination, and

which utilizes dispatch software to send the nearest independent drivers to the requesting parties' locations.

5. The term "users" or "Uber users" means individuals who seek and receive rides through the Uber App.

6. The term "driver-partner" means a driver who has provided transportation service through the Uber App.

7. "Surge pricing" means the mechanism or the component of the Uber algorithm by which the standard fares calculated by Uber may be multiplied by factors of up to ten times during periods of high user demand or low driver-partner supply.

8. Consistent with the definition in Local Civil Rule 26.3, "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

9. The terms "documents sufficient to identify" and "documents sufficient to show" mean documents that are necessary and sufficient to provide the information requested. Where "documents sufficient to identify" and "documents sufficient to show" are requested, Defendant may submit either responsive documents or an affidavit executed by the Defendant or his representative that contains the requested information and identifies the specific source of the information, and which indicates that the statement is based in information contained in documents or records maintained in the ordinary course of business.

10. Consistent with the definition in Local Civil Rule 26.3, "to identify", when referring to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative,

the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

11. Consistent with the definition in Local Civil Rule 26.3, "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

12. Consistent with the definition in Local Civil Rule 26.3, "to identify", when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

13. Consistent with the definition in Local Civil Rule 26.3, "person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

## INSTRUCTIONS

A. Unless otherwise specified, this document request covers the period from January 1, 2007 through the date on which documents are produced by Defendant.

B. This document request calls for the production of all responsive documents in your possession, custody, or control, without regard to physical location.

C. If Defendant does not possess, control, or have custody of documents responsive to any numbered request below, Defendant should so state in his response to that request.

D. All documents should be produced in the form in which they are kept in the ordinary course of business.  The source and location of each responsive document should be designated, including the entity or person from which or whom it was obtained.

E.	This request shall be deemed continuing pursuant to Rule 26(e) of the FRCP.

**DOCUMENTS TO BE PRODUCED**

1.	All documents that identify the scope of Defendant's duties as an officer of Uber and as a member of the Uber Board of Directors.

2.	Documents sufficient to show the voting rights that Defendant has in Uber.

3.	Documents sufficient to show the shares of stock owned by Defendant in Uber.

4.	Documents sufficient to show the percentage of equity held by Defendant in Uber.

5.	Documents sufficient to show any directorial positions held by Defendant in Uber.

6.	Documents sufficient to show any membership held by Defendant in any Uber committees of the Board of Directors or otherwise.

7.	Documents sufficient to show each version of any written agreements between Uber and its driver-partners.

8.	Documents sufficient to show each version of any written agreements between Uber and its users.

9.	Documents sufficient to show all versions of Uber organizational charts and personnel directories.

10.	All correspondence or other communications between Uber and prospective or actual driver-partners regarding Uber prices and pricing policies.

11.	All correspondence or other communications between Uber and prospective or actual driver-partners soliciting the driver-partners to join Uber's network.

12. All correspondence or other communications between Uber and its driver-partners suggesting or encouraging drivers to log in or log out of the Uber App.

13. Documents sufficient to show the names, addresses and contact information of all current and past Uber driver-partners.

14. All documents concerning meetings of and/or events for Uber driver-partners that have been organized by, sponsored by, facilitated by, or known by Defendant and/or Uber, including, but not limited to (a) documents sufficient to show the dates, places, and purposes of all such meetings and events; (b) documents provided to Uber driver-partners at such meetings and events; and (c) documents presented to Uber driver-partners at such meetings and events.

15. All documents reflecting, referring to, or related to the conception, design, development, and implementation of the Uber App with respect to setting prices for fares to be charged by Uber driver-partners.

16. All documents reflecting, referring to, or related to any business plan, corporate strategy, or other communication of any proposed business of Uber or of any other contemplated or proposed rideshare application or business.

17. Documents sufficient to show the names, addresses and contact information of all persons who participated in the conception, design, development, and implementation of the Uber App, including the component that relates to setting prices for fares charged by Uber driver-partners.

18. All documents reflecting, referring to, or related to whether and how the Uber App affords users a mechanism or ability to negotiate fares with drivers for rides matched through the Uber App.

19. Documents sufficient to show the percentage of times that Uber driver-partners charge a price lower than the fare calculated by the Uber pricing algorithm.

20. Documents reflecting, referring to, or related to the percentages applied by Uber to fares charged by driver-partners and taken by Uber as consideration for the use of the Uber App by driver-partners.

21. Documents sufficient to show the manner in which the Uber App calculates fare quotes communicated to users.

22. Documents sufficient to show the manner in which the Uber App calculates the fares charged to users.

23. Documents sufficient to show the manner in which the Uber App identifies driver-partners and dispatches them to the location of a user.

24. Documents sufficient to show the functioning of the Uber App's pricing algorithm.

25. Documents sufficient to show how and when surge pricing is triggered by the Uber App.

26. Documents reflecting, referring to, or related to discussions or analysis addressing in any way the possibility of designing the Uber App so as to allow Uber driver-partners to bid competitively for individual fares, or to allow Uber users to select between potential Uber drivers.

27. All documents concerning Uber allowing individual Uber drivers the ability to negotiate pricing with customers.

28. All documents concerning Uber allowing individual users the ability to negotiate pricing with drivers.

29. All documents reflecting whether Uber's driver-partners act as employees of Uber, including but not limited to all statements by Defendant or Uber denying that driver-partners are employees.

