# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPENCER MEYER, individually and on behalf of those similarly situated,<br>　　　　　　Plaintiffs,<br>　　vs.<br>TRAVIS KALANICK,<br>　　　　　　Defendant | 1:15 Civ. 9796 (JSR)<br><br>ECF Case<br><br>**PLAINTIFF'S RULE 26(A)(1) INITIAL DISCLOSURES** |

　　　　Pursuant to Federal Rule of Civil Procedure 26(a)(1), plaintiff Spencer Meyer ("Plaintiff"), by his attorneys, Andrew Schmidt Law PLLC and Harter Secrest & Emery LLP, makes the following disclosures.

　　　　These disclosures do not include any individuals or materials that may be used solely for impeachment. By making these disclosures, Plaintiff does not waive, and hereby expressly reserves, his right to assert any applicable privilege or objection, including, but not limited to, the attorney-client privilege and work product. In addition, Plaintiff's investigation is continuing, and these disclosures are based on information now reasonably available. Plaintiff expressly reserves his right to supplement, clarify, revise, or correct any or all of these disclosures herein at any time.

　　　　1.　　The following individuals are likely to have discoverable information that Plaintiff may use to support his claims:

| Individual(s) | Contact Information | Subjects |
|---|---|---|
| Spencer Meyer | Plaintiff's Counsel | Purchase of rides through the Uber App |
| Travis Kalanick | Defendant's Counsel | All matters relating to Plaintiff's claims |
| Garrett Camp (co-founder of Uber) | Uber Technologies, Inc.<br>182 Howard Street # 8<br>San Francisco, CA 94105 | All matters relating to Plaintiff's claims |

| | | |
|---|---|---|
| Uber Technologies, Inc., including officers and employees (identities unknown) | Uber Technologies, Inc. 182 Howard Street # 8 San Francisco, CA 94105 | All matters relating to Plaintiff's claims |
| Uber driver-partners (identities unknown) | | All matters relating to the operation of the Uber App, the written and unwritten agreements and understandings between Uber and independent contractors/drivers, and the operation and functionality of the Uber App as it relates to pricing. |

2. The following documents, electronically stored information, and tangible things are in the possession, custody, or control of Plaintiff, and may be used to support his claims. These records are with Plaintiff's counsel, unless otherwise noted:

- Receipts for payment for transportation provided through Uber to plaintiff Spencer Meyer.

- Pleadings, affidavits, and other documents filed in other actions and proceedings to which Travis Kalanick or Uber Technologies, Inc. are parties, related to the legality of various aspects of the operation of Uber Technologies, Inc. and its personal transportation app.

- Independent studies of pricing using personal transportation apps, including the following:

    - Northeastern University study by Le Chen, Alan Mislove, and Christo Wilson, published in October 2015 (the "Northeastern University Study"). *See* L. Chen, A. Mislove, & C. Wilson, Peeking Beneath the Hood of Uber, October 2015, *available at* http://www.ccs.neu.edu/home/cbw/pdf/chen-imc15.pdf (last visited Mar. 10, 2016).

    - University of Maryland study, Nicholas Diakopoulos, "How Uber surge pricing really works," Washington Post, *available at* https://www.washingtonpost.com/news/wonk/wp/2015/04/17/how-uber-surge-pricing-reallyworks/ (last visited Mar. 10, 2016).

- Copies of the "Terms and Conditions" purportedly governing legal relationships between Uber drivers and Uber, and purportedly governing legal relationships between Uber customers and Uber, as obtained from the Uber app and from the website https://www.uber.com/ .

2

- Copies of Tweets by defendant Kalanick on February 21 and 22, 2014.
- Articles and news reports discussing defendant Kalanick and the Uber business, including the following:
  - "Man and Uber Man," Vanity Fair, November 30, 2014;
  - Marcus Wohlsen, "*Uber boss says surging prices rescue people from the snow*," December 17, 2013, posted on Wired.com;
  - Transcript of appearance of defendant Kalanick on Late Show with Stephen Colbert, September 10, 2015; and
  - Daniel Miller, "Lyft vs. Uber: Just How Dominant Is Uber in the Ridesharing Business?," May 24, 2015, available at www.fool.com/investing/general/2015/05/24/lyft-vs-uber-just-how-dominant-is-uber-ridesharing.aspx (last visited January 25, 2016).
- Pages on the Uber Technologies, Inc. website, including posts on its "newsroom" pages, concerning the history, operation, and economic impact of Uber Technologies, Inc. and its personal transportation app. Located at https://www.uber.com/.

3. At this time, Plaintiff has not made and does not have sufficient data to make a calculation of the damages sustained by Plaintiff and those similarly situated, as a result of the illegal actions alleged in the First Amended Complaint. Plaintiff's initial disclosures are made prior to discovery. Plaintiff reserves the right to amend its disclosures to set forth a computation of damages.

4. Plaintiff has no information concerning any insurance arrangements that may entitle Defendant to indemnity against all or part of a judgment in this action.

Dated: April 22, 2016

HARTER SECREST & EMERY LLP

By: _____
Brian Marc Feldman
Jeffrey A. Wadsworth
Edwin M. Larkin
A. Paul Britton
Rochester, New York 14604
Telephone No. (585) 232-6500
Facsimile No. (585) 232-2152
bfeldman@hselaw.com
jwadsworth@hselaw.com
elarkin@hselaw.com

ANDREW SCHMIDT LAW PLLC
Andrew Arthur Schmidt
97 India Street
Portland, Maine 04101
Telephone No. (207) 619-0320
Facsimile No. (207) 221-1029
andy@maineworkerjustice.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I, Brian M. Feldman, an attorney at Harter Secrest & Emery LLP, hereby certify that on April 22, 2016, I caused a copy of the foregoing Initial Disclosures to be served by first class mail upon the following:

>William A. Isaacson, Karen L. Dunn, and Ryan Young Park
>Boies, Schiller & Flexner LLP
>5301 Wisconsin Avenue, NW, Suite 800
>Washington, DC 20015
>
>Peter M. Skinner, Alanna Cyreeta Rutherford
>Boies, Schiller & Flexner LLP
>575 Lexington Avenue
>New York, New York 10022

Dated: April 22, 2016
       Rochester, New York

By: _____
Brian Marc Feldman