```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SPENCER MEYER, individually and on   :
behalf of those similarly situated,  :
                                     :            15 Civ. 9796
        Plaintiffs,                  :
                                     :               ORDER
        -v-                          :
                                     :
TRAVIS KALANICK,                     :
                                     :
        Defendant.                   :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

        Pursuant to the Court's directions at an in-court hearing

held earlier today (May 27, 2016), the Court hereby narrows the

scope of document subpoenas served by plaintiff on Uber

Technologies, Inc. and Global Precision Research, LLC D/B/A

Ergo, as indicated on the marked-up copies of those subpoenas,

which will be docketed along with this Order. In addition, the

Court narrows the time frame of these document requests to

December 2015 through May 18, 2016.

SO ORDERED.


Dated:   New York, NY
         May 27, 2016                    _____
                                         JED S. RAKOFF, U.S.D.J.



1

Original

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

SPENCER MEYER
*Plaintiff*

v.

TRAVIS KALANICK
*Defendant*

Civil Action No. 15-cv-9796 (JSR)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
UBER TECHNOLOGIES, INC.
633 W. 27th St., 3d Fl., New York, New York 10001

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER

| Place: Via email to jwadsworth@hselaw.com, as per agreement | Date and Time: 05/27/2016 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/24/2016

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __PLAINTIFF__ SPENCER MEYER _____, who issues or requests this subpoena, are:

Jeff Wadsworth, Harter Secrest & Emery LLP, Rochester, New York 14604, jwadsworth@hselaw.com, 585-231-1200

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 15-cv-9796 (JSR)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                      .

❏ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                                    ; or

❏ I returned the subpoena unexecuted because:                                                    .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                      .

My fees are $                      for travel and $                      for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SPENCER MEYER, individually and on behalf of
those similarly situated,

                Plaintiffs,

         vs.

TRAVIS KALANICK,

               Defendant

1:15 Civ. 9796 (JSR)

---

## RIDER TO SUBPOENA DUCES TECUM
## TO UBER TECHNOLOGIES, INC., DATED MAY 24, 2016

       Pursuant to Federal Rule of Civil Procedure 45, Plaintiff causes the attached subpoena to

be served on Uber Technologies, Inc. ("Uber") commanding the production of all of the

documents and other tangible things specified in the subpoena that are in Uber's possession,

custody, or control.  All documents and tangible things responsive to the attached subpoena

should be produced **by Friday, May 27, 2016**.  Uber's responses shall be served via electronic

mail to the undersigned as agreed to by the parties.

### INSTRUCTIONS

1.     The request shall be construed to include any additional documents responsive to

these requests that are discovered or produced after the date of production, and therefore require

further and supplemental responses.

2.     The request extends to any and all documents in your possession, custody, or

control regardless of the physical location of the documents, or whether such documents are

possessed by You, Your Employees, attorneys, agents, representatives, or investigators.

1

3.      All documents should be produced as they are kept in the usual course of business

or shall be organized and labeled to correspond to the categories in the request. All documents

should be produced in the order in which they appear in the files of the custodian, and should

contain a clear indication of where each document ends and the next begins. Documents

maintained in a file folder or binder should be preceded by the file folder or binder label, if one

exists, and should contain a clear indication of where the file folder or binder begins and ends.

All attachments to a document should be produced with the document.  A unique control number

should be affixed to each page (or, to each document, where a native file is produced). Computer

files and other documents maintained in electronic form should be produced in machine readable

electronic form.  The source and location of each responsive document should be designated,

including the entity or person from which or whom it was obtained.

4.      Your search for Documents should include a search for all types of mobile

messages and electronic mail on the mobile devices (smartphones or tablets or similar devices)

that were and are used by Salle Yoo, Joe Sullivan and Craig Clark in connection with the subject

matter set forth in this subpoena.

5.      If you object to any of the categories of documents set forth below, you must fully

set forth your objections in writing. If objection is made to part of any document or category, the

part should be specified. If you object to any request or part of any request, you must produce all

documents to which your objection does not apply.

