```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
SPENCER MEYER, individually and on      :
behalf of those similarly situated,     :
                                        :          15 Civ. 9796
        Plaintiff,                      :
                                        :          MEMORANDUM ORDER
        -v-                             :
                                        :
TRAVIS KALANICK,                        :
                                        :
        Defendant.                      :
---------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On December 16, 2015, plaintiff Spencer Meyer filed this putative antitrust class action lawsuit against defendant Travis Kalanick, CEO and co-founder of Uber Technologies, Inc. ("Uber"). See Complaint, Dkt. 1. Although many of the allegations of the complaint related to practices identified with Uber, plaintiff Meyer named only Mr. Kalanick in the suit, and not Uber itself, possibly in order to avoid an arbitration clause in the User Agreement between plaintiff and Uber. See User Agreement, Dkt. 24-1, at 7-8. Defendant Kalanick thereafter made a motion to dismiss, which was denied on March 31, 2016, as well as a motion for partial reconsideration of the Court's opinion on the motion to dismiss, which was denied on May 9, 2016. See Opinion and Order dated March 31, 2016, Dkt. 37; Opinion and Order dated May 7, 2016, Dkt. 44.

1

On May 20, 2016, defendant Kalanick moved to join Uber as a necessary party to the litigation pursuant to Fed. R. Civ. P. 19(a) (compulsory joinder).[1] See Memorandum of Law in Support of Defendant Travis Kalanick's Expedited Motion for Joinder of Uber Technologies, Inc. as a Necessary Party ("Def. Br."), Dkt. 47. Third party Uber, for its part, moved to intervene in the litigation pursuant to Fed. R. Civ. P. 24(a) (intervention as of right) or, alternatively, Fed. R. Civ. P. 24(b) (permissive intervention). See Proposed Intervenor Uber Technologies, Inc.'s Memorandum of Law in Support of Motion to Intervene for the Limited Purpose of Compelling Arbitration,[2] ("Uber Br."), Dkt. 59. Plaintiff opposed the motions of both defendant Kalanick and Uber on June 6, 2016. See Plaintiff's Memorandum of Law in Opposition to (1) Defendant Travis Kalanick's Expedited Motion

---

[1] Defendant Kalanick also moved, in the alternative, for permissive joinder of Uber pursuant to Fed. R. Civ. P. 20. See Def. Br. at 11-12. However, counsel for Mr. Kalanick withdrew this motion at oral argument on June 16, 2016. See Transcript, 6/16/16. Even if he had not withdrawn this motion, the motion would have been denied, as a defendant may not use Rule 20 to join parties unless that defendant has asserted a counter-claim or cross-claim. In any event, the motion for permissive joinder is hereby denied. See Fed. R. Civ. P. 20(a)(2)(A).

[2] Uber styled its motion to intervene as one made "for the limited purpose of compelling arbitration" and attached to its intervention motion a brief in support of a motion to compel arbitration. See Uber Br., Exhibit 2, Dkt. 59-2. As Uber acknowledged at oral argument, however, if the Court grants defendant Kalanick's motion to join Uber or Uber's motion to intervene, then Uber will be a part of the case regardless of whether it succeeds in compelling arbitration. See Transcript, 6/16/16. In fact, Kalanick has also moved to compel arbitration. See Notice of Motion, Dkt. 80. The Court in this Memorandum Order is not considering the merits of any motion to compel arbitration, and the Court's decision on the instant joinder and intervention motions has no bearing whatsoever on the arbitration question.

for Joinder of Uber Technologies, Inc. as a Necessary Party, and (2) Proposed Intervenor Uber Technologies, Inc.'s Motion to Intervene for the Limited Purpose of Compelling Arbitration ("Pl. Opp. Br."), Dkt. 75. Defendant Kalanick and Uber each replied on June 9, 2016, and the Court heard oral argument on both motions on June 16, 2016. Having considered the parties' submissions and arguments, the Court hereby grants defendant Kalanick's motion to join Uber pursuant to Fed. R. Civ. P. 19(a), and, concomitantly, denies Uber's motion for intervention as moot.[3]

Fed. R. Civ. P. 19(a) reads, in its entirety:

> (a) Persons Required to Be Joined if Feasible. (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19. "Rule 19(a) requires the Court to join any person who is necessary to effect 'complete relief,' where such joinder is feasible." Jota v. Texaco, Inc., 157 F.3d 153, 162

---

[3] Both Mr. Kalanick and Uber confirmed at oral argument that the granting of Mr. Kalanick's motion to join Uber would obviate any need for the Court to reach Uber's motion. See Transcript, 6/16/16.

(2d Cir. 1998). In this case, the Court finds that it could not, in Uber's absence, accord "complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

This point is apparent from the face of plaintiff's Amended Complaint. For example, plaintiff "demands judgment against Kalanick as follows: . . . C. A declaration that the use of the [Uber] pricing algorithm for setting fares as described above is unlawful." First Amended Complaint ("Am. Compl."), Dkt. 26, at 25-26. Moreover, the "descri[ption] above" includes such statements as that "[d]river-partners agree, in writing, to collect fares through the Uber App. Driver-partners understand and agree that they will not compete with other driver-partners on price because Uber controls the fare. Driver-partners agree to participate in a combination, conspiracy, or contract to fix prices when they swipe 'accept' to accept the terms of Uber's written agreement," id. ¶ 70, and "[f]ares are calculated based on an Uber-generated algorithm. As demand for car services increases among users, applying the Uber algorithm results in increased fares ('surge pricing')," id. ¶ 47. Furthermore, after describing allegedly unlawful agreements between "Kalanick, Uber, and Uber's driver-partners," the complaint states that plaintiff and putative class members "are entitled to an injunction that terminates the ongoing violations alleged in this Complaint." Id. ¶ 133.

