UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPENCER MEYER, individually and on behalf of those similarly situated,<br><br>        Plaintiffs,<br><br> -against-<br><br>TRAVIS KALANICK and UBER TECHNOLOGIES, INC.<br><br>        Defendants. | 1:15 Civ. 9796 (JSR)<br><br>ECF Case |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR RELIEF RELATED TO THE ERGO INVESTIGATION**

# REDACTED

# CONFIDENTIAL

| | |
|---|---|
| **CONSTANTINE CANNON LLP**<br>Matthew L. Cantor<br>David A. Scupp<br>335 Madison Avenue<br>New York, New York 10017 | **MCKOOL SMITH, P.C.**<br>John Briody<br>James H. Smith<br>One Bryant Park, 47th Floor<br>New York, New York 10036 |
| **CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**<br>Bryan L. Clobes<br>Ellen Meriwether<br>1101 Market Street, Suite 2650<br>Philadelphia, PA 19107 | Lewis T. LeClair<br>300 Crescent Court, Suite 1500<br>Dallas, Texas 75201<br><br>**HARTER SECREST & EMERY LLP**<br>Brian Marc Feldman<br>Jeffrey A. Wadsworth<br>Edwin M. Larkin<br>A. Paul Britton<br>1600 Bausch & Lomb Place<br>Rochester, New York 14604 |
| **ANDREW SCHMIDT LAW PLLC**<br>Andrew Arthur Schmidt<br>97 India Street<br>Portland, Maine 04101 | |

*Counsel for Plaintiff Spencer Meyer*

**Table of Contents**

Preliminary Statement ........................................................................................................... 1

    A. The Ergo Investigation Commences ........................................................................... 2

    B. The Ergo Investigation and Report .............................................................................. 5

    C. Rather Than Come Clean, Defendants Provide Misinformation And Attempt To Extract Litigation Concessions In Exchange For Information ..................................... 7

    D. Notwithstanding the Court's Orders, Defendants Continue to Provide False Information and Attempt to Avoid Discovery ............................................................. 8

Argument ............................................................................................................................. 10

    A. Defendants Should be Precluded From Using the Ergo Investigation. ...................... 11

    B. Defendants and Ergo Should be Precluded From Further Improper Background Investigations Relating to This Litigation ................................................................... 14

    C. Defendants Should Be Required to Reimburse Plaintiff's Attorneys' Fees and Costs Relating to the Ergo Matter ............................................................................... 14

Conclusion ........................................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Amezcua v. Jordan Transp., Inc.*,
   No. 2:13-cv-01608, 2016 U.S. Dist. LEXIS 71259 (D. Nev. May 27,
   2016) .................................................................................................................... 13

*Cielo Creations, Inc. v. Goa Da Trading Co.*,
   No. CIV.A. 04 CIV. 1952, 2004 WL 1460372 (S.D.N.Y. June 28,
   2004) .................................................................................................................... 14

*Crown Castle USA Inc. v. Fred A. Nudd Corp.*,
   No. 05-CV-6163, 2010 WL 4027780 (W.D.N.Y. Oct. 14, 2010) ................................ 14

*Fayemi v. Hambrecht & Quist, Inc.*,
   174 F.R.D. 319 (S.D.N.Y. 1997) ...................................................................... 11, 12

*Fox Indus. v. Gurovich*,
   No. CV 03-5166, 2006 U.S. Dist. LEXIS 73035 (E.D.N.Y. Oct. 6,
   2006) .................................................................................................................... 11

*Shanahan v. Vallat*,
   No. 03 Civ. 3496, 2006 U.S. Dist. LEXIS 83221 (S.D.N.Y. Nov. 14,
   2006) .................................................................................................................... 12

*United States v. IBT*,
   907 F.2d 277 (2d Cir. 1990) ................................................................................... 11

*Update Art, Inc. v. Modiin Publ'g, Ltd.*,
   843 F.2d 67 (2d Cir. 1988) ..................................................................................... 15

*Upjohn Co. v. Aetna Cas. & Sur. Co.*,
   768 F. Supp. 1186 (W.D. Mich. 1990) .............................................................. 11, 13

*Wood v. Brosse U.S.A., Inc.*,
   149 F.R.D. 44 (S.D.N.Y. 1993) ............................................................................... 10

**STATUTES**

28 U.S.C. § 1651(a) ..................................................................................................... 11

Conn. Gen. Stat. § 52-570d ......................................................................................... 13

N.H. Rev. Stat. Ann. § 570-A:2 ................................................................................... 13

N.Y. Gen. Bus. Law § 71 ................................................................................................. 5, 13

**OTHER AUTHORITIES**

22 NYCRR 1200.0, Rules 4.1, 8.4(d) .................................................................................. 13

FED. R. C. P. 37 ...................................................................................................................... 10

**PAGES 1-15 INTENTIONALLY OMITTED**

Dated: New York, New York
June 29, 2016

| | |
|---|---|
| **CONSTANTINE CANNON LLP**<br>Matthew L. Cantor<br>David A. Scupp<br>335 Madison Avenue<br>New York, New York 10017<br>Tel: (212) 350-2700<br>Fax: (212) 350-2701<br>mcantor@constantinecannon.com<br>dscupp@constantinecannon.com<br><br>**CAFFERTY CLOBES**<br>**MERIWETHER & SPRENGEL LLP**<br>Bryan L. Clobes<br>Ellen Meriwether<br>1101 Market Street, Suite 2650<br>Philadelphia, PA 19107<br>Tel: (215) 864-2800<br>Fax: (215) 864-2800<br>bclobes@caffertyclobes.com<br>emeriwether@caffertyclobes.com<br><br>**ANDREW SCHMIDT LAW PLLC**<br>Andrew Arthur Schmidt<br>97 India Street<br>Portland, Maine 04101<br>Tel: (207) 619-0320<br>Fax: (207) 221-1029<br>andy@maineworkjustice.com | **MCKOOL SMITH, P.C.**<br><br>/s/<br>John C. Briody<br>James H. Smith<br>One Bryant Park, 47th Floor<br>New York, New York 10036<br>Tel: (212) 402-9400<br>Fax: (212) 402-9444<br>jbriody@mckoolsmith.com<br>jsmith@mckoolsmith.com<br><br>Lewis T. LeClair<br>300 Crescent Court, Suite 1500<br>Dallas, Texas 75201<br>Tel: (214) 978-4984<br>Fax: (214) 978-4044<br>lleclair@mckoolsmith.com<br><br>**HARTER SECREST & EMERY LLP**<br>Brian Marc Feldman<br>Jeffrey A. Wadsworth<br>Edwin M. Larkin<br>A. Paul Britton<br>1600 Bausch & Lomb Place<br>Rochester, New York 14604<br>Tel: (585) 232-6500<br>Fax: (585) 232-2152<br>bfeldman@hselaw.com<br>jwadsworth@hselaw.com<br>elarkin@hselaw.com |

*Counsel for Plaintiff Spencer Meyer*

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2016, I filed and therefore caused the foregoing document to be served via e-mail and the CM/ECF system in the United States District Court for the Southern District of New York on all parties registered for CM/ECF in the above-captioned matter:

*/s/ James H. Smith*
James H. Smith