# EXHIBIT Z



May 13, 2016

**BY ELECTRONIC MAIL**
Peter M. Skinner
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Floor
New York, New York 10022
PSkinner@BSFLLP.com

Re: Meyer v. Kalanick, 1:15-cv-9796 (S.D.N.Y.)

Dear Mr. Skinner:

We write again to request that Defendant provide us with dates and times that defense counsel will make themselves available for a telephone conference with the Court to address Ergo's deceptive conduct at Defendant's direction.

We are obviously at an impasse. Plaintiff's March 23 letter demanded written assurances that Defendant would cease the use of deception and harassment in this case, along with assurances that Defendant has not engaged in other similar tactics. Defendant has refused to provide assurances on either front. Instead, Defendant has merely represented that "Ergo will conduct no further inquiry into Plaintiff or Plaintiff's counsel." This most basic concession—ending the Ergo scheme only after being caught—provides us with no confidence that Defendant will cease all efforts to harass, intimidate, or use deception against our client. Likewise, Defendant's refusal to reveal whether he is aware of any other deceptions already used against Plaintiff or Plaintiff's counsel suggests that he is continuing to hide the truth, just as he did through repeated denials that he engaged Ergo, which you have advised were false. We have no confidence that his use of Ergo was the only scheme Defendant has deployed or will deploy, and Defendant's refusal to provide the requested assurances heightens our continuing concerns.

Nor can we accept Defendant's spare and highly qualified offer of information regarding Ergo. As you know, Plaintiff's March 23 letter requested details regarding the retention of Ergo (*i.e.*, the date hired, the duration of services, the scope of services, the aim of those services, any instructions, guidance, or requests from Defendant to Ergo, and any termination details), Ergo's actions in this case (*i.e.*, the name and contact information of those contacted; the date, time, and means of communication; records reflecting the content of the communications; all information provided by Ergo; and all information provided to Ergo); and Ergo's communications with Defendant (*i.e.*, all communications between Ergo and Defendant related to Plaintiff or Plaintiff's counsel, as well as the date and method of communication). Defendant has refused to

Harter Secrest & Emery LLP
ATTORNEYS AND COUNSELORS

May 13, 2016
Page 2

provide any of this information, with the exception of the name and contact information of individuals contacted by Ergo and the date and method of communication. Moreover, Defendant has conditioned providing even that information on Plaintiff first agreeing not to "use the information in this litigation for any purpose whatsoever." Such an agreement would effectively prevent Plaintiff from seeking judicial assistance to obtain further details or from seeking judicial intervention to prevent further misconduct, including Plaintiff's ability to identify and object to Defendant's use of Ergo's improperly gathered information. As we have already advised, Plaintiff cannot agree to this offer.

Absent Defendant providing the requested assurances and producing all of the requested information, Plaintiff requires and asks again for dates and times when you will be available for a telephonic conference with the Court regarding this issue. Please provide that information, so that the Court can resolve this impasse.

Very truly yours,

Harter Secrest & Emery LLP

/s/ Brian M. Feldman

Brian M. Feldman
DIRECT DIAL: 585.231.1201
EMAIL: BFELDMAN@HSELAW.COM

cc: Alanna Rutherford, Esq.