# **EXHIBIT V**

# Wadsworth, Jeffrey

| | |
|---|---|
| **From:** | Hanna, Nicola T. <NHanna@gibsondunn.com> |
| **Sent:** | Wednesday, May 25, 2016 7:17 PM |
| **To:** | Richman, Cynthia; Wadsworth, Jeffrey; Feldman, Brian M.; Peter Skinner; Alanna Rutherford <ARutherford@BSFLLP.com> (ARutherford@BSFLLP.com); Brodsky, Reed; Swanson, Daniel G. |
| **Cc:** | Larkin, Edwin M.; Andy Schmidt (andy@maineworkerjustice.com); jbriody@mckoolsmith.com |
| **Subject:** | RE: Notice of Proposed Subpoenas on Uber, Yoo, Sullivan, & Clark [HSELAW-WORKSITE.FID672620] |

Counsel:

This email is in follow up to our meet and confer conference today regarding Plaintiff's recent subpoenas to Uber Technologies, Inc. ("Uber"), our client, regarding the Ergo matter.

As discussed during the call today, we believe that almost all, if not all, of your document requests seek materials that are covered by the attorney-client and attorney work product privileges and are vastly overbroad. Nonetheless, during our call, we made the following proposal which we think satisfies the Court's concerns expressed during the May 20, 2016 hearing, addresses the privilege and overbreadth issues, and moves this matter forward in an efficient manner. Assuming the parties can agree that any limited waiver of privileged material would not constitute a broader (or subject-matter) waiver, Uber would agree to:

- Produce documents (including emails) reflecting the instructions or assignments given to Ergo in regard to this case by Uber personnel;
- Produce the email from Uber General Counsel Salle Yoo to Joe Sullivan dated December 16, 2015, constituting the request that precipitated the investigation. Neither Ms. Yoo nor Mr. Sullivan had communication with Ergo on this matter and their depositions are unnecessary (and, in the case of Ms. Yoo, improper) because they have no relevant information.
- Produce two Uber witnesses for deposition (Craig Clark and Mat Henley) who were involved in engaging and instructing Ergo.
- Not object to the deposition of the Ergo investigator, Miguel Santos-Neves.
- Not assert privilege (subject to the agreement discussed above) to deposition questions seeking the instructions or assignments given to Ergo or the investigator's communications with third parties in this case (i.e., the alleged misrepresentations).

We think the foregoing proposal will provide your client with more than what's necessary on this issue and comports with the Court's directions. During the May 20, 2016 hearing, the Court was specifically concerned with the alleged false statements to associates of Plaintiff and his counsel for the purpose of acquiring information. Indeed, the Court framed the issue as follows: "My concern is whether a party, directly or indirectly, *to this litigation* is making use of false pretenses to obtain information for the purpose of enhancing their position *in this litigation*." Reporter's Transcript ("RT") at 13-14 (emphasis added). The Court went on to suggest an efficient approach to answer this question: "[T]he sensible thing would be to take the depositions of A ... the person at Uber who first arranged this; and second, the person or persons at Ergo who conducted and were involved in the investigation." RT at 12. Thus, the relevant inquiry here is limited to two issues: 1) Did the Ergo investigator make misrepresentations; and 2) if so, was he instructed to do so by Uber? Plaintiff's counsel responded that the Court's proposal "sounds like a very efficient way to discover the important information," but asked for leave to subpoena "relevant documents" prior to the depositions. RT at 15. The Court granted Plaintiff leave to subpoena relevant documents, and granted Uber and Ergo the right to challenge the subpoenas. RT at 16.

1

  Thereafter, Plaintiff served a document subpoena on Uber requiring production within three days of 30 categories (including subparts) of documents, including, among other things, matters wholly unrelated to this litigation and communications between Uber and its counsel that are obviously privileged. Among other things, we believe the subpoena is overbroad, unduly burdensome, and seeks to invade the attorney-client relationship and trample on the attorney work product privilege. The three day turnaround requirement is also unreasonable, particularly in light of the breadth of your requests.

