UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
:
SPENCER MEYER, individually and on :
behalf of those similarly situated, :
:
                Plaintiffs, : Case No. 1:15-cv-9796 (JSR)
:
  -against- :
: **ORAL ARGUMENT REQUESTED**
TRAVIS KALANICK and UBER :
TECHNOLOGIES, INC. :
:
                Defendants. :
-----------------------------------------------------------x

## UBER TECHNOLOGIES, INC.'S REPLY
## IN SUPPORT OF MOTION TO COMPEL ARBITRATION

GIBSON, DUNN & CRUTCHER LLP

Reed Brodsky
200 Park Avenue
New York, NY  10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035
RBrodsky@gibsondunn.com

Theodore J. Boutrous, Jr.
Daniel G. Swanson
Nicola T. Hanna
Joshua S. Lipshutz
333 South Grand Avenue
Los Angeles, CA  90071
Tel: (213) 229-7000
Fax: (213) 229-7520
TBoutrous@gibsondunn.com
DSwanson@gibsondunn.com
NHanna@gibsondunn.com
JLipshutz@gibsondunn.com

Cynthia E. Richman
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Tel: (202) 955-8500
Fax: (202) 467-0539
CRichman@gibsondunn.com

*Attorneys for Defendant Uber Technologies, Inc.*

July 7, 2016

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1
ARGUMENT .................................................................................................................................. 1
    A.   Plaintiff Assented to the Arbitration Agreement .............................................. 1
    B.   Uber Has Not Waived the Right to Compel Arbitration ................................. 4
    C.   Uber Has the Right to Compel Arbitration ...................................................... 8
CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*5381 Partners LLC v. Shareasale.com*,
  2013 WL 5328324 (E.D.N.Y. Sept 23, 2013) ....................................................................... 3, 4

*Al Rushaid v. Nat'l Oilwell Varco, Inc.*,
  757 F.3d 416 (5th Cir. 2014) .................................................................................................... 5

*AmeriSteel Corp. v. Int'l Bhd. of Teamsters*,
  267 F.3d 264 (3d Cir. 2001) .................................................................................................... 10

*Barton Malow Enters., Inc. v. Steadfast Ins. Co.*,
  2014 WL 10297613 (S.D.N.Y. Dec. 31, 2014) ...................................................................... 10

*Becker v. DPC Acquisition Corp.*,
  2002 WL 1144066 (S.D.N.Y. May 30, 2002) .......................................................................... 6

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*,
  448 F.3d 573 (2d Cir. 2006) ..................................................................................................... 5

*Brownstone Inv. Grp., LLC v. Levey*,
  514 F. Supp. 2d 536 (S.D.N.Y. 2007) .................................................................................. 7, 8

*Carnival Cruise Lines, Inc. v. Shute*,
  499 U.S. 585 (1991) .................................................................................................................. 3

*Caytrans BBC, LLC v. Equip. Rental & Contrs. Corp.*,
  2010 WL 1541444 (S.D. Ala. Apr. 16, 2010) .......................................................................... 4

*Doctor's Associates, Inc. v. Distajo*,
  107 F.3d 126 (2d Cir. 1997) ..................................................................................................... 7

*Doctor's Assocs., Inc. v. Distajo*,
  66 F.3d 438 (2d Cir. 1995) ....................................................................................................... 5

*Doctor's Assocs., Inc. v. Hollingsworth*,
  949 F. Supp. 77 (D. Conn. 1996) ............................................................................................. 9

*Feldman v. Google, Inc.*,
  513 F. Supp. 2d 229 (E.D. Pa. 2007) ....................................................................................... 2

*Fteja v. Facebook, Inc.*,
  841 F. Supp. 2d 829 (S.D.N.Y. 2012) ............................................................................. 2, 3, 4

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Guadagno v. E*Trade Bank*,
    592 F. Supp. 2d 1263 (C.D. Cal. 2008) ...................................................................................1

*Hubbert v. Dell Corp.*,
    835 N.E.2d 113,118-21 (Ill. App. Ct. 2005) ...........................................................................2

*Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*,
    67 F.3d 20 (2d Cir. 1995) ........................................................................................................7

*Major v. McCallister*,
    302 S.W.3d 227 (Mo. Ct. App. 2009).....................................................................................2

