Exhibit 3

```
 1
 2   UNITED STATES DISTRICT COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   ------------------------------------------
 5   SPENCER MEYER, individually and on
 6   behalf of those similarly situated,
 7                  Plaintiffs,
 8        vs.               1:15 Civ. 9796 (JSR)
 9   TRAVIS KALANICK,
10                  Defendant.
11   ------------------------------------------
12
13        DEPOSITION OF MIGUEL SANTOS-NEVES
14
15           Tuesday, June 14, 2016
16                9:13 a.m.
17
18
19
20
21
22   Reported by:
23   Joan Ferrara, RPR, RMR, CRR
24   Job No. 174299
25
```

```
 1
 2                        June 14, 2016
 3                        9:00 a.m.
 4                        New York, New York
 5
 6
 7           Deposition of MIGUEL
 8   SANTOS-NEVES, held at the offices of McKool
 9   Smith, One Bryant Park Avenue, New York,
10   New York, pursuant to Notice, before Joan
11   Ferrara, a Registered Professional and
12   Merit Reporter and Notary Public of the
13   State of New York.
14
15
16
17
18
19
20
21
22
23
24
25
```

1          M. Santos-Neves
2  So I can't speak specifically to why
3  they -- what, you know, in their eyes,
4  constituted poor judgment.
5      Q.    And they never told you why?
6      A.    I mean, they said that, you know,
7  that contacting, you know, someone close to
8  opposing counsel was poor judgment.
9      Q.    Just to clarify, who is "they,"
10 Mr. Moneyhon and Mr. Egeland?
11     A.    I can't remember specifically.  I
12 think it was -- yeah, I can't remember
13 specifically.
14     Q.    It was at least Mr. Moneyhon,
15 correct?
16     A.    Yes.
17     Q.    Can you remember if it was anyone
18 else besides Mr. Moneyhon?
19     A.    Well, as I said, you know, I
20 think once I was served with the subpoena
21 and our CEO said that it was an exercise of
22 poor judgment.
23     Q.    Who is the CEO?
24     A.    His name is R.P. Eddy.
25     Q.    Did Mr. Eddy tell you why he

```
 1                M. Santos-Neves
 2   believed it was an exercise of poor
 3   judgment?
 4       A.    I cannot recall.  All I can
 5   recall is that he said it was stupid.
 6       Q.    And I said before, or I was
 7   asking before about -- sorry, said before
 8   that contacting someone close to opposing
 9   counsel was poor judgment.  I wanted to
10   follow-up and ask why following up, or
11   contacting someone close to opposing
12   counsel was poor judgment?
13            MR. BOWKER:  Objection to form.
14       A.    I think that this goes beyond my
15   sort of realm of knowledge, so...
16       Q.    To clarify, I'm asking, you know,
17   whether or not you were told by the
18   individuals who told you it was a lack
19   of -- it was an exercise of poor judgment,
20   if they gave you any intended reason as to
21   why.
22       A.    They said that this gave Mr. Hood
23   and the opposing side sort of evidence that
24   I -- how I do say this -- of the tactics
25   that we were using.
```