# WILMERHALE

June 23, 2016

**David W. Bowker**

+1 202 663 6558 (t)
+1 202 663 6363 (f)
david.bowker@wilmerhale.com

BY E-MAIL TO JUDICIAL CLERK RACHEL BAYEFSKY

The Honorable Jed S. Rakoff
United States District Court
Southern District of New York
500 Pearl Street, Room 1340
New York, NY 10007

      Re:    *Meyer v. Kalanick*, 15-cv-09796 (JSR)
             Confidential response to Plaintiff's June 21, 2106 Letter

Dear Judge Rakoff:

On behalf of third-party Global Precision Research, LLC d/b/a/ Ergo ("Ergo"), I respectfully submit this letter in response to Plaintiff's letter of June 21, 2016.

First, as a preliminary matter, Ergo agrees with Plaintiff that Ergo's letter of June 16, 2016, Plaintiff's letter of June 21, 2016, and this letter should be designated and treated as "Confidential" because each of the letters incorporates by reference materials designated as "Confidential" and subject to a forthcoming Protective Order.

Second, although Ergo does not believe that the crime-fraud exception is applicable in this case, it nonetheless agrees with Plaintiff that "conduct need not satisfy the elements of common law fraud or crime to trigger the application of the crime fraud exception." Plaintiff's June 21 letter at 2. Ergo recognizes that the Court's June 8 order may not involve or implicate the crime-fraud exception at all; but even if that is the case, Ergo wishes to reemphasize that it had no intention to commit—and did not commit—any crime or actionable fraud in the conduct of its work for Uber. Ergo also wishes to reemphasize that it appreciates the Court's concerns regarding the integrity of the litigation process and that it had no intention of undermining that process.

Third, contrary to Plaintiff's contention, Ergo's research analyst did not commit a "fraudulent misrepresentation" when he was untruthful with interviewees about his reasons for asking certain questions. To establish a fraudulent misrepresentation, "a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." *See Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19 (2d Cir. 1996) (quoting B*anque Arabe et Internationale D'Investissement v. Maryland Nat'l Bank*, 57 F.3d 146, 153 (2d Cir.1995)). Here, there is no evidence to suggest that the statements in question were genuinely "material" to the interviewees. There is also no evidence that Ergo's research analyst "intended to defraud" the interviewees. To the contrary, he testified that he dissembled regarding the purposes of his questions only because he was obligated to maintain the confidentiality of his client while eliciting truthful information from the

WILMERHALE

June 23, 2016
Page 2

interviewees. *See* Santos-Neves Depo. Tr. 121:22-24; 123:2-13. In any case, there is no evidence that any interviewees "suffered damages" as a result of any reliance on the statements.

Fourth, Ergo's research analyst did not violate any law when he recorded telephone calls in New York state. Both federal law and New York law allow a party to a telephone call to record the call without the consent of any other parties, providing the recording is not done for any illicit or unlawful purpose. *See* N.Y. Penal Law §§ 250.00, 250.05 (under New York law, one may record a telephone call with the "consent of the sender or intended receiver thereof"); 18 U.S.C. § 2511(d)(2) (under federal law, one may record a telephone call with the consent of at least one party to the call, unless the recording is made "for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State"); *see also United States v. Ross*, 713 F.2d 389, 391 (8th Cir. 1983) (quoting *United States v. Murdock*, 290 U.S. 389, 394, 54 S.Ct. 223, 225, 78 L.Ed. 381 (1933)) ("For the interception of disclosure of a wire communication to be a *crime*, it must be done 'with a bad purpose ... without justifiable excuse, ... stubbornly, obstinately [or] perversely.'" (emphasis in original)). Here, the calls were not recorded for any "bad" or unlawful purpose. Rather, the calls were recorded so that the research analyst could produce an accurate report and correct his own typewritten notes of what was said. *See, e.g.*, Santos-Neves Depo. Tr. 163:5-8 ("I attempted to take notes. However, I also used a recording device because I'm a very bad typ[ist].").

Plaintiff contends that certain recordings were "illegal" in Connecticut and New Hampshire, but the statutes cited by Plaintiff are silent with respect to recordings made outside of state territory. *See* Conn. Gen. Stat. § 52-570d; N.H. Rev. Stat. Ann. § 570-A:2. Here, the recordings were made in New York, where they were lawful under both federal law and New York state law. *See* 18 U.S.C. § 2511(d)(2); N.Y. Penal Law §§ 250.00, 250.05. Moreover, in New Hampshire, the state Supreme Court has held that a private party shall not be liable for the secret recording of a telephone call where the party "has a 'good faith' belief that [his] conduct was lawful." *Fischer v. Hooper*, 143 N.H. 585, 589 (citation omitted). Here, Ergo's research analyst testified that he believes his conduct was lawful. *See, e.g.*, Santos-Neves Depo. Tr. 292:4-6 ("[Redirect] Q. Did you act lawfully in your conduct of the Spencer Meyer investigation? A. I believe that I did.").

Finally, Plaintiff's assertion that the conduct of the research analyst was "condoned" by Ergo's "General Counsel" is also incorrect. In fact, Ergo has no general counsel. Although Ergo's research analyst stated in an answer to a deposition question that Matthew Moneyhon is Ergo's "GC," that was simply a mistake. Mr. Moneyhon is not an attorney or a general counsel; he is merely a "managing partner." Ergo is a relatively small research firm with no in-house lawyer.

WILMERHALE

June 23, 2016
Page 3

We hope this information is helpful, and we appreciate the Court's consideration of this submission as it prepares to issue a memorandum opinion explaining the reasons for its June 8 order.

Respectfully submitted,

David W. Bowker
Wilmer Cutler Pickering Hale and Dorr LLP
*Counsel for Global Precision Research, LLC d/b/a Ergo*

cc: Counsel of record in *Meyer v. Kalanick*, 15-cv-09796 (JSR)