UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPENCER MEYER,<br><br>individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS KALANICK and UBER TECHNOLOGIES, INC.,<br><br>Defendants. | Civil Action No. 1:15 Civ. 9796 (JSR) |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR JOINDER OF ADDITIONAL PLAINTIFFS

**CONSTANTINE CANNON LLP**
Matthew L. Cantor
David A. Scupp
335 Madison Avenue
New York, New York 10017

**ANDREW SCHMIDT LAW PLLC**
Andrew Arthur Schmidt
97 India Street
Portland, Maine 04101

**MCKOOL SMITH**
John Briody
James H. Smith
One Bryant Park, 47th Floor
New York, New York 10036

**HARTER SECREST & EMERY LLP**
Brian Marc Feldman
Jeffrey A. Wadsworth
Edwin M. Larkin
1600 Bausch & Lomb Place
Rochester, New York 14604

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes
Ellen Meriwether
1101 Market Street, Suite 2650
Philadelphia, Pennsylvania 19107

*Counsel for Spencer Meyer, Alessandra Dreyer,
William Madden, Gabriel Nathanson, and Todd Radonsky*

Plaintiff Spencer Meyer respectfully submits this memorandum of law in support of his Motion for Joinder of Additional Plaintiffs pursuant to Rule 20(a)(1) of the Federal Rules of Civil Procedure.  As explained below, Alessandra Dreyer, William Madden, Gabriel Nathanson, and Todd Radonsky all seek to join as plaintiffs in this action.  All four individuals purchased Uber rides in the United States through the Uber application, and all four individuals paid surge pricing to Uber driver-partners.  Because these individuals' claims arise out of the same series of transactions and occurrences that are at issue in this case and concern questions of law and fact that are substantially identical to those at issue in this case, permissive joinder pursuant to Rule 20(a)(1) is proper here.

## RELEVANT FACTS[1]

The following individuals seek to join Mr. Meyer as plaintiffs to this action, both individually and on behalf of those similarly situated:

Alessandra Dreyer.  Ms. Dreyer is a resident of the state of Maryland.  She has used Uber car services on multiple occasions during the applicable damages period, including the UberX car service experience, in at least Washington, D.C.  In at least Washington, D.C., Ms. Dreyer paid surge pricing to drivers using UberX.

William Madden.  Mr. Madden is a resident of the state of Illinois.  He has used Uber car services on numerous occasions during the applicable damages period, including the UberX car service experience, in at least the following locations: Atlanta, Baltimore, Boston, Chicago, Denver, Los Angeles, Milwaukee, Nashville, New York City, Orange County (California), Phoenix, Pittsburgh, Portland (Oregon) and San Francisco.  In at least Chicago, Boston, New York City, San Francisco, Portland, and Orange County, Mr. Madden paid surge pricing to

---

[1] Should this motion be granted, plaintiff Meyer and the plaintiffs that seek to be added here propose to file a Second Amended Complaint, in which the facts stated below concerning these additional plaintiffs will be specifically alleged.

drivers using UberX.

<u>Gabriel Nathanson</u>. Mr. Nathanson is a resident of the state of Pennsylvania. He has used Uber car services on multiple occasions during the applicable damages period, including the UberX car service experience, in at least Columbus, Denver, Louisville, Philadelphia, and San Francisco. In, at least, Denver and Philadelphia, Mr. Nathanson paid surge pricing to drivers using Uber.

<u>Todd Radonsky</u>. Mr. Radonsky is a resident of the state of California. He has used Uber car services on numerous occasions during the applicable damages period, including the UberX car service, in at least the following locations: Los Angeles, Palm Springs and Santa Barbara. In at least Los Angeles, Mr. Radonsky paid surge pricing to drivers using UberX.

Ms. Dreyer, Mr. Madden, Mr. Nathanson, and Mr. Radonsky all seek to join Mr. Meyer as plaintiffs in this putative class action.

**ARGUMENT**

Under Rule 20(a)(1) of the Federal Rules of Civil Procedure, persons may join as plaintiffs if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." "In attempting to affix a definition to 'transaction or occurrence,' courts . . . have concluded . . . that the phrase encompasses all logically related claims." *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61 (S.D.N.Y. 2005) (internal quotation marks omitted). "The purpose of Rule 20 is to promote trial convenience and to expedite the resolution of disputes, thereby preventing multiple lawsuits." *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989). "The requirements of Rule 20 are to be given a liberal interpretation . . . to enable the court to promote judicial

economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *A.I.A. Holdings, S.A. v. Lehman Bros.*, 1998 U.S. Dist. LEXIS 4175, at *19 (S.D.N.Y. Apr. 1, 1998).

The Rule 20 requirements are easily satisfied here. Mr. Meyer and the proposed plaintiffs' claims are all "logically related" and arise out of the same series of transactions or occurrences; namely, the purchase of rides through the Uber app. The pricing of those rides was calculated using the same pricing algorithm – including the surge pricing function – at issue in this action. There is also a substantial identity of legal questions among Mr. Meyer's and the proposed plaintiffs' antitrust claims. All plaintiffs allege a price fixing conspiracy among Mr. Kalanick, Uber, and Uber's driver partners that forced Uber users to pay supra-competitive fares for their rides. Mr. Meyer's and the proposed plaintiffs' claims thus all share substantially identical questions of law and fact.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Joinder of Additional Plaintiffs.

Dated: New York, New York
       August 1, 2016

| **HARTER SECREST & EMERY LLP** | **CONSTANTINE CANNON LLP** |
|---|---|
| Brian Marc Feldman | |
| Jeffrey A. Wadsworth | ____/s/ Matthew L. Cantor____ |
| Edwin M. Larkin | Matthew L. Cantor |
| 1600 Bausch & Lomb Place | David A. Scupp |
| Rochester, New York 14604 | 335 Madison Avenue |
| Tel: (585) 232-6500 | New York, New York 10017 |
| Fax: (585) 232-2152 | Tel: (212) 350-2700 |
| bfeldman@hselaw.com | Fax: (212) 350-2701 |
| jwadsworth@hselaw.com | mcantor@constantinecannon.com |
| elarkin@hselaw.com | dscupp@constantinecannon.com |

**MCKOOL SMITH**
John Briody
James H. Smith
One Bryant Park, 47th Floor
New York, New York 10036
Tel: (212) 402-9400
Fax: (212) 402-9444
jbriody@mckoolsmith.com
jsmith@mckoolsmith.com

**ANDREW SCHMIDT LAW PLLC**
Andrew Arthur Schmidt
97 India Street
Portland, Maine 04101
Tel: (207) 619-0320
Fax: (207) 221-1029
andy@maineworkjustice.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes
Ellen Meriwether
1101 Market Street, Suite 2650
Philadelphia, Pennsylvania 19107
Tel: (215) 864-2800
Fax: (215) 864-2800
bclobes@caffertyclobes.com
emeriwether@caffertyclobes.com

*Counsel for Spencer Meyer, Alessandra Dreyer, William Madden, Gabriel Nathanson, and Todd Radonsky*