UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                               :
SPENCER MEYER, individually and on             :
behalf of those similarly situated,            :
                                               :
                    Plaintiffs,                :    Case No. 1:15-cv-9796 (JSR)
                                               :
            -against-                           :
                                               :
TRAVIS KALANICK and UBER                       :
TECHNOLOGIES, INC.,                            :
                                               :
                    Defendants.                :
--------------------------------------------------------x


## UBER TECHNOLOGIES, INC. AND TRAVIS KALANICK'S JOINT OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER OF ADDITIONAL PLAINTIFFS

GIBSON, DUNN & CRUTCHER LLP

Theodore J. Boutrous, Jr.
Daniel G. Swanson
Nicola T. Hanna
Joshua S. Lipshutz
333 South Grand Avenue
Los Angeles, CA  90071
Tel:  (213) 229-7000
Fax:  (213) 229-7520
TBoutrous@gibsondunn.com
DSwanson@gibsondunn.com
NHanna@gibsondunn.com
JLipshutz@gibsondunn.com

Reed Brodsky
200 Park Avenue
New York, NY  10166-0193
Tel: (212) 351-4000
Fax:  (212) 351-4035
RBrodsky@gibsondunn.com

Cynthia E. Richman
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Tel:  (202) 955-8500
Fax:  (202) 467-0539
CRichman@gibsondunn.com

*Attorneys for Defendant Uber Technologies, Inc.*

BOIES, SCHILLER & FLEXNER LLP

Karen L. Dunn
William A. Isaacson
Ryan Y. Park
5301 Wisconsin Avenue, NW
Washington, DC 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com
rpark@bsfllp.com

Alanna C. Rutherford
Peter M. Skinner
Joanna C. Wright
575 Lexington Avenue, 7th Floor
New York, NY 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
arutherford@bsfllp.com
pskinner@bsfllp.com
jwright@bsfllp.com

*Attorneys for Defendant Travis Kalanick*

August 10, 2016

Plaintiff Meyer moves this Court for leave to join four new plaintiffs—Alessandra Dreyer, William Madden, Gabriel Nathanson, and Todd Radonsky (collectively, the "Proposed Plaintiffs")—in this action based on the "logical[] related[ness]" of the Proposed Plaintiffs' claims against Defendants Uber Technologies, Inc. and Travis Kalanick and the purported overlap of legal and factual questions already raised in this action.  For the reasons set forth below, the Court should deny Plaintiff's motion.

"Rule 20, unlike its counterpart, Rule 19, prescribes *permissive*, not necessary, joinder and specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice." *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126–27 (2d Cir. 1970) (emphasis added); *see also Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) ("[T]he district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice."); Charles Alan Wright et al., 7 Fed. Prac. & Proc. Civ. § 1652 (3d ed.) ("[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay.").  "One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action." *H.L. Hayden Co. v. Siemens Medical Systems*, 112 F.R.D. 417, 419 (S.D.N.Y. 1986).

Here, Plaintiff's proposed joinder would prejudice Defendants and should be denied for multiple reasons.  **First**, far from raising "substantially identical questions of law and fact" (DE 129 at 2-3), joinder of four new plaintiffs would sidetrack the litigation by requiring the parties to address new arbitrability issues that may be substantially different—and more

complicated—than those that have already occupied the parties' and the Court's time and attention for the last three months.  According to Plaintiff, the Proposed Plaintiffs are all users of the Uber App and have taken trips on the uberX product in numerous cities.  DE 129 at 1-2. When the Proposed Plaintiffs registered to use the Uber App, they agreed to Uber's Terms and Conditions (the "Terms" or "Rider Terms") as a condition of using Uber's services.  Those Terms include a clear agreement to arbitrate disputes, which precludes the Proposed Plaintiffs from joining a putative class action and instead requires them to arbitrate any disputes with Defendants on an individual basis.  *See generally* DE 26 at 6; DE 44 at 9; DE 81 at 3-5; DE 92 at 2-6; DE 126 at 10-14.  Although this Court ruled that Plaintiff did not assent to the Rider Terms presented on his Samsung Galaxy S5 smartphone in October 2014—a ruling now under interlocutory review by the Second Circuit, *see* DE 131, 132—the Court did not (and could not) rule on the Proposed Plaintiffs' assent to the Rider Terms at different times, under different circumstances, and on different technological platforms.  Based on Uber's initial review, the Proposed Plaintiffs were likely iOS (Apple)—and, unlike Meyer, not Android—users.  Thus, the presentations of the Rider Terms to Proposed Plaintiffs may have varied significantly from Meyer's experience.  As such, in assessing whether Proposed Plaintiffs are bound to arbitrate, this Court will likely have to engage in analyses distinct from this Court's previous ruling on arbitration.  *See* DE 126 at 25 (describing the assent inquiry as "fact-intensive," "because each user interface differs from others in distinctive ways") (quoting *Sgouros v. TransUnion Corp.*, 817 F.3d 1029, 1034-35 (7th Cir. 2016)).

If the Court granted Plaintiff's motion to join the Proposed Plaintiffs in this action, Defendants would—and hereby explicitly reserve their right to—move to compel arbitration of

the Proposed Plaintiffs' claims pursuant to the arbitration provision in the Rider Terms.[1]
The parties and this Court would then face another round of briefing on the enforceability of the
Rider Terms with respect to four new individuals, including complex choice-of-law analyses for
four different individuals residing in four different states who allegedly used the Uber App in
approximately 20 different cities, and, of course, Rider Terms potentially presented in different
ways both between Potential Plaintiffs themselves and distinct from Plaintiff Meyer.  *See* DE
129 at 1-2.  The distraction and additional complexity that inevitably would follow from joining
the Proposed Plaintiffs at this juncture should be reason enough to deny Plaintiff's motion.  *See
Fair Housing Development Corp. v. Burke*, 55 F.R.D. 414, 423 (E.D.N.Y. 1972) (denying
motion to join plaintiff where "joinder might . . . lead to the filing of various motions directed at
and litigation involving the" new plaintiff).

