```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SPENCER MEYER, individually and on   :
behalf of those similarly situated,  :
                                     :    15 Civ. 9796
      Plaintiff,                     :
                                     :    MEMORANDUM ORDER
      -v-                            :
                                     :
TRAVIS KALANICK and                  :
UBER TECHNOLOGIES, INC.,             :
                                     :
      Defendants.                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On July 29, 2016, the Court denied the motions to compel arbitration filed by defendants Travis Kalanick and Uber Technologies, Inc. ("Uber"). See Opinion and Order dated July 29, 2016, ECF No. 126 (the "Order"). On August 5, 2016, pursuant to statutory authority that permits an interlocutory appeal from a denial of arbitration, 9 U.S.C. § 16(a)(1)(B), defendants filed notices of appeal from the Order. ECF Nos. 131, 132. On the same day, defendants filed a joint motion to stay all proceedings in this Court until the Second Circuit Court of Appeals resolves their appeal. See Notice of Motion to Stay Pending Appeal, ECF No. 133; Memorandum of Law in Support of Joint Motion to Stay Judicial Proceeding ("Joint Mem."), ECF No. 134. On August 19, Plaintiff Spencer Meyer filed an opposition to that motion. See Memorandum of Law in Opposition to Defendants' Motion to Stay Judicial Proceedings, ECF No. 142.

1

Now, after careful consideration of what the Court finds to be a close call, the Court hereby grants the stay, effective August 27, 2016.

Although the grant or denial of such a stay involves "an exercise of judicial discretion," Virginia Ry. Co. v. United States, 272 U.S. 658, 672 (1926), the Supreme Court, in Nken v. Holder, 556 U.S. 418 (2009), held that such discretion must focus on four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." See id. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). In deciding whether to grant the stay, moreover, the first and second factors are the "most critical," id. at 434. What makes the instant motion a close call is that this is the unusual case where the first and second factors cut in opposite directions.

As to the first factor, the defendants have failed to make the requisite "strong showing" that they will succeed on the merits. Admittedly, a district court that issued an order that is being challenged on appeal may be predisposed to be unimpressed by the challenges to that ruling. Cf. Evans v. Buchanan, 435 F. Supp. 832, 843 (D. Del. 1977) ("The above-

2

quoted standard would seem to require that a district court confess to having erred in its ruling before issuing a stay."). Still, even after making every effort to indulge defendants' point of view, the Court here is distinctly unpersuaded by their showing on the first factor.

Indeed, such a showing as they have made is materially premised on mischaracterizations of the Order's holding. For example, the defendants assert, at the very outset of their papers, that the Order posited that the Court must indulge every reasonable presumption against an agreement to arbitrate because it involves a waiver of constitutional rights. (Joint Mem. at 1.) This is an inaccurate account of the Court's holding. For while the Court noted the tension between the standard for waiver of a constitutional right and the presumption in favor of arbitration, the Court nonetheless acceded to, and applied, that presumption in reaching its decision. It nonetheless found that plaintiff could not be compelled to arbitrate because, under established Second Circuit precedent, he "did not have '[r]easonably conspicuous notice' of Uber's User Agreement, including its arbitration clause, or evince 'unambiguous manifestation of assent to those terms.'"[1] Order at 25 (quoting Specht v. Netscape Commc'ns Corp., 306 F.3d 17, 35 (2d Cir.

---

[1] As noted in the Order, the Court will refer to this agreement as the User Agreement to be consistent with prior orders.

3

2002)). Similarly, in another of their several mischaracterizations, defendants argue that the Court treated the arbitration clause differently from other provisions of the User Agreement in violation of the preemption principles applied in cases such as AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011). (Joint Mem. at 15-17.) To the contrary, the Court found that plaintiff was not on inquiry notice of the entire User Agreement, "including its arbitration clause." Order at 25 (emphasis added).

