```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
SPENCER MEYER, individually and on       :
behalf of those similarly situated,      :
                                         :      15 Civ. 9796 (JSR)
      Plaintiff,                         :
                                         :           ORDER
      -v-                                :
                                         :
TRAVIS KALANICK, and UBER                :
TECHNOLOGIES, INC.,                      :
                                         :
      Defendants.                        :
----------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

In December 2015, Spencer Meyer, on behalf of himself and those similarly situated, filed this putative class action against Travis Kalanick, co-founder and (now former) CEO of Uber Technologies, Inc. ("Uber"). See Dkt. 1.

On June 19, 2016, the Court joined Uber to the action, see Dkt. 90, and Uber moved to compel arbitration of Meyer's claims pursuant to a contract that Uber argued was formed when Meyer signed up for Uber's service. See Dkt. 92. Kalanick also moved to compel arbitration, claiming that, even though he was not a signatory to the contract, he could enforce the terms of the agreement. See Dkt. 81.

After careful consideration and full briefing by the parties, the Court, by Opinion and Order dated July 29, 2016, denied defendants' motions. See Dkt. 126. On August 5, defendants timely noticed an appeal, see Dkts. 131, 132, and on

1

August 17, 2017 the Second Circuit vacated the July 29 Opinion and Order and remanded the case for further proceedings. See Dkt. 148.

Uber and Kalanick now renew their motions to compel arbitration. See Dkts. 80, 91. Kalanick also moves to dismiss as moot Meyer's claims for injunctive and declaratory relief, see Memorandum of Law in Support of Defendant Travis Kalanick's Renewed Motion to Compel Arbitration and For Judgment on the Pleadings ("Kalanick Mem."), Dkt. 152, and in the alternative for judgment on the pleadings and a stay of proceedings pending arbitration of Meyer's claims against Uber. Id.

Meyer opposes defendants' motions and seeks leave to argue that, as a result of a pop-up keypad, he never reached an agreement with Uber to arbitrate his claims. See Dkts. 159, 164.

Upon due consideration, the Court grants Uber's motion to compel arbitration and Kalanick's motion for judgment on the pleadings, and dismisses Meyer's case without prejudice to Meyer pursuing his claims against Kalanick before an arbitrator.

In addition, the Court denies as moot Meyer's motion to join four additional plaintiffs pursuant to Federal Rule of Civil Procedure 20(a)(1), which Meyer made after defendants first moved to compel arbitration in 2016. See Dkt. 127.

An opinion explaining the reasons for these rulings will issue in due course. The Clerk of Court is directed to close the motion at docket entry number 127.

SO ORDERED.

Dated:   New York, NY
         November 22, 2017

_____
JED S. RAKOFF, U.S.D.J.