30. All documents reflecting communications used to recruit or attract driver-partners, including but not limited to all such communications in states, cities, or regions of the United States in which Uber had not previously operated.

31. Documents sufficient to show, on a quarterly basis, from 2009 to date, total revenues and income derived by Defendant as an owner, officer, and employee of Uber.

32. Documents sufficient to show the number of rides provided through the Uber App since January 1, 2010, and for each such ride

   a. the geographic location;
   b. the time and date;
   c. the distance traveled;
   d. the fare charged to the user;
   e. the fare collected from the user;
   f. the portion of the fare collected from the user and paid to the driver-partner;
   g. whether or not Uber's surge pricing applied to the fare;
   h. the amount of the surge applied to the fare (e.g., 1.5x, 2x, 5x, etc.);
   i. and the Uber car service used (e.g., UberX, UberBLACK, UberSUV, UberLUX or UberPOOL).

33. From January 1, 2010 forward, the data and regularly prepared reports reflecting the geographic distribution of Uber U.S. ridership (including data and reports reflecting Uber's U.S. revenues and number of riders by city and state).

34. All documents reflecting, referring to, or related to any research or analysis regarding the rideshare company Sidecar, its business model, its app design, or its competitive position vis-à-vis Uber or other companies.

35. All documents reflecting, referring to, or related to any research or analysis regarding the rideshare company Lyft, its business model, its app design, or its competitive position vis-à-vis Uber or other companies.

36. All documents reflecting, referring to, or related to any research or analysis regarding the taxicab or limousine service industries, including any apps used with taxicabs or limousines, or their competitive positions vis-à-vis Uber or other companies.

37. All documents reflecting, referring to, or related to the launch or potential launch of the Uber car service anywhere in the United States.

38. Documents sufficient to show the reasons for and results of any studies or analyses of Uber users by Uber.

39. All documents reflecting, referring to, or related to market analysis conducted by, at the direction of, or for the benefit of Defendant or Uber, regarding Uber's market share, potential entry, or potential competition anywhere in the United States.

40. All documents reflecting, referring to, or related to any initial public offering of or by Uber, including all documents reflecting, referring to, or related to any due diligence or other analysis performed in connection with any potential public offering and any presentations or materials provided to potential investors.

41. All documents relating to any possible or completed sale of equity in Uber, including all documents reflecting, referring to, or related to any due diligence or other analysis

performed in connection with any such sale of equity and any presentations or materials provided to potential investors.

42. All documents reflecting, referring to, or related to any possible or completed offering of debt securities by Uber, including all documents reflecting, referring to, or related to any due diligence or other analysis performed in connection with any such sale of equity and any presentations or materials provided to potential investors.

43. All documents reflecting, referring to, or related to any class action lawsuits filed against Defendant or Uber by driver-partners, including all documents relating to settlements proposed or considered regarding such actions.

44. Documents sufficient to identify and describe all facilities and electronic systems used by Defendant or Uber to create, maintain or store documents responsive to these requests, including documents sufficient to identify and describe the physical locations of and individuals with access to such systems.

45. Uber's monthly, quarterly and annual financial statements, including balance sheet and income statements.

46. All documents reflecting, referring to, or related to Uber's pricing strategy and policies.

47. All documents relating to Uber business and strategic planning, market research, surveys, studies, competitive analysis, including documents prepared for Defendant or Uber by third parties.

48. All documents reflecting, referring to, or related to document preservation, retention, backup, and litigation hold policies and all documents relating to any departures from those policies.

49. All documents that Defendant has relied upon or intends to rely upon in connection with any of his defenses in this action.

50. All documents that reflect any right of Defendant to insurance coverage or indemnification for any relief that may be awarded or recovered in this action.

51. All documents that Defendant intends to use as exhibits at trial, at any deposition, during any hearing, or in connection with any motion in this action.

52. All documents referenced, reviewed, consulted, or otherwise relied upon in responding to Plaintiff's interrogatories in this action.


April 29, 2016                                          HARTER SECREST & EMERY LLP

                                               By:     /s/ Jeffrey A. Wadsworth
                                                      Brian Marc Feldman
                                                      Jeffrey A. Wadsworth
                                                      Edwin M. Larkin
                                                      A. Paul Britton
                                                      Rochester, New York 14604
                                                      Telephone No. (585) 232-6500
                                                      Facsimile No. (585) 232-2152
                                                      bfeldman@hselaw.com
                                                      jwadsworth@hselaw.com
                                                      elarkin@hselaw.com
                                                      pbritton@hselaw.com


                                                      ANDREW SCHMIDT LAW PLLC
                                                      Andrew Arthur Schmidt
                                                      97 India Street
                                                      Portland, Maine 04101
                                                      Telephone No. (207) 619-0320
                                                      Facsimile No. (207) 221-1029
                                                      andy@maineworkerjustice.com

                                                      *Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

      I, Jeffrey A. Wadsworth, an attorney at Harter Secrest & Emery LLP, hereby certify that on April 29, 2016, I caused a copy of the foregoing Requests for Production to be served by email upon the following:

>Peter M. Skinner, Alanna Cyreeta Rutherford
>Boies, Schiller & Flexner LLP
>575 Lexington Avenue
>New York, New York  10022

April 29, 2016
Rochester, New York

                                                 By:    /s/ Jeffrey A. Wadsworth
                                                        Jeffrey A. Wadsworth