6.      If you assert that documents responsive to this subpoena are not discoverable

based upon some privilege, provide a written log that identifies: (i) the nature of the privilege

(including work product) which is being claimed and, if the privilege is governed by state law,

indicate the state's privilege rule being invoked; (ii) the type of document, e.g., letter or

2

memorandum that is being withheld; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

7.     If any document that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason or reasons for disposing of the document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

8.     If any documents cannot be produced in full, you are requested to produce them to the fullest extent possible, specifying the reasons for your inability to produce the remainder and stating any information, knowledge, or belief you have concerning the unproduced portion.

9.     In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

## DEFINITIONS

1.     "Plaintiff" refers to Spencer Meyer, the Plaintiff in this action.

3

2.     "Defendant" refers to Travis Kalanick, the Defendant in this action, and anyone act-ing on Defendant's behalf, including but not limited to Boies Schiller & Flexner LLP.

3.     "Uber," "You," and "Your," means and includes Uber Technologies, Inc. and each person or entity acting on its behalf, including but not limited to its parent and subsidiary compa-nies, predecessors-in-interest, successors-in-interest, affiliated entities, officers, directors, partners, associates, shareholders, agents, employees, servants, representatives, accountants, investigators, attorneys (including but not limited to Gibson Dunn), and Defendant.

4.     "Ergo" means and includes Global Precision Research, LLC, doing business as Er-go, and each person or entity acting on its behalf, including but not limited to its parent and subsidi-ary companies, predecessors-in-interest, successors-in-interest, affiliated entities, officers, directors, partners, associates, shareholders, agents, employees, servants, representatives, accountants, investi-gators and attorneys. Ergo shall include Miguel E.H. Santos-Neves.

5.     "Lawsuit" refers to *Spencer Meyer v. Travis Kalanick*, Civil Action No. 1:15 CIV. 9796 (JSR).

6.     "Document" is defined to be synonymous in meaning and equal in scope to the us-age of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and shall include all types of instant messaging, or mobile messaging (including, e.g., imessages, text messages and their equivalents). A draft or non-identical copy is a separate document within the meaning of this term.

7.     "Documents sufficient to identify" and "documents sufficient to show" mean docu-ments that are necessary and sufficient to provide the information requested. Where "documents sufficient to identify" and "documents sufficient to show" are requested, Uber may submit either responsive documents or an affidavit executed by Uber that contains the requested information,

4

identifies the specific source of the information, and which indicates that the statement is based on information contained in documents or records maintained in the ordinary course of business.

8.     "All" and "Any" shall be construed as encompassing any and all.

9.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that might otherwise be outside its scope.

10.     "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.     "Concerning" means relating to, referring to, describing, evidencing or constituting.

### DOCUMENTS REQUESTED

1.     All agreements between Uber and Ergo or any other consultant or company concerning or relating to any kind of investigation or background research concerning or relating to Plaintiff, Plaintiff's counsel, or this Lawsuit.

2.     All agreements between Defendant and Ergo or any other consultant or company concerning or relating to any kind of investigation or background research concerning or relating to Plaintiff, Plaintiff's counsel, or this Lawsuit.

3.     All agreements between Uber and Ergo or any other consultant or company concerning or relating to any kind of investigation or background research concerning or relating to any other party in any other litigation against Uber or Defendant.

4.     All agreements between Defendant and Ergo or any other consultant or company concerning or relating to any kind of investigation or background research concerning or relating to any other party in any other litigation against Uber or Defendant.

~~5.      All invoices and payment records relating to the retention of Ergo or any other consultant or company by Uber or Defendant relating to any kind of investigation or background research concerning or relating to Plaintiff or Plaintiff's counsel.~~

6.      All communications between Uber and Defendant concerning or relating to Ergo or any kind of investigation or background research concerning or relating to Plaintiff, Plaintiff's counsel~~, or any other party in any other litigation against Uber or Defendant~~.