4

Thus, fairly read, the Amended Complaint alleges that Uber's scheme for setting prices, as well as the terms of Uber's contracts with drivers, constitute an antitrust violation. Plaintiff then seeks declaratory and injunctive relief against the operation of these mechanisms. While plaintiff now pretends that he "seeks no relief whatsoever against Uber," Pl. Opp. Br. at 8, such an assertion is at odds with any fair reading of plaintiff's claim.[4] Any antitrust violation that defendant Kalanick is claimed to have committed could only have resulted from his orchestration of, and participation in, an alleged conspiracy facilitated by the Uber app and Uber's contracts with drivers. The declaration plaintiff seeks, that the use of the Uber pricing algorithm for setting fares is unlawful, is no mere appendage to the Complaint: it is a fundamental part of the relief necessary to remedy plaintiff's claimed injury.[5] Consequently, the Court determines that it cannot, in Uber's

---

[4] Plaintiff's arguments in opposition to defendant Kalanick's motion to dismiss also make amply clear that plaintiff's basic demand for relief is, to a significant extent, directed against Uber. See Memorandum of Law in Opposition to Defendant Travis Kalanick's Motion to Dismiss, Dkt. 33, at 1 ("Uber drivers are competitors who do not compete. . . . This price-fixing holds because participating drivers commit to charge fares set by the Uber app.").

[5] Plaintiff has not sought to further amend its already-amended complaint. Moreover, the Court finds that plaintiff could not amend its complaint to suggest that relief is being sought only against defendant Kalanick, not against Uber, while maintaining the essential elements of its antitrust claim. It would still be the case that Uber "claims an interest relating to the subject of the action and is so situated that disposing of the action in [Uber's] absence may . . . as a practical matter impair or impede [Uber's] ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). See infra.

absence, "accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

An additional basis for mandatory joinder, the Court finds, is that Uber "claims an interest relating to the subject of the action and is so situated that disposing of the action in [Uber's] absence may . . . as a practical matter impair or impede [Uber's] ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Specifically, Uber has an interest in defending the legality and continued use of Uber's pricing algorithm and its contracts with drivers against the claim that these instruments violate the antitrust laws. These interests could be impaired as a result of an adverse finding against Mr. Kalanick in this action. See Crouse-Hinds Co. v. InterNorth, Inc., 634 F.2d 690, 700-01 (2d Cir. 1980).

Defendant Kalanick also points out that if Uber is not joined in this action, Uber might be bound by an injunction against Mr. Kalanick, and/or might be collaterally estopped from contesting antitrust liability in other suits against it. See Def. Br. at 8-11. While the Court need not reach the merits of these collateral arguments, such possibilities are by no means difficult to envisage. See, e.g., 7 W. 57th St. Realty Co., LLC v. Citigroup, Inc., No. 13-cv-981, 2015 WL 1514539, at *26 (S.D.N.Y. Mar. 31, 2015); Discon Inc. v. NYNEX Corp., 86 F. Supp. 2d 154, 166 (W.D.N.Y. 2000); Spectacular Venture, L.P. v.

6

World Star Int'l, Inc., 927 F. Supp. 683, 684-85 (S.D.N.Y. 1996); Reliance Ins. Co. v. Mast Const. Co., 84 F.3d 372, 377 (10th Cir. 1996). And the very risk involved is an additional reason for granting the joinder motion. See Takeda v. Nw. Nat. Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985). As Rule 19 recognizes, it is the practical effects of non-joinder on which the Court must focus, and Uber faces real-world impediments to its interests that justify the application of mandatory joinder.

It is true, as plaintiff notes, that "[i]n a suit to enjoin a conspiracy not all the conspirators are necessary parties." State of Ga. v. Pennsylvania R. Co., 324 U.S. 439, 463 (1945); see also Ward v. Apple Inc., 791 F.3d 1041, 1048 (9th Cir. 2015). But it does not follow that a co-conspirator cannot be a necessary party. See Ward, 791 F.3d at 1049. In this case, the Court finds that Uber is a necessary party given Uber's interest in maintaining its pricing algorithm and its contracts with drivers.

For all these reasons, the Court hereby grants defendant Kalanick's motion to join Uber pursuant to Fed. R. Civ. P. 19(a). The parties are directed to phone Chambers on Monday, June 20, 2016 to discuss scheduling for the motions to compel arbitration filed by defendant Kalanick and Uber. The Clerk of Court is directed to close docket entries 46 and 58, and to add Uber Technologies, Inc. as a defendant in this case.

SO ORDERED.

Dated:   New York, NY
         June 19, 2016

_____
JED S. RAKOFF, U.S.D.J.