  Uber believes that its proposal is eminently reasonable in light of the privileged nature of the materials Mr. Meyer seeks. Uber's proposal will allow Mr. Meyer to depose the Uber employees who communicated with Ergo regarding this litigation, review the instructions that Uber gave to Ergo regarding its investigation "in this litigation," determine whether "false pretenses [were used] to obtain information for the purpose of enhancing their position in this litigation," and whether any false pretenses were employed at the behest of Uber (which they were not). Absent agreement to the foregoing proposal, Uber intends to serve objections to the document subpoena on Thursday.

  We believe this offer will provide you with the information responsive to the Court's concerns and provides a "sensible" and efficient discovery approach to this issue, as the Court plainly desired. If your client rejects this good faith proposal, we can be available on Thursday at 3 pm EST for a telephonic conference with the Court.

Thank you.


**Nick Hanna**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.4270 • Fax +1 949.475.4621
NHanna@gibsondunn.com • www.gibsondunn.com

---

**From:** Richman, Cynthia
**Sent:** Wednesday, May 25, 2016 3:28 AM
**To:** Wadsworth, Jeffrey; Feldman, Brian M.; Peter Skinner; Alanna Rutherford <ARutherford@BSFLLP.com> (ARutherford@BSFLLP.com); Brodsky, Reed; Swanson, Daniel G.; Hanna, Nicola T.
**Cc:** Larkin, Edwin M.; Andy Schmidt (andy@maineworkerjustice.com); jbriody@mckoolsmith.com
**Subject:** RE: Notice of Proposed Subpoenas on Uber, Yoo, Sullivan, & Clark [HSELAW-WORKSITE.FID672620]

Let's use this number:

1-866-747-5969
2029558234


**Cynthia E. Richman**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8234 • Fax +1 202.530.9691
CRichman@gibsondunn.com • www.gibsondunn.com

2

**From:** Wadsworth, Jeffrey [mailto:jwadsworth@hselaw.com]
**Sent:** Tuesday, May 24, 2016 10:40 PM
**To:** Richman, Cynthia; Feldman, Brian M.; Peter Skinner; Alanna Rutherford <ARutherford@BSFLLP.com> (ARutherford@BSFLLP.com); Brodsky, Reed; Swanson, Daniel G.; Hanna, Nicola T.
**Cc:** Larkin, Edwin M.; Andy Schmidt (andy@maineworkerjustice.com); jbriody@mckoolsmith.com
**Subject:** RE: Notice of Proposed Subpoenas on Uber, Yoo, Sullivan, & Clark [HSELAW-WORKSITE.FID672620]

Cindy -- We can talk tomorrow at 11:30. Will you circulate a call-in number? Thanks. Jeff



Jeffrey A. Wadsworth
**Harter Secrest & Emery LLP**, Attorneys and Counselors
1600 Bausch & Lomb Place, Rochester, NY 14604-2711
Firm 585.232.6500  Direct 585.231.1113  Fax 585.232.2152
JWadsworth@hselaw.com vCard
www.hselaw.com

This e-mail message is from a law firm and may contain information that is privileged or confidential. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, do not read it. Please delete it from your system without copying it, and notify the sender by reply e-mail at JWadsworth@hselaw.com or by calling 585.231.1113, so that our address record can be corrected.

**From:** Richman, Cynthia [mailto:CRichman@gibsondunn.com]
**Sent:** Tuesday, May 24, 2016 9:50 PM
**To:** Feldman, Brian M.; Peter Skinner; Alanna Rutherford <ARutherford@BSFLLP.com> (ARutherford@BSFLLP.com); Brodsky, Reed; Swanson, Daniel G.; Hanna, Nicola T.
**Cc:** Wadsworth, Jeffrey; Larkin, Edwin M.; Andy Schmidt (andy@maineworkerjustice.com)
**Subject:** RE: Notice of Proposed Subpoenas on Uber, Yoo, Sullivan, & Clark [HSELAW-WORKSITE.FID672620]

Brian: Given the Court's instruction to provide notice of any objections to the subpoenas on Thursday, and given we didn't hear back from you today, we would propose to meet and confer tomorrow morning. Are you available at 11:30 am ET?