*Marin Storage & Trucking v. Benco Contracting & Eng'g, Inc.*,
    89 Cal. App. 4th 1042 (2001) .................................................................................................4

*McCowan v. Sears, Roebuck and Co.*,
    908 F.2d 1099 (2d Cir. 1990)..................................................................................................8

*Mohamed v. Uber Techs., Inc.*,
    109 F.Supp.3d 1185, 1195-98 (N.D. Cal. 2015)..................................................................2, 4

*Moore v. Interracciones Global, Inc.*,
    1995 WL 33650 (S.D.N.Y. Jan. 27, 1995) ...........................................................................10

*Nguyen v. Barnes & Noble Inc.*,
    763 F.3d 1171 (9th Cir. 2014) .................................................................................................3

*Nicosia v. Amazon.com, Inc.*,
    84 F. Supp. 3d 142, 151 (E.D.N.Y. 2015) ...........................................................................2, 3

*PPG Indus., Inc. v. Webster Auto Parts, Inc.*,
    128 F.3d 103 (2d Cir. 1997)....................................................................................................6

*In re Prudential Secs. Inc.*,
    1993 U.S. Dist. LEXIS 1362 (N.D. Ill. Feb. 4, 1993) ..........................................................10

*Rosenthal v. Emanuel, Deetjen & Co.*,
    516 F.2d 325 (2d Cir. 1975)..................................................................................................10

*Rush v. Oppenheimer & Co.*,
    779 F.2d 885 (2d Cir. 1985)....................................................................................................6

*Satcom Int'l Grp. PLC v. Orbcomm Int'l Partners, L.P.*,
    49 F. Supp. 2d 331 (S.D.N.Y.), *aff'd*, 205 F.3d 1324 (2d Cir. 1999) ......................................6

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Scott v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   1992 WL 245506 (S.D.N.Y. Sept. 14, 1992) ..........................................................6

*Snap-on Bus. Solutions Inc. v. O'Neil & Assocs., Inc.*,
   708 F. Supp. 2d 669 (N.D. Ohio 2010) .................................................................2

*Specht v. Netscape Commc'ns Corp.*,
   306 F.3d 17 (2d Cir. 2002) ................................................................................2, 3

*Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc.*,
   754 F.2d 457 (2d Cir. 1985) ..................................................................................5

*Swift v. Zynga Game Network*,
   805 F. Supp. 2d 904 (N.D. Cal. 2011) ...................................................................1

*Thomas v. A.R. Baron & Co.*,
   967 F. Supp. 785 (S.D.N.Y. 1997) ........................................................................6

*Tompkins v. 23andMe, Inc.*,
   2014 WL 2903752 (N.D. Cal. June 25, 2014) .......................................................1

*Vernon v. Qwest Commc'ns. Int'l.*,
   925 F. Supp. 2d 1185 (D. Colo. 2013) ..................................................................2

*Whitt v. Prosper Funding LLC*,
   2015 WL 4254062 (S.D.N.Y. July 14, 2015) ....................................................3, 4

*Zaltz v. JDATE*,
   952 F. Supp. 2d 439 (E.D.N.Y. 2013) ...................................................................4

**Statutes**

9 U.S.C. § 3 ..................................................................................................................10

9 U.S.C. § 4 ....................................................................................................................9

**Rules**

Fed. R. Civ. Pro. 19 ....................................................................................................8, 9

**PRELIMINARY STATEMENT**

"[P]laintiff here had a contract with Uber.  That contract has an arbitration clause." DE 94 [Hearing Tr. (June 16, 2016)] at 15.  These words, uttered by Plaintiff's own counsel mere weeks ago, underscore precisely why Uber's motion to compel should be granted.  Plaintiff must abide by his agreement to arbitrate, and has offered no valid argument why he should not. *First*, the hyperlink to the User Terms to which he agreed was presented in a clear and conspicuous format that is both ubiquitous in the digital realm and routinely enforced by courts. *Second*, because Uber promptly moved to compel arbitration upon entry into the case, and the statements and conduct of other parties—which also do not amount to waiver—cannot be imputed to Uber, Plaintiff's waiver claim fails.  *Third*, Plaintiff cannot use artful pleading to avoid arbitrating his claims—which, as this Court noted, "go[] to [Uber's] entire business operation." *Id*. at 16.  This Court should grant Uber's motion to compel arbitration.