   ***Second***, contrary to Plaintiff's claim that joining the Proposed Plaintiffs would "promote
trial convenience and expedite the resolution" of this case (DE 129 at 2-3), permitting the joinder
at this stage of the case will cause unnecessary delay and will prejudice Defendants as they
prepare for trial pursuant to the expedited schedule recently adopted by the Court.  The parties,
and this Court, have already expended significant resources and time addressing whether
Plaintiff's claims are subject to arbitration.  Had Plaintiff sought to join these additional plaintiffs
at an earlier stage of this litigation rather than requesting an extension to do so, many of the
arbitrability issues that will arise if the Proposed Plaintiffs are joined likely could have been

---

[1]   Joining additional plaintiffs to litigate claims they have already agreed to arbitrate is likely to
prove futile, and Plaintiff's motion should be denied on this basis.  *Cf. Gonzalez v. Leonard*,
497 F. Supp. 1058, 1077 (D. Conn. 1980) (exercising "discretion to deny . . . [Rule 20(a)]
motion insofar as it seeks to join defendants on claims which would . . . surely fail").

more efficiently considered and resolved when the Court considered Defendants' motions to compel arbitration in the first instance.

Instead, months after Defendants sought to compel arbitration, and months after Plaintiff opposed Uber's joinder or timeliness grounds, the parties and the Court will again be mired in questions regarding whether this Court is the appropriate forum for this dispute. Plaintiff surely had notice that there were other putative class representatives, but nonetheless delayed in filing his motion for joinder until the eleventh hour (indeed, requesting an extension to do so). *See Chavez v. Illinois State Police*, 251 F.3d 612, 633 (7th Cir. 2001) (affirming district court's denial of Rule 20 motion to join plaintiff and noting that plaintiff "had notice of the pending action yet plaintiffs did not attempt to join him earlier"); *Cf. Burke*, 55 F.R.D. at 423 (denying motion to join plaintiff and noting that the plaintiff "certainly was aware of this action before its commencement"). Plaintiff could have, but did not, add these new plaintiffs when he amended his complaint more than seven months ago. *See* DE 26.

Plaintiff has not explained what the Proposed Plaintiffs he seeks to join "might contribute to the prosecution and disposition of this action" (*Burke*, 55 F.R.D. at 422), or made any attempt to explain why he did not join them in either his initial complaint or his amended complaint. Nor has Plaintiff alleged that he or the Proposed Plaintiffs would be prejudiced in any way if the motion is denied. *See Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994) (affirming district court's denial of motion to join plaintiff where joinder "would have delayed adjudication of . . . claims" and there was no showing of prejudice). In sum, "[t]he motion is characterized by the absence of diligence on the part of . . . [P]laintiff[] and in light of the progress of this case, there is no reason for joinder of the unnecessary part[ies] at this stage." *Burke*, 55 F.R.D. at 423.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion for joinder of additional plaintiffs.


Dated:  August 10, 2016                    Respectfully submitted,

                                           /s/  Theodore J. Boutrous, Jr.
                                                Theodore J. Boutrous Jr.

                                           GIBSON, DUNN & CRUTCHER LLP

                                           Theodore J. Boutrous, Jr.
                                           Daniel G. Swanson
                                           Nicola T. Hanna
                                           Joshua S. Lipshutz
                                           333 South Grand Avenue
                                           Los Angeles, CA  90071
                                           Tel:  (213) 229-7000
                                           Fax:  (213) 229-7520
                                           TBoutrous@gibsondunn.com
                                           DSwanson@gibsondunn.com
                                           NHanna@gibsondunn.com
                                           JLipshutz@gibsondunn.com

                                           Reed Brodsky
                                           200 Park Avenue
                                           New York, NY  10166-0193
                                           Tel: (212) 351-4000
                                           Fax:  (212) 351-4035
                                           RBrodsky@gibsondunn.com

                                           Cynthia E. Richman
                                           1050 Connecticut Avenue, N.W.
                                           Washington, DC  20036
                                           Tel:  (202) 955-8500
                                           Fax:  (202) 467-0539
                                           CRichman@gibsondunn.com

                                           *Attorneys for Defendant Uber Technologies, Inc.*

7

BOIES, SCHILLER & FLEXNER LLP

Karen L. Dunn
William A. Isaacson
Ryan Y. Park
5301 Wisconsin Avenue, NW
Washington, DC 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
kdunn@bsfllp.com
wisaacson@bsfllp.com
rpark@bsfllp.com

Alanna C. Rutherford
Peter M. Skinner
Joanna C. Wright
575 Lexington Avenue, 7th Floor
New York, NY 10022
Tel: (212) 446-2300
Fax: (212) 446-2350
arutherford@bsfllp.com
pskinner@bsfllp.com
jwright@bsfllp.com

*Attorneys for Defendant Travis Kalanick*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2016, I filed and therefore caused the foregoing document to be served via the CM/ECF system in the United States District Court for the Southern District of New York on all parties registered for CM/ECF in the above-captioned matter.

/s/ Theodore J. Boutrous, Jr.
Theodore J. Boutrous, Jr.