Indeed, the straightforward legal principles the Court applied were reaffirmed by the Second Circuit as recently as yesterday morning, in a case bearing some similarities to the instant case. See Nicosia v. Amazon.com, Inc., No. 15-423 (2nd Cir. Aug. 25, 2016). There, applying Washington state law, the Court of Appeals held that whether the plaintiff was on inquiry notice of contract terms (and in particular an arbitration clause) was a question of fact where, as in this case, the user was not required to "specifically manifest assent to the additional terms" by clicking "I agree," and where the hyperlink to the contract terms was not "conspicuous in light of the whole webpage." See id., slip op. at 32.[2]

---

[2] While Nicosia involved disputed facts, the key facts relating to whether there was objective consent to arbitrate in the instant case are essentially undisputed. See Order at 10.

4

While, therefore, defendants have failed to carry their burden with respect to the first factor,[3] the Court, turning to the second factor, finds that defendants have made a strong showing of irreparable harm. This is true, however, not so much for the reasons defendants put forward in their papers as because of the Congressional determination that is implicit in 9 U.S.C. § 16(a)(1)(B). By authorizing an interlocutory appeal from a denial of arbitration, that provision evidences a congressional determination that a wrongful denial of the right to have the case sent promptly to arbitration is a harm that cannot be adequately remedied by an appeal at the end of the case. Of course, there may be unusual cases where this implicit Congressional finding would be inapplicable. For example, if the party seeking the stay has only the remotest chance of prevailing on its appeal, the degree of irreparable harm is correspondingly diminished. But while defendants' arguments here as to why they will prevail on appeal are unpersuasive to this Court, their argument cannot fairly be said to be frivolous. Accordingly, defendants have met their burden as to the second factor.

As to the third factor, the Court recognizes that plaintiff has an interest in promptly resolving the case and that this

---

[3] "The party requesting a stay bears the burden of showing that the circumstances justify [the stay]." Nken, 556 U.S. at 433-34.

interest is harmed by a stay. But whether that harm is material or immaterial largely depends on how long it takes the Court of Appeals to render a decision on defendants' interlocutory appeal, which no one can predict. In any event, Congress has implicitly rejected plaintiff's argument by having determined, as suggested above, that the potential harm to a party whose motion to compel arbitration was denied is greater than the harm a stay would cause to the non-movant.

Finally, as to the fourth factor, this case, even though a putative class action, is an essentially private dispute that does not implicate the public interest in any immediate sense.

So what are we left with? Of the two "most critical" factors (the first and the second), the defendants have carried their burden on one factor (the second factor) and have failed to carry it on the other (the first factor). And the other two factors prove to be largely irrelevant. In this unusual situation, the Court believes that, notwithstanding <u>Nken</u>, it can take account of still another factor: the need for further appellate clarification of what constitutes adequate consent to so-called "clickwrap," "browsewrap," and other such website agreements. Even if defendants do not prevail on their appeal, such a clarification will be materially helpful to this Court in the further conduct of the litigation. For example, there is a pending motion here to add other plaintiffs, who, defendants

6

assert, may be differently situated from Mr. Meyer in terms of what they confronted on the Uber smartphone application.[4] The Court's future consideration of class certification could also be affected, both because the agreement that is the subject of the Order also contains a class action waiver and because the outcome of the appeal might also bear on who determines the validity of that waiver. In these and other respects, the conduct of this lawsuit will be materially affected by the Second Circuit's ruling on the pending appeal, regardless of whether the appeal is ultimately successful or not.

Because of this additional factor, and for the foregoing reasons, the Court grants defendants' motion for a stay. The stay will take effect on August 27, 2016, in order to allow for the parties to complete taking discovery that they agreed to complete by close of business today.[5] The stay will continue until the Second Circuit issues its decision in the pending appeal.[6]

The Clerk of Court is directed to close docket entry 133.

---

[4] Accordingly, the Court will defer ruling on the motion to add plaintiffs until the conclusion of the pending appeal.

[5] However, the Court's ruling on a pending request to extend certain discovery beyond that deadline will be deferred until after the resolution of the pending appeal.

[6] However, if the appeal is denied, discovery and all other proceedings will immediately re-commence without waiting for the issuance of the appellate mandate or appellate resolution of any petition for rehearing, or the like.

SO ORDERED.

Dated:    New York, NY
            August 26, 2016        JED S. RAKOFF, U.S.D.J.