7.      All documents concerning or relating to any kind of investigation or background research concerning or relating to Plaintiff or Plaintiff's counsel, including but not limited to:

    a.  All internal communications at Uber concerning or relating to any kind of investigation ~~or background research~~ concerning or relating to Plaintiff or Plaintiff's counsel.

    ~~b.  All communications between Uber and its parent and subsidiary companies, predecessors-in-interest, successors in-interest, affiliated entities, officers, directors, partners, associates, shareholders, agents, employees, servants, representatives, accountants, investigators, attorney, including but not limited to Gibson Dunn, concerning or relating to any kind of investigation or background research concerning or relating to Plaintiff or Plaintiff's counsel.~~

    c.  All communications between Uber and Defendant or Defendant's counsel concerning or relating to any kind of investigation or background research concerning or relating to Plaintiff or Plaintiff's counsel.

    d.  All communications between Defendant and anyone acting on Defendant's behalf, including but not limited to Boies Schiller & Flexner LLP, concerning or

relating to any kind of investigation or background research concerning or relating to Plaintiff or Plaintiff's counsel.

e.   All communications between Uber and Ergo concerning or relating to any kind of investigation or background research concerning or relating to Plaintiff or Plaintiff's counsel.

f.   All communications between Defendant and Ergo concerning or relating to any kind of investigation or background research concerning or relating to Plaintiff or Plaintiff's counsel.

g.   Any reports, summaries, or notes created in connection with any kind of investigation or background research concerning or relating to Plaintiff or Plaintiff's counsel.

h.   Any audio recordings, video recordings, or photographs obtained or created in connection with any kind of investigation or background research concerning or relating to Plaintiff or Plaintiff's counsel.

i.   All communications between Uber (including Defendant) and any other person or entity concerning or relating to any kind of investigation or background research concerning or relating to Plaintiff or Plaintiff's counsel.

8.   All communications with Miguel E.H. Santos-Neves between December 15, 2016 and the present.

9.   All documents reflecting or revealing the investigate tools or approaches (*e.g.,* spyware, vehicle surveillance, phone calls or emails to friends or family) employed by Ergo to obtain information relating to (a) Plaintiff, Plaintiff's counsel, or this Lawsuit; (b) any party in any other judicial proceeding; or (c) any other individual or entity investigated or researched by Ergo.

10. All documents reflecting proposed statements or representations by Uber, Defendant, or Defendant's counsel to Plaintiff or his counsel relating to Ergo, including but not limited to the January 20, 2016 email communication between Defendant's counsel and Plaintiff's counsel.

11. All documents reflecting proposed statements or representations by Uber, Defendant, or Defendant's counsel to Judge Rakoff or his clerk relating to Ergo, including but not limited to any proposed statements or representations that:

  a. Defendant did not know any of the individuals at Uber who initiated the Ergo investigation;

  b. Defendant had no involvement with the Ergo investigation, other than to demand that Ergo cease its investigation;

  c. Defendant never obtained any information from Ergo relating to Ergo's investigation, other than the list of individuals contacted by Ergo, which Defendant first received on or about May 18, 2016; and

  d. The list attached to the May 18, 2016, letter from Defendant's counsel to Plaintiff's counsel contains a complete list all communications between Ergo and individuals or entities contacted as part of Ergo's investigation, not simply a list of initial contacts.

12. All documents reflecting the existence of, or establishment of, any attorney-client relationship between Defendant and Uber or any lawyer at Uber with respect to this Lawsuit or work conducted by Ergo relating to Plaintiff or Plaintiff's counsel.

13. All documents reflecting the existence of, or establishment of, any attorney-client privilege and/or joint defense privilege between Defendant and Uber or any lawyer at Uber with respect to this Lawsuit or work conducted by Ergo relating to Plaintiff or Plaintiff's counsel.

8

14.    All documents supporting, refuting, or otherwise relating to Defendant's claims, in his letter to Brian Feldman, dated March 29, 2016, that Ergo was retained to investigate Plaintiff "to determine whether this [L]awsuit posed a safety risk for Mr. Kalanick" and that an investigation of Plaintiff "was a prudent and unfortunately necessary step to protect a man who faces real threats to his safety."