Thank you,
Cindy


Cynthia E. Richman

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8234 • Fax +1 202.530.9691
CRichman@gibsondunn.com • www.gibsondunn.com

3

**From:** Richman, Cynthia
**Sent:** Tuesday, May 24, 2016 8:49 AM
**To:** 'Feldman, Brian M.'; Peter Skinner; Alanna Rutherford <ARutherford@BSFLLP.com> (ARutherford@BSFLLP.com); Brodsky, Reed; Swanson, Daniel G.
**Cc:** Wadsworth, Jeffrey; Larkin, Edwin M.; Andy Schmidt (andy@maineworkerjustice.com)
**Subject:** RE: Notice of Proposed Subpoenas on Uber, Yoo, Sullivan, & Clark [HSELAW-WORKSITE.FID672620]


Brian:

Uber will have objections to the timing and scope of your subpoenas which, particularly with respect to the document subpoena, appear to be extraordinarily broad. Although we were not present at the hearing last Friday, and as noted, we were able to review the transcript yesterday afternoon and Judge Rakoff made clear that Uber would be given "leave to challenge any of the subpoenas because [it's] affected by this entire discovery." He repeated that "Uber could challenge the Uber subpoena." It does not appear that your proposal allows Uber an opportunity to raise objections or, for that matter, to allow the parties to negotiate the parameters of a reasonable response.

We are not seeking to impose needless delay but require the opportunity to confer with our client, raise objections, and see if a compromise can be reached. The draft subpoenas were not sent until late in the day yesterday and, as you appreciate, the call with Chambers is scheduled for 7 am Pacific Time. As I mentioned in our call yesterday, Gibson was only recently retained and we're still reviewing the record and getting up to speed on these issue (which was probably evident from our discussion yesterday).

We appreciate your client's desire to move forward as expeditiously as possible and would propose to meet and confer this afternoon regarding the subpoenas. At that time, we anticipate that Uber will be in a position to make a reasonable proposal that will provide Plaintiff with relevant documents and testimony.

Best,
Cindy


**Cynthia E. Richman**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8234 • Fax +1 202.530.9691
CRichman@gibsondunn.com • www.gibsondunn.com


**From:** Feldman, Brian M. [mailto:bfeldman@hselaw.com]
**Sent:** Monday, May 23, 2016 8:08 PM
**To:** Peter Skinner; Alanna Rutherford <ARutherford@BSFLLP.com> (ARutherford@BSFLLP.com); Richman, Cynthia; Brodsky, Reed; Swanson, Daniel G.
**Cc:** Wadsworth, Jeffrey; Larkin, Edwin M.; Andy Schmidt (andy@maineworkerjustice.com)
**Subject:** Notice of Proposed Subpoenas on Uber, Yoo, Sullivan, & Clark [HSELAW-WORKSITE.FID672620]

Counsel for Defendant and counsel for Uber Technologies:

Attached, please find: (1) a notice to Defendant Travis Kalanick of subpoenas to Uber Technologies, Inc., Salle Yoo, Esq., Joe Sullivan, Esq., and Craig Clark, Esq.; (2) a draft document subpoena to Uber Technologies, Inc., with (3) an

accompanying rider; (4) a draft testimonial subpoena to Salle Yoo, Esq.; (5) a draft testimonial subpoena to Joe Sullivan, Esq.; and (6) a draft testimonial subpoena to Craig Clark, Esq.

We will serve these subpoenas tomorrow by sending an email containing the subpoenas to Gibson Dunn, as per our prior discussions. Please note that the document subpoena, as discussed, includes a Friday return date, and that the deposition subpoenas require testimony next Tuesday and Wednesday in Silicon Valley. If you have any objections to that timing, location, or our method of service, please let us know immediately, so that we can raise these issues to the Court's attention tomorrow morning.

Many thanks. We will circulate an email shortly with notice of another set of subpoenas to Ergo, consistent with the Court's direction and our prior discussions. If you know what firm represents Ergo, please let us know tonight, so that we may include them in that email.

Sincerely,
Brian Feldman




**Brian M. Feldman**, Partner
**Harter Secrest & Emery LLP**, Attorneys and Counselors
1600 Bausch & Lomb Place, Rochester, NY 14604-2711
Firm 585.232.6500 Direct 585.231.1201 Fax 585.232.2152
BFeldman@hselaw.com vCard
www.hselaw.com


This e-mail message is from a law firm and may contain information that is privileged or confidential. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, do not read it. Please delete it from your system without copying it, and notify the sender by reply e-mail at BFeldman@hselaw.com or by calling 585.231.1201, so that our address record can be corrected.

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.