**ARGUMENT**

**A.    Plaintiff Assented to the Arbitration Agreement**

Plaintiff mischaracterizes the User Terms to which he agreed in connection with registering to use the Uber App as an inconspicuous "browsewrap" agreement, and further claims that he is not bound by the Arbitration Agreement or any other terms because he chose not to read them before giving his assent.  Plaintiff is wrong on all counts.[1]

---

[1] Plaintiff wrongly asserts that California law applies to the issue of assent.  As Uber's Motion explains, the interest analysis favors New York law.  DE 92 at 11-13; *see also* DE 110 at 3 n.3.  Even under California law, however, Plaintiff validly assented to the arbitration agreement.  *See Tompkins v. 23andMe, Inc.*, 2014 WL 2903752, at *7-9 (N.D. Cal. June 25, 2014); *Swift v. Zynga Game Network*, 805 F. Supp. 2d 904, 911-12 (N.D. Cal. 2011); *Guadagno v. E*Trade Bank*, 592 F. Supp. 2d 1263, 1267-71 (C.D. Cal. 2008).

*First*, the User Terms constitute a "clickwrap" or "hybrid-clickwrap" agreement, which require a user to indicate assent by **affirmatively clicking a button** after being presented with the terms or a hyperlink to the terms. *See Nicosia v. Amazon.com, Inc.*, 84 F. Supp. 3d 142, 151 (E.D.N.Y. 2015); *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 837-38 (S.D.N.Y. 2012). With a "browsewrap" agreement, by contrast, assent is imputed by mere continued use of the website. *Nicosia*, 84 F. Supp. 3d at 151. Here, Plaintiff concedes that he **clicked** the "REGISTER" button on the registration screen confirming that, "By creating an Uber account, you agree to the 'TERMS OF SERVICE & PRIVACY POLICY.'" *See* DE 92 at 3-5, 13-15; DE 102 at 11-13. Thus, Plaintiff's assent was affirmatively manifested—a hallmark feature of "clickwrap" and "hybrid-clickwrap" contracts. *See Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 22 n.4 (2d Cir. 2002).

*Second*, courts in this district and throughout the country[2] *routinely* enforce agreements consummated under virtually identical circumstances—against businesses *and* consumers alike—holding that hyperlinks alone provide sufficient inquiry notice of contractual terms. In *Fteja*, for instance, a judge in this District found that a user assented to an arbitration agreement where Facebook's signup page "require[d] the user to click on 'Sign Up' to assent," but did not contain "any mechanism that forces the user to actually examine the terms before assenting," and "the terms [were] only visible via a hyperlink" below the "Sign Up" button in a

---

[2] For example, applying California law, the federal district court in *Mohamed v. Uber Techs., Inc.*, 109 F. Supp. 3d 1185, 1195-98 (N.D. Cal. 2015), enforced a similar Uber agreement and rejected virtually all of the same assent arguments asserted by Plaintiff here. *See also Vernon v. Qwest Commc'ns Int'l.*, 925 F. Supp. 2d 1185 (D. Colo. 2013); *Snap-on Bus. Solutions Inc. v. O'Neil & Assocs., Inc.*, 708 F. Supp. 2d 669, 683 (N.D. Ohio 2010); *Feldman v. Google, Inc.*, 513 F. Supp. 2d 229 (E.D. Pa. 2007); *Major v. McCallister*, 302 S.W.3d 227, 229-31 (Mo. Ct. App. 2009); *Hubbert v. Dell Corp.*, 835 N.E.2d 113,118-21 (Ill. App. Ct. 2005).

sentence stating "By clicking Sign Up, you are indicating that you have read and agree to the Terms of Service." *Fteja*, 841 F. Supp. 2d at 835, 838.  Relying on *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), and other authorities, the court reasoned that a digital contract incorporating hyperlinked terms is no different than a paper contract incorporating separate, written terms.  *Fteja*, 841 F. Supp. 2d at 839-40; *accord Whitt v. Prosper Funding LLC*, 2015 WL 4254062, at *4 (S.D.N.Y. July 14, 2015); *Nicosia*, 84 F. Supp. 3d at 151-52; *5381 Partners LLC v. Shareasale.com*, 2013 WL 5328324, at *4-8 (E.D.N.Y. Sept 23, 2013).