15.    Documents sufficient to show Uber's organization and the relative authority and reporting lines between Defendant and lawyers at Uber, including but not limited to Salle Yoo, Esq., Joe Sullivan, Esq., and Craig Clark, Esq.

16.    Documents sufficient to show the states, commonwealths, or districts in which Salle Yoo, Esq., Joe Sullivan, Esq., and Craig Clark, Esq. are licensed, admitted, or otherwise currently permitted to practice law.

17.    Documents sufficient to show all policies and practices at Uber as of December 16, 2015 concerning the circumstances under which Uber itself conducts or retains investigators or other consultants to conduct any kind of investigation or background research of private individuals, including documents sufficient to show all prior instances where Uber has undertaken such efforts.

18.    Any policy manuals, guidelines or internal job descriptions for the positions of: (i) General Counsel, (ii) Chief Security Officer and (iii) Legal Director, Security and Enforcement positions.

19.    All minutes, attendance lists, and materials distributed at meetings of Uber's Board of Directors that took place from December 16, 2015 to present in which anything concerning or relating to Ergo, the Lawsuit, or Plaintiff or Plaintiff's Counsel were discussed.

9

**Certificate of Service**

I hereby certify that the foregoing document was served via email upon the following on

May 24, 2016:

> Cynthia Richman, Daniel Swanson, Reed Brodsky
> Gibson Dunn & Crutcher LLP
> *Counsel for Uber Technologies, Inc.*

> Peter Skinner, Alanna Rutherford
> Boies, Schiller & Flexner LLP
> *Counsel for Defendant Travis Kalanick*

Dated: Rochester, New York
     May 23, 2016

JEFF WADSWORTH
*Counsel for Plaintiff*

10

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
#### Southern District of New York

| | |
|---|---|
| SPENCER MEYER | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  15-cv-9796 (JSR) |
| TRAVIS KALANICK | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Global Precision Research, LLC, D/B/A Ergo
122 East 55th Street, New York, New York 10022

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED RIDER

| Place: 47th Floor, One Bryant Park, New York, NY 10036 | Date and Time: |
|---|---|
| | 05/27/2016 12:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/24/2016

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    PLAINTIFF
SPENCER MEYER                              , who issues or requests this subpoena, are:

Jeff Wadsworth, Harter Secrest & Emery LLP, Rochester, New York 14604, jwadsworth@hselaw.com, 585-231-1200

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  15-cv-9796 (JSR)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                                    .

    ❒ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                                    ; or

    ❒ I returned the subpoena unexecuted because:                                    .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                    .

My fees are $                    for travel and $                    for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: 

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SPENCER MEYER, individually and on behalf of
those similarly situated,

                    Plaintiffs,

          vs.

TRAVIS KALANICK,
                    Defendant

---

1:15 Civ. 9796 (JSR)

## RIDER TO SUBPOENA DUCES TECUM TO GLOBAL PRECISION RESEARCH LLC, D/B/A ERGO, DATED MAY 24, 2016

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff causes the attached subpoena to be served on Global Precision Research, LLC, D/B/A Ergo ("Ergo") commanding the production of all of the documents and other tangible things specified in the subpoena that are in Ergo's possession, custody, or control. All documents and tangible things responsive to the attached subpoena should be produced for inspection and/or copying by **Friday, May 27, 2016** to the law offices of McKool Smith, 47th Floor, One Bryant Park, New York, NY 10036, or as otherwise agreed to by the parties.

### INSTRUCTIONS

1.      The request shall be construed to include any additional documents responsive to these requests that are discovered or produced after the date of production, and therefore require further and supplemental responses.

1

2.      The request extends to any and all documents in your possession, custody, or control regardless of the physical location of the documents, or whether such documents are possessed by You, Your Employees, attorneys, agents, representatives, or investigators.