Plaintiff suggests it was unclear that clicking "REGISTER" was mandatory or would have the effect of "creating an Uber account," and thereby assenting to the User Terms.  Yet, **by his own admission**, Plaintiff clearly understood that "[t]o become an Uber account holder, an individual **first must agree to Uber's terms and conditions**."  Am. Compl. ¶ 29 (emphasis added).  And he concedes that he did so.  DE 94 at 15.  Indeed, the confirmation screen states in all-capitalized text that "By creating an Uber account, you agree to the TERMS OF SERVICE & PRIVACY POLICY," with "TERMS OF SERVICE & PRIVACY POLICY" underlined in bright-blue font, indicating a hyperlink to the terms.  DE 92 at 3-5, 13-15; Decl. of Vincent Mi, DE 59-3 ("Mi Decl.") ¶ 5.  This provision, which is mere *millimeters* below the "REGISTER" button on a single screen that completes the account-registration progress (*see* DE 92 at 4), provided "immediately visible notice of the existence of [the] terms," *Specht*, 306 F.3d at 31, and "explicit textual notice," which should have put a "reasonably prudent user on inquiry notice" of the contract terms, *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177 (9th Cir. 2014).

*Finally*, it is well-settled law that Plaintiff cannot avoid the arbitration agreement on the ground that he elected not to read the terms or was not required to read them before accepting.  *See, e.g.*, *Whitt*, 2015 WL 4254062, at *5 ("Whitt suggests that he was not even constructively

3

aware of the terms of the Agreement because those terms were viewable only by following a hyperlink. . . . Whitt simply ignores an abundance of persuasive authority . . . to the contrary.") (collecting cases); *accord Zaltz v. JDATE*, 952 F. Supp. 2d 439, 454-55 (E.D.N.Y. 2013); *Fteja*, 841 F. Supp. 2d at 839-41; *5381 Partners*, 2013 WL 5328324, at *1, *6-7.[3]

**B.     Uber Has Not Waived the Right to Compel Arbitration**

Plaintiff contends that Uber has waived its right to compel arbitration:  (1) expressly, based on the entirely unsupported argument that Mr. Kalanick's purported waiver should be imputed to Uber, and (2) impliedly, even though Uber moved to compel arbitration within a day of being joined as a party and Plaintiff cites no precedent whatsoever for finding waiver based on pre-joinder litigation conduct.

**1.     Mr. Kalanick's alleged waiver cannot be imputed to Uber.**  Uber attached a proposed motion to compel arbitration to its *first* filing in this case, and filed this motion immediately when joined as a party.  Even assuming Mr. Kalanick expressly waived arbitration (and—as his Reply makes clear—he did not), a waiver on his part cannot be imputed to Uber. *See* DE 94 at 29 (acknowledging that waiver by Mr. Kalanick is not necessarily waiver by Uber). Plaintiff cites no case holding, or even suggesting, that such a waiver could be imputed to Uber. DE 102 at 16-18; *see Caytrans BBC, LLC v. Equip. Rental & Contrs. Corp.*, 2010 WL 1541444, at *4 n.7 (S.D. Ala. Apr. 16, 2010) (refusing to impute waiver "[a]bsent any factual or legal analysis" explaining why doing so is permissible).  Instead, Plaintiff erroneously asserts, without citing a single case to support his unprecedented theory, that Uber's corporate counsel's physical

---

[3]  *Accord Mohamed*, 109 F. Supp. 3d at 1198 ("Whether or not the [user] actually clicked the links or otherwise read the terms of the contracts is irrelevant[.]"); *Marin Storage & Trucking v. Benco Contracting & Eng'g, Inc.*, 89 Cal. App. 4th 1042, 1049 (2001) ("A party cannot avoid the terms of a contract on the ground that he or she failed to read it before signing.").