3.      All documents should be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the categories in the request. All documents should be produced in the order in which they appear in the files of the custodian, and should contain a clear indication of where each document ends and the next begins. Documents maintained in a file folder or binder should be preceded by the file folder or binder label, if one exists, and should contain a clear indication of where the file folder or binder begins and ends. All attachments to a document should be produced with the document.  A unique control number should be affixed to each page (or, to each document, where a native file is produced). Computer files and other documents maintained in electronic form should be produced in machine readable electronic form.  The source and location of each responsive document should be designated, including the entity or person from which or whom it was obtained.

4.      Your search for Documents should include a search for all types of mobile messaging, on the mobile devices (smartphones or tablets or similar devices) that were and are used by Miguel Santos-Neves or any person working for or with Mr. Santos-Neves in connection with the subject matter set forth in this subpoena.

5.      If you object to any of the categories of documents set forth below, you must fully set forth your objections in writing. If objection is made to part of any document or category, the part should be specified. If you object to any request or part of any request, you must produce all documents to which your objection does not apply.

2

6.      If you assert that documents responsive to this subpoena are not discoverable based upon some privilege, provide a written log that identifies: (i) the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; (ii) the type of document, e.g., letter or memorandum that is being withheld; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

7.      If any document that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason or reasons for disposing of the document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the person(s) who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

8.      If any documents cannot be produced in full, you are requested to produce them to the fullest extent possible, specifying the reasons for your inability to produce the remainder and stating any information, knowledge, or belief you have concerning the unproduced portion.

3

9.      In the event that multiple copies of a document exist, produce every copy on which appear any notations or markings of any sort that do not appear on any other copy.

## DEFINITIONS

1.      "Plaintiff" refers to Spencer Meyer, the Plaintiff in this action.

2.      "Defendant" refers to Travis Kalanick, the Defendant in this action, and anyone acting on Defendant's behalf, including but not limited to Boies Schiller & Flexner LLP.

3.      "Ergo," "You," and "Your," means and includes Global Precision Research, LLC, doing business as Ergo, and each person or entity acting on its behalf, including but not limited to its parent and subsidiary companies, predecessors-in-interest, successors-in-interest, affiliated entities, officers, directors, partners, associates, shareholders, agents, employees, servants, representatives, accountants, investigators and attorneys.

4.      "Uber," means and includes Uber Technologies, Inc. and each person or entity acting on its behalf, including but not limited to its parent and subsidiary companies, predecessors-in-interest, successors-in-interest, affiliated entities, officers, directors, partners, associates, shareholders, agents, employees, servants, representatives, accountants, investigators, attorneys (including but not limited to Gibson Dunn), and Defendant.

5.      "Lawsuit" refers to Spencer Meyer v. Travis Kalanick, CIVIL ACTION NO. 1:15 CIV. 9796 (JSR).

6.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and shall include all types of instant messaging, or mobile messaging (including, e.g., imessages, text messages and their equivalents). A draft or non-identical copy is a separate document within the meaning of this term.

4

7.    "Documents sufficient to identify" and "documents sufficient to show" mean documents that are necessary and sufficient to provide the information requested. Where "documents sufficient to identify" and "documents sufficient to show" are requested, Uber may submit either responsive documents or an affidavit executed by Uber that contains the requested information, identifies the specific source of the information, and which indicates that the statement is based on information contained in documents or records maintained in the ordinary course of business.

8.    "All" and "Any" shall be construed as encompassing any and all.

9.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that might otherwise be outside its scope.

10.    "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

## DOCUMENTS REQUESTED

1.    All documents reflecting agreements with Uber or Defendant concerning or relating to any kind of investigation or background research concerning or relating to Plaintiff, Plaintiff's counsel, ~~or this Lawsuit~~.

~~2.    All documents reflecting agreements with Uber or Defendant concerning or relating to any kind of investigation or background research concerning or relating~~ to any other party in any ~~other litigation against Uber or Defendant~~.

5

~~3.      All invoices and payment records relating to the retention by Uber or Defendant relating to any kind of investigation or background research concerning or relating to Plaintiff, Plaintiff's counsel, or this Lawsuit.~~

4.      All documents reflecting any instructions, guidance, recommendations, suggestions, demands, or requests from Uber or Defendant relating to any investigation or background research concerning or relating to Plaintiff, Plaintiff's counsel~~, or this Lawsuit~~.