appearance in court on behalf of Mr. Kalanick should somehow be construed as *Uber's* abandonment of its contractual right to arbitration. DE 102 at 17; *see Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 585 (2d Cir. 2006) (holding that waiver of a contractual right must be "voluntary and intentional") (alterations omitted). But courts have explicitly held that even where parties share counsel (which is not the case here), that does not demonstrate an interrelationship sufficient to impute waiver. *See Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 423 (5th Cir. 2014) (declining to "[i]mput[e] to a party the actions of its codefendants merely on the ground that the entities are jointly owned or controlled or share representation," where co-defendants were not alter egos and no grounds existed for piercing their corporate veils); *see also Doctor's Assocs., Inc. v. Distajo*, 66 F.3d 438, 454 (2d Cir. 1995) (explaining that waiver could be imputed only if co-defendants are alter egos that "should be treated as one and the same"). There is simply no basis for imputing any alleged waiver by Mr. Kalanick to Uber in this case, particularly where Plaintiff has *conceded* that Uber and Mr. Kalanick are *not* alter egos. DE 94 at 22 ("Kalanick is not the alter ego of Uber; we don't say that anywhere; that's not our position here.").

    **2. Uber has not impliedly waived its right to compel arbitration.** With respect to Uber's own conduct, every factor weighs against implied waiver, which "is not to be lightly inferred." *Sweater Bee by Banff, Ltd. v. Manhattan Indus., Inc.*, 754 F.2d 457, 461 (2d Cir. 1985) (internal quotation marks omitted).

    *First*, Uber moved to compel arbitration immediately when joined as a party. Therefore, delay is no basis for inferring waiver here. Plaintiff provides no support whatsoever for its novel

argument that the time *before* Uber was joined as a party can be counted as delay *by Uber*.[4]  In any event, as the Court has recognized, "as a practical matter . . . [w]e're still relatively in the preliminary stages of this case" (DE 94 at 42), and courts have declined to find waiver after much longer delays.  *See, e.g.*, *Becker v. DPC Acquisition Corp.*, 2002 WL 1144066, at *12-13 (S.D.N.Y. May 30, 2002) (14 months); *Thomas v. A.R. Baron & Co.*, 967 F. Supp. 785, 789 (S.D.N.Y. 1997) (18 months).  Even Plaintiff's own cases hold that such a brief time period is insufficient.  DE 102 at 19 (citing *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 108 (2d Cir. 1997) (five months, "by itself, is not enough to infer waiver"); *Satcom Int'l Grp. PLC v. Orbcomm Int'l Partners, L.P.*, 49 F. Supp. 2d 331, 339 (S.D.N.Y.), *aff'd*, 205 F.3d 1324 (2d Cir. 1999) (four months "is not, by itself, long enough to infer waiver")).

*Second*, the minimal litigation activity in which Uber participated is an insufficient basis to find waiver.  *Cf. Rush v. Oppenheimer & Co.*, 779 F.2d 885, 888 (2d Cir. 1985) (no waiver despite motion to dismiss); *Scott v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 1992 WL 245506, at *3 (S.D.N.Y. Sept. 14, 1992) (no waiver despite motion to dismiss, document productions, interrogatory responses, document demands, and answer to complaint).  Uber's only discovery served to date expressly noted that Uber is participating in discovery solely to comply with the court's case management plan, as the dispute belongs in arbitration.  Plaintiff asserts that Uber has served discovery that would not be available in arbitration (DE 102 at 21), but has done nothing to show prejudice by "convincingly demonstrat[ing] some unique or material way

---

[4]  Plaintiff complains that Uber did not "announce[] its intention to compel arbitration" until "more than five months after it learned that Plaintiff filed his antitrust claims [against Mr. Kalanick] in this case."  DE 102 at 19.  The motions for joinder and intervention, however, were filed before the Court's deadline.  And requiring Uber to move to intervene immediately or risk an inference of waiver would be absurd, and, in many cases, would waste judicial resources, which likely explains why Plaintiff can cite no authority for this notion.

in which [he] would be placed at a substantial disadvantage by" the discovery. *Brownstone Inv. Grp., LLC v. Levey*, 514 F. Supp. 2d 536, 543 (S.D.N.Y. 2007); *see also Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 26 (2d Cir. 1995) ("Although [defendant] did pursue various avenues of discovery, it does not follow that [plaintiff] was prejudiced.").