5.      All documents reflecting any understanding by Ergo or by any individual at Ergo concerning or relating to whether Ergo could or should use deception, including but not limited to false statements of purpose or identity, to conduct any investigation or background research concerning or relating to Plaintiff, Plaintiff's counsel~~, or this Lawsuit~~, or any other party, witness, or ~~lawyer in any other proceeding~~.

6.      All documents concerning or relating to any kind of investigation or background research concerning or relating to Plaintiff, Plaintiff's counsel~~, or this Lawsuit~~, including but not limited to:

    a.   Any reports, summaries, or notes created in connection with any kind of investigation or background research concerning or relating to Plaintiff, Plaintiff's counsel~~, or this Lawsuit~~.

    b.   Any audio recordings, video recordings, or photographs obtained or created in connection with any kind of investigation or background research concerning or relating to Plaintiff, Plaintiff's counsel~~, or this Lawsuit~~.

    c.   All records compiled as part of any investigation or background research concerning or relating to Plaintiff, Plaintiff's counsel~~, or this Lawsuit~~.

6

d.  All records reflecting any communications with any individuals or entities, including but not limited to persons believed to know Plaintiff or Plaintiff's counsel.

e.  All internal communications at Ergo concerning or relating to any kind of investigation or background research concerning or relating to Plaintiff, Plaintiff's counsel, or this Lawsuit.

f.  ~~All communications with Uber or any of its parent and subsidiary companies, predecessors-in-interest, successors-in-interest, affiliated entities, officers, directors, partners, associates, shareholders, agents, employees, servants, representatives, accountants, investigators, attorney, including but not limited to Gibson Dunn, concerning or relating to any kind of investigation or background research concerning or relating to Plaintiff, Plaintiff's counsel, or this Lawsuit.~~

g.  All communications with Defendant or Defendant's counsel concerning or relating to any kind of investigation or background research concerning or relating to Plaintiff, Plaintiff's counsel, or this Lawsuit.

h.  All communications with any other person or entity concerning or relating to any kind of investigation or background research concerning or relating to Plaintiff, Plaintiff's counsel, or this Lawsuit.

7.      All documents reflecting or revealing the investigative tools or approaches (*e.g.*, spyware, vehicle surveillance, phone calls or emails to friends or family) employed to obtain information relating to (a) Plaintiff, Plaintiff's counsel, or this Lawsuit; (b) any engagement by Uber or Defendant.

8.   All documents reflecting the awareness, or potential awareness, of Uber or Defend-
ant regarding the use of the following investigative tools or approaches in any investigation or
background research by, or associated with, Ergo:

     a.   Cold calls (*i.e.*, telephone calls to individuals without prior communication);

     b.   Deception;

     c.   False statements or cover stories regarding purpose;

     d.   False statements or cover stories regarding identity;

     e.   Research or investigation of a subject's lawyers (*e.g.*, investigation or back-
        ground research regarding a party's counsel).

9.   Documents sufficient to show the roles and responsibilities of Miguel Santos-Neves.

10.  A curriculum vitae or resume of Miguel Santos-Neves.

11.  Documents sufficient to identify all individuals, whether employed at Ergo or oth-
erwise, involved in any investigation or background research into Plaintiff, Plaintiff's counsel, ~~or~~
~~this Lawsuit~~.

12.  All documents reflecting the date, time, or manner of any communications between
Ergo and Uber (including Defendant) relating ~~to the Lawsuit~~, Plaintiff, or Plaintiff's counsel, includ-
ing but not limited to the following:  phone logs, phone bills, text messages, emails, notes, and in-
voices issued from Ergo to Uber or Defendant.

13.  All documents reflecting communications with Defendant or Defendant's counsel,
whether direct or indirect (*e.g.*, communications with Uber intended or known to be delivered to
Defendant or Defendant's counsel), between December 16, 2016, and the date of this subpoena.