*Third*, Plaintiff has not been prejudiced by his financial expenditures since Uber was joined as a party, and any financial burden to Plaintiff would be the result of Plaintiff's unilateral choice to bring his dispute in a judicial, rather than arbitral, forum. This Circuit has repeatedly made clear that "legal expenses inherent in litigation, without more, do not constitute prejudice requiring a finding of waiver." *Doctor's Associates, Inc. v. Distajo*, 107 F.3d 126, 134 (2d Cir. 1997) (internal quotation marks omitted); *Leadertex*, 67 F.3d at 26 (same). *Plaintiff* decided to sue Uber's CEO in an attempt to avoid arbitration with Uber, to resist Uber's joinder by "pretend[ing] that he 'seeks no relief whatsoever against Uber'" (DE 90 at 5), and to aggressively litigate this case even as arbitration looms. "Having commenced this suit to resolve claims that could have been properly asserted in arbitration, [Plaintiff] cannot now seek to lay at [Uber's] doorstep alone the full weight of [Plaintiff's] litigation expenses and claim resulting prejudice, a large measure for which [Plaintiff] itself may be responsible." *Brownstone*, 514 F. Supp. 2d at 540-41.

Finally, the procedural prejudice Plaintiff alleges is a red herring—even if pre-joinder activities could be attributed to Uber (which they cannot). Plaintiff's "key victory on class waiver" (DE 102 at 22) is inapplicable in the arbitration context. The court's ruling on class waiver concluded that "the User Agreement does not contain an independent class action waiver ***outside the arbitration context***." DE 44 at 9 (emphasis added).

### C. Uber Has the Right to Compel Arbitration

As this Court has observed, Plaintiff "named only Mr. Kalanick in the suit, and not Uber itself, possibly in order to avoid an arbitration clause in the User Agreement between plaintiff and Uber." DE 90 at 1. Now that Uber has been joined as a defendant, Plaintiff takes the illogical position that Uber is *still* not a true party to the litigation—merely an interested observer. DE 102 at 37-40. Joinder notwithstanding, Plaintiff maintains the view that because "the complaint asserts no claims against Uber," Uber has no basis for compelling arbitration. DE 102 at 37. The Court already has recognized that Plaintiff's attempts to mischaracterize his claims are "hyper-technical" and "awfully artificial" (DE 94 at 23, 25-26), and it should reject such artifice here again.

*First*, although Plaintiff stubbornly maintains he has pled claims "only against Kalanick, not against Uber" (DE 102 at 37), this argument is belied by Plaintiff's own complaint and the Court's findings to the contrary, *see, e.g.*, DE 90 at 5 ("fairly read, the Amended Complaint alleges that Uber's scheme for setting prices, as well as the terms of Uber's contracts with drivers, constitute an antitrust violation"); *id.* (Plaintiff's assertion that he "seeks no relief whatsoever against Uber" is "at odds with any fair reading of plaintiff's claim"); *id.* at 5 n.4 (Plaintiff has made "amply clear that plaintiff's basic demand for relief is, to a significant extent, directed against Uber"; *id.* at 5 n.5 (Plaintiff could not amend its complaint to seek relief only against Kalanick, and not against Uber, "while maintaining the essential elements of its antitrust claim").

*Second*, Plaintiff is wrong to contend that an indispensable party under Rule 19 may not compel arbitration. *See McCowan v. Sears, Roebuck and Co.*, 908 F.2d 1099, 1102, 1106-07 (2d Cir. 1990) (reversing order holding that an "indispensable party to the action pursuant to Fed. R.

8

Civ. P. 19" could not invoke the arbitration agreement). Plaintiff cites no case to support his view. At most, they demonstrate that a party need not assert a cause of action against a party joined under Rule 19.

*Third*, the absence of formal claims against Uber—which should not be confused with a practical and "fair reading of plaintiff's claim[s]" (DE 90 at 5)—does not strip it of its status as an "aggrieved" party entitled to compel arbitration under the plain language of 9 U.S.C. § 4. *See Doctor's Assocs., Inc. v. Hollingsworth*, 949 F. Supp. 77, 83 (D. Conn. 1996) ("[t]he fact that the franchisees sued the owners and agents of DAI and did not name DAI as a party does not prevent DAI from being an aggrieved party" entitled to compel arbitration); *Konvalinka*, 2011 WL 13070859, at *3 (compelling plaintiff to arbitrate with non-defendant because "[p]arties to contractual arbitration clauses cannot avoid arbitration by suing entities related to the counterparty to the contract"). Indeed, this Court has left no doubt that Uber is aggrieved by Plaintiff's complaint, finding that, if the litigation proceeds without Uber, the possibilities that "Uber might be bound by an injunction against Mr. Kalanick, and/or might be collaterally estopped from contesting antitrust liability in other suits against it" are "by no means difficult to envisage." DE 90 at 6-7.

*Finally*, courts have roundly rejected attempts by parties to avoid arbitration by suing entities related to a contracting party, rather than the entities with which they have an arbitration agreement. *Hollingsworth*, 949 F. Supp. at 80, 83-84 (granting DAI's petitions to compel arbitration despite contention that "since DAI is not a defendant in the state court action there is nothing to arbitrate"); *Konvalinka*, 2011 WL 13070859 at *3 (granting non-defendant's motion because, "[b]y naming a [non-signatory parent] but seeking to litigate the very thing that would have to be submitted to arbitration, [plaintiff] has sought to evade his obligation to arbitrate the

9

dispute with . . . the party with which he is in privity"). Plaintiff's cited cases (DE 102 at 40) do not support his argument—at most, they stand for the proposition that a motion to compel arbitration cannot be granted when no genuine dispute exists.[5] As this Court has found, that is plainly not the case here.

## CONCLUSION

The Court should dismiss this action and compel arbitration of all of Plaintiff's claims. Alternatively, if the Court grants Uber's motion to compel arbitration but denies Mr. Kalanick's motion, Uber requests that the Court stay the claims against Mr. Kalanick pending completion of arbitration proceedings between Uber and Plaintiff (*see* 9 U.S.C. § 3) in order to avoid the "unnecessary duplication and risk of inconsistent results that might ensue if claims against [Mr. Kalanick] are not stayed." *Moore v. Interracciones Global, Inc.*, 1995 WL 33650, at *6-7 (S.D.N.Y. Jan. 27, 1995) (staying claims "which arise out of exactly the same facts" against non-arbitrating defendant).[6]

---

[5] *See Rosenthal v. Emanuel, Deetjen & Co.*, 516 F.2d 325, 327 (2d Cir. 1975) (motion denied because, after defendants' claim contesting declaratory relief failed, there was no "controversy or claim arising out of or relating to [the partnership contract] or breach thereof"); *In re Prudential Secs. Inc.*, 1993 U.S. Dist. LEXIS 1362, at *6 (N.D. Ill. Feb. 4, 1993) (motion denied after action voluntarily dismissed because "there [was] no live controversy to arbitrate between the parties"); *AmeriSteel Corp. v. Int'l Bhd. of Teamsters*, 267 F.3d 264, 276 (3d Cir. 2001) (motion denied where party refusing to arbitrate was not bound by the contract containing the arbitration agreement).

[6] Alternatively, this Court can issue a stay "pursuant to the power inherent in every court to control the disposition of the case on its docket with economy of time and effort for itself, for counsel, and for litigants." *Barton Malow Enters., Inc. v. Steadfast Ins. Co.*, 2014 WL 10297613, at *3 (S.D.N.Y. Dec. 31, 2014).

Dated:  July 7, 2016

Respectfully submitted,

/s/ Reed Brodsky
    Reed Brodsky


GIBSON, DUNN & CRUTCHER LLP

Reed Brodsky
200 Park Avenue
New York, NY  10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035
RBrodsky@gibsondunn.com

Theodore J. Boutrous, Jr.
Daniel G. Swanson
Nicola T. Hanna
Joshua S. Lipshutz
333 South Grand Avenue
Los Angeles, CA  90071
Tel: (213) 229-7000
Fax: (213) 229-7520
TBoutrous@gibsondunn.com
DSwanson@gibsondunn.com
NHanna@gibsondunn.com
JLipshutz@gibsondunn.com

Cynthia E. Richman
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Tel: (202) 955-8500
Fax: (202) 467-0539
CRichman@gibsondunn.com

*Attorneys for Defendant Uber Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2016, I filed and therefore caused the foregoing document to be served via the CM/ECF system in the United States District Court for the Southern District of New York on all parties registered for CM/ECF in the above-captioned matter.

/s/ Reed Brodsky
Reed Brodsky
