# EXHIBIT C

THE ARBITRATION TRIBUNALS OF THE
AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

SPENCER MEYER,
      Claimant,

v.

UBER TECHNOLOGIES, INC.,
      Respondent.

Arbitrator Les Weinstein
AAA No. 01-18-0002-1956

## JOINT PRE-HEARING ORDER

For Claimant Spencer Meyer:

Brian M. Feldman
Lauren R. Mendolera
HARTER SECREST & EMERY LLP
1600 Bausch & Lomb Place
Rochester, New York 14604
Telephone No. (585) 231-1201 (Feldman)
Telephone No. (716) 844-3758 (Mendolera)
bfeldman@hselaw.com
lmendolera@hselaw.com

Andrew A. Schmidt
ANDREW SCHMIDT LAW PLLC
97 India Street
Portland, Maine 04101
Telephone No. (207) 619-0884
andy@maineworkerjustice.com

For Respondent Uber Technologies, Inc.:

William A. Isaacson
Abby L. Dennis
William Weaver
Alexandra C. Jumper
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, NW
Washington, DC 20005
T: (202) 237-2727

Peter M. Skinner
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
T: (212) 446-2300

## I.   JOINT OVERVIEW

On December 16, 2015, Claimant filed in the U.S. District Court for the Southern District of New York a putative class action against Travis Kalanick, then-CEO of Uber Technologies, Inc. ("Uber"), alleging a price-fixing conspiracy in violation of § 1 of the Sherman Antitrust Act, as well as New York's Donnelly Act.  On March 31, 2016, the district court denied Kalanick's motion to dismiss the amended complaint.  On June 20, 2016, the district court granted Kalanick's

motion to join Uber as a necessary party.  The next day, on June 21, 2016, Uber filed a motion to compel arbitration based on the terms of use in its agreement with Meyer, which the district court denied on July 29, 2016.  Uber appealed that order to the United States Court of Appeals for the Second Circuit.  On August 17, 2017, the Second Circuit vacated the district court's decision and remanded for further proceedings.  By order dated March 5, 2018, the district court granted Uber's motion to compel arbitration.  On April 16, 2018, Meyer informed the district court that he would proceed with arbitration against Uber.

On May 31, 2018, Meyer filed a demand for arbitration with the American Arbitration Association ("AAA") against Travis Kalanick and Uber, requesting damages, declaratory relief, injunctive relief, and attorneys' fees.  On June 29, 2018, Uber answered the demand and requested a hearing.  On September 18, 2018, the AAA appointed Les J. Weinstein as arbitrator.

By motion dated January 14, 2019, Travis Kalanick moved to be dismissed as a party from the arbitration.  By order dated April 16, 2019, the Arbitrator dismissed Travis Kalanick as a respondent, but ordered that "Mr. Kalanick shall appear if called as a witness at any hearing in this Arbitration."  On December 21, 2018, Uber filed a motion to dismiss Meyer's claims for injunctive and declaratory relief and for entry of a proposed award to dispose of the case.  By order dated April 16, 2019, the Arbitrator denied Uber's motion.

Pursuant to a stipulation and order dated July 10, 2019, if Meyer prevails on the merits, he will apply for fees, costs, or expenses in a subsequent proceeding.  The hearing commencing Wednesday, October 23, will be limited to the merits of Meyer's claims and Uber's defenses.

## II.   CLAIMS AND DEFENSES

### A.      Meyer's Claims.

Meyer is a registered Uber rider who challenges Uber's conspiracy to fix prices in violation

of federal and state antitrust laws.  Independent and competing transportation firms sell rides to riders like Meyer through the Uber App.  Uber refers to these independent competitor-drivers as Uber's "driver-partners."  Uber—which itself does not sell any rides—fixes the fares that the Uber driver-partner firms charge their riders.  Each competing driver-partner expressly agrees to permit Uber to fix fares, and each firm does so with the clear understanding that all other Uber drivers are also agreeing to charge the same fares.  Driver-partners would not agree to fixed fares if their competitors did not reach the same agreement with Uber.  This constitutes a horizontal price-fixing agreement, consistent with the decision in *Meyer v. Kalanick*, 174 F. Supp. 3d 817 (S.D.N.Y. 2016).  For purposes of this arbitration, Meyer is limiting his challenge to Uber's role in orchestrating this horizontal conspiracy.

This price-fixing conspiracy is most pernicious during periods of surge pricing.  During surges, Uber increases fares by a multiplier (*e.g.*, 1.5x or 2.0x).  All Uber driver-partners agree to charge the same surged prices by increasing their fares by the same multiple when competing for the same ride at a particular time and place.  There is no price competition among driver-partners. As a result, Meyer and other riders must pay substantially higher prices during periods of surge pricing. Driver-partners cannot compete for riders' business by offering rides without surge or otherwise at a lower price.  Although Meyer contends that all price-fixing by Uber is illegal, in this arbitration, Meyer is seeking relief relating to periods of surge pricing only.

Accordingly, Meyer demands (i) damages sufficient to compensate him for all surge pricing he has paid, trebled in accordance with the Sherman Act and Donnelly Act; (ii) a declaration that Uber's surge pricing violates the Sherman Act and Donnelly Act; (iii) an injunction prohibiting Uber from continuing to surge riders' prices; and (iv) attorneys' fees, expenses, and costs.  The parties have agreed to address claims for fees, expenses, or costs by

motion following a reasoned decision on claims (i)-(iii), above.

**B.     Uber's Defenses**.

Claimant cannot meet his burden of proof to establish a *per se* violation of the antitrust laws because, *inter alia*, Uber's dynamic pricing, or "surge pricing," is not subject to a *per se* analysis; there is no conspiracy between Uber and its driver-partners to fix prices; and there is no conspiracy between Uber's driver-partners to fix prices.  Claimant also cannot establish antitrust injury or standing.  Moreover, even if he were able to meet his burden of proof as to liability, Claimant would not be entitled to the equitable relief he seeks, either under the arbitration agreement or the applicable law.  Uber will further address its defenses in its pre-hearing brief, which will be submitted on October 16, 2019.

## III.   STIPULATIONS OF LAW AND FACT

**The parties agree and stipulate to the following, for purposes of this arbitration only:**

**<u>Legal Background</u>**

1. This arbitration is governed by the AAA Consumer Rules.

2. This arbitration was commenced following proceedings in the U.S. District Court for the Southern District of New York, docketed as *Meyer v. Kalanick*, 15-cv-9796 (S.D.N.Y.).

**<u>Uber</u>**

3. Uber is a technology company that, among other things, develops smartphone applications (apps) to match riders requesting rides with drivers willing to provide transportation.

4. Uber driver-partners are not required to drive exclusively on the Uber platform.

5. Riders who have downloaded the Uber app on their smartphone can open the app and

request a ride.  The rider may choose from available Uber products, such as UberX, Uber Black, or Uber SUV.  A typical ride-request with Uber is as follows: The rider will be told the approximate waiting time until pickup and estimated arrival time at the destination prior to requesting a ride.  If the rider then requests a ride, the rider's request is sent to an available driver-partner in the area for that Uber product, who may accept or decline the request.  If a driver declines the request, the request will be conveyed to another driver-partner.

**Spencer Meyer**

6.  Meyer is a registered Uber rider.

7.  Meyer registered with Uber on or about October 18, 2014.

8.  As a registered Uber rider, Meyer may use the Uber app to obtain rides on any of Uber's product lines (e.g., UberX, Uber Black, or Uber SUV), where those products are available.

## IV.    PROPOSED FINAL AWARD (EXCLUDING FEES, EXPENSES, OR COSTS)

### A.    Meyer's proposed final award:

#### I.    Definitions

As used in this award:

A. "Drivers-Partners" means firms or persons, not employed by Uber, who sell Rides.

B. "Fares" means the prices advertised, offered, or charged to Riders for Rides.

C. "Rides" means automotive transportation advertised or offered on the Uber Platform.

D. "Riders" means persons who purchase Rides.

E.  "Surge Pricing" means any temporary Fare increase.

6

F. "Uber" means Uber Technologies, Inc., and its subsidiaries, whether direct or indirect, and each of their officers, agents, servants, employees, and attorneys.

G. "Uber Platform" means Uber's proprietary technology applications that enable Driver-Partners to enter into transactions with Riders.

H. "Uber Transportation-Related Product" means any options offered in the United States to Driver-Partners and Riders for the sale of Rides, including but not limited to UberBlack, UberBlack SUV, UberX, UberPool, UberXL, UberWAV, and Uber Carseat.

I. "Uniform Surge Pricing Fares" means a particular Fare with Surge Pricing, uniformly offered, advertised, or charged by Driver-Partner for Rides at a particular place and time as to a particular Uber Transportation-Related Product.

## II. Applicability

The declaratory and injunctive relief set forth in this Award is limited to Uber's Transportation-Related Products.  The declaratory and injunctive relief set forth in this Award applies to Uber, as defined in Section I, and to all other persons in active concert or participation with Uber who receive actual notice of this Award by personal service or otherwise.

## III. Declaratory Relief

This tribunal DECLARES that Uber's offering, advertising, fixing, setting, pegging, or establishing of Uniform Surge Pricing Fares violates Section 1 of the Sherman Act, 15 U.S.C. § 1, and New York's Donnelly Act, N.Y. Gen. Bus. Law § 340.

## IV. Injunctive Relief

Uber is ENJOINED and RESTRAINED from offering, advertising, fixing, setting, pegging, or establishing Uniform Surge Pricing Fares, and from agreeing with Driver-Partners to

offer, advertise, fix, set, peg, or establish Uniform Surge Pricing.

However, nothing in this Award shall prohibit Uber from offering, advertising, fixing, pegging, setting, or establishing Fares, including uniform increases in Fares, for any Rides sold by Uber alone, rather than by its Driver-Partners.

### V.      Damages

Uber shall pay Meyer $82.86, which is treble the amount that Meyer paid in the past as a result of Surge Pricing.

\* \* \*

**B.      Uber's proposed final award:**

I, the undersigned Arbitrator, following a full hearing and adjudication of this matter on the merits, hereby award as follows:

1.      Claimant's claims for compensatory and trebled damages, including interest thereon, are dismissed in their entirety, with prejudice;

2.      Claimant's claim for attorneys' fees and costs is dismissed in its entirety, with prejudice;

3.      Claimant's claim for declaratory relief is dismissed in its entirety, with prejudice; and

4.      Claimant's claim for injunctive relief is dismissed in its entirety, with prejudice.

This award resolves in full all claims submitted to this arbitration.

## V.      WITNESSES

**A**.      **Meyer's Witnesses:**

Meyer intends to call the following witnesses for his case in chief.  Although Meyer's witnesses are listed in the anticipated order of their appearance, Meyer reserves the right to alter

the order in which his witnesses will appear.  Meyer also reserves the right to call any witness

listed by Uber and any witness necessary for rebuttal.

    1.    Spencer Meyer

    2.    Travis Kalanick

    3.    ██████████

    4.    ██████████

    5.    ██████████

    6.    Annie Kennington

**B.**    **Respondent's Witnesses:**

Uber intends to call the following witnesses.  Although Uber's witnesses are listed in the

anticipated order of their appearance, Uber reserves the right to alter the order in which its

witnesses will appear.  Uber also reserves the right to call any witness listed on the Claimant's

witness list.

    1.    ██████████

    2.    ██████████

    3.    ██████████

    4.    Dennis Carlton

    5.    Colm O'Muircheartaigh[1]

## VI.    EXHIBITS

**A.**    **Meyer's Exhibits**

Uber designates its objections as follows:

No stars:        No objection

---

[1] Respondent has moved to preclude all testimony from Ms. Kennington.  If this motion is granted, Respondent will not need to call Dr. O'Muircheartaigh to testify.

One star (*):            Objection to admissibility
Two stars (**):          Objection to authenticity and admissibility

In addition to the objections below, Uber reserves its right to object to use of any document on

Meyer's exhibit list absent a sponsoring witness.  Uber agrees to provide to Meyer the bases for

its objections by October 15, 2019 at 5 p.m. Eastern, so that the parties can meet and confer in

good faith to resolve any of their respective evidentiary objections prior to commencement of the

hearing.

| Meyer Ex. No. | Description | Deposition Ex. or Bates Range | Objections |
|---|---|---|---|
| 1 | Meyer's AAA Arbitration Demand, dated May 31, 2018 | Respondent Deposition Ex. 2 | * |
| 2 | Uber's Answer to the AAA Demand | | * |
| 3 | Uber's Rider Terms and Conditions, dated May 17, 2013 | TKA000001-9 | |
| 4 | Transcript of Mar. 9, 2016, Oral Argument on Motion to Dismiss, *Meyer v. Kalanick*, 15-cv-9796 (S.D.N.Y.), ECF 35 | | * |
| 5 | Memorandum of Law in Support of Defendant Travis Kalanick's Motion to Dismiss, *Meyer v. Kalanick*, 15-cv-9796 (S.D.N.Y.), ECF 28 | | * |
| 6 | Opinion and Order, *Meyer v. Kalanick*, 15-cv-9796, (S.D.N.Y. 2016), ECF 37 (denying motion to dismiss) | Claimant Deposition Ex. 1 | * |
| 7 | *Meyer v. Kalanick*, 291 F. Supp. 3d 526 (S.D.N.Y. 2018) (compelling arbitration) | | * |
| 8 | Uber's Responses and Objections to Plaintiff's Third Party Subpoena Duces Tecum, dated May 23, 2016 | | * |
| 9 | Uber's Responses to Plaintiff's First Set of Requests for Admissions (S.D.N.Y.), dated Aug. 8, 2016 | | * |
| 10 | Uber's Responses to Plaintiff's First Interrogatories (S.D.N.Y.), dated Aug. 8, 2016 | | * |
| 11 | Declaration of Colman & Exhibits | ECF 24, 24-1, 24-2 | * |

| | | | |
|---|---|---|---|
| 12 | Declaration of Vincent Mi (no exhibits) | ECF 92-1 | * |
| 13 | Transcript of Deposition of Michael William Colman, dated Aug. 18, 2016 | | * |
| 14 | Uber's Responses and Objections to Claimant's Request for Production of Documents (AAA), dated Dec. 5, 2018 | | * |
| 15 | "How does Uber match riders with drivers?" | Claimant Deposition Ex. 16 | |
| 16 | "What principles guide Uber's marketplace?" | Claimant Deposition Ex. 11 | |
| 17 | "Why do upfront prices matter?" | Uber0001414 | |
| 18 | "What's happening when prices surge?" | Claimant Deposition Ex. 10 | |
| 19 | "How can pricing serve riders and drivers?" | Claimant Deposition Ex. 5 | |
| 20 | "What is the right balance?" | Uber0001474-75 | |
| 21 | "Why does flexible work matter?" | Uber0001476-77 | |
| 22 | Uber Partner Terms and Conditions, dated Aug. 2011 | Uber0002131-38 | |
| 23 | Uber Partner Terms, dated July 2013 | Uber0002062-70 | |
| 24 | Uber Technology Services Agreement, dated Dec. 11, 2015 | Claimant Deposition Ex. 3 | |
| 25 | Rasier Technology Services Agreement, dated June 17, 2017 | Claimant Deposition Ex. 4 | |
| 26 | Uber User Terms and Conditions, dated Dec. 6, 2011 | Uber0001746-60 | |
| 27 | Uber User Terms and Conditions, dated Jan. 2, 2016 | Uber0001941-52 | |
| 28 | Uber User Terms and Conditions, dated Nov. 21, 2016 | Uber0000001-10 | |
| 29 | Uber User Terms and Conditions, dated Dec. 13, 2017 | Meyer000100-116 | |
| 30 | DC - uberX Pricing | Claimant Deposition Ex. 8 | |
| 31 | Tucson - uberX (P2P) | Claimant Deposition Ex. 9 | |
| 32 | Pricing & Strategy - Support - September 2014 | Claimant Deposition Ex. 14 | |
| 33 | Service Fee Schedule | Claimant Deposition Ex. 15 | |
| 34 | Driver Incentive Slides | Claimant Deposition Ex. 13 | |
| 35 | "A Deeper Look at Uber's Dynamic Pricing Model," dated Mar. 12, 2014 | Claimant Deposition Ex. 6 | |
| 36 | Declaration of ███████ in Support of Defendant's Opposition to | Claimant Deposition Ex. 7 | ** |

| | | | |
|---|---|---|---|
| | Plaintiff's Motion for Class Certification, dated Jan. 11, 2018 | | |
| 37 | Uber Trademark, U.S Patent & Trademark Electronic Search System | Claimant Deposition Ex. 17 | ** |
| 38 | Uber, Transcript of Tony West, Sept. 11, 2019 | Meyer000118-130 | * |
| 39 | Advice Memorandum, Uber Technologies, dated Apr. 16, 2019 | Meyer000131-145 | * |
| 40 | Uber Motion for Summary Judgment, *O'Connor v. Uber*, 13-03826 (N.D. Cal.), dated Dec. 4, 2014 | Meyer000146-182 | * |
| 41 | Transcript of Jan. 30, 2015, Oral Argument on Motion for Summary Judgment, *O'Connor v. Uber*, 13-03826 (N.D. Cal.) | Claimant Deposition Ex. 2 | ** |
| 42 | Evangelis Declaration, *O'Connor v. Uber*, 13-03826 (N.D. Cal.) | Meyer000183-199 | * |
| 43 | Ex. 15 to Evangelis Declaration, *O'Connor v. Uber*, 13-03826 (N.D. Cal.) | Meyer000200-202 | * |
| 44 | Ex. 48 to Evangelis Declaration, *O'Connor v. Uber*, 13-03826 (N.D. Cal.) | Meyer000203-206 | * |
| 45 | Response of Uber Technologies, Inc., Before the Public Utilities Commission of the State of California, dated Dec. 11, 2015 | Meyer000207-236 | * |
| 46 | Affidavit of ███████ in Support of Uber's Motion to Dismiss, *Saavedra v. Uber*, No. 156465/2016 (New York Cty.), dated Sept. 14, 2016 | Meyer000237-239 | * |
| 47 | Declaration of ███████ in Opposition to Plaintiffs' Motion for Conditional Certification, *Haider v. Uber*, 16-cv-4098 (S.D.N.Y.), ECF 84, dated. Dec. 4, 2017 | Claimant Deposition Ex. 21 | * |
| 48 | Transcript of Deposition of ███████, *Towe v. Arif*, 155040/2016 (N.Y. Sup.), dated Mar. 1, 2018 | Meyer000240-389 | * |
| 49 | Complaint, *SC Innovations Inc. v. Uber Technologies, Inc.*, 18-cv-07440 (N.D. Cal.), ECF 1 | Claimant Deposition Ex. 18 | ** |
| 50 | Screenshots, Side Car | Claimant Deposition Ex. 20 | ** |

| 51 | "Uber Just Caved on a Big Policy Change After Its Drivers Threatened to Strike," Slate, Sept. 12, 2014 | Claimant Deposition Ex. 27 | ** |
|---|---|---|---|
| 52 | UberCab, Next Generation Car Service | Claimant Deposition Ex. 23 | ** |
| 53 | SFMTA, Notice to Cease and Desist | Claimant Deposition Ex. 24 | * |
| 54 | Screenshots, Uber App | Claimant Deposition Ex. 26 | ** |
| 55 | Report of Annie Kennington | Respondent Deposition Ex. 9 | * |
| 56 | Audio, Recorded Interview 190805_1405 | | * |
| 57 | Transcript, Recorded Interview 190805_1405 | Respondent Deposition Ex. 13 | * |
| 58 | Audio, Recorded Interview 190805_1513 | | * |
| 59 | Transcript, Recorded Interview 190805_1513 | | * |
| 60 | Audio, Recorded Interview 190805_1707 | | * |
| 61 | Transcript, Recorded Interview 190805_1707 | Respondent Deposition Ex. 14 | * |
| 62 | Audio, Recorded Interview 190805_1737 | | * |
| 63 | Transcript, Recorded Interview 190805_1737 | Respondent Deposition Ex. 15 | * |
| 64 | Audio, Recorded Interview 190805_1752 | | * |
| 65 | Transcript, Recorded Interview 190805_1752 | | * |
| 66 | Audio, Recorded Interview 190806_1029 | | * |
| 67 | Transcript, Recorded Interview 190806_1029 | Respondent Deposition Ex. 25 | * |
| 68 | Audio, Recorded Interview 190806_1038 | | * |
| 69 | Transcript, Recorded Interview 190806_1038 | Respondent Deposition Ex. 16 | * |
| 70 | Audio, Recorded Interview 190806_1134 | | * |
| 71 | Transcript, Recorded Interview 190806_1134 | | * |
| 72 | Audio, Recorded Interview 190806_1150 | | * |

| 73 | Transcript, Recorded Interview 190806_1150 | Respondent Deposition Ex. 17 | * |
|----|--------------------------------------------|------------------------------|---|
| 74 | Audio, Recorded Interview 190806_1210 | | * |
| 75 | Transcript, Recorded Interview 190806_1210 | | * |
| 76 | Audio, Recorded Interview 190806_1515 | | * |
| 77 | Transcript, Recorded Interview 190806_1515 | | * |
| 78 | Audio, Recorded Interview 190806_1524 | | * |
| 79 | Transcript, Recorded Interview 190806_1524 | Respondent Deposition Ex. 18 | * |
| 80 | Audio, Recorded Interview 190806_1550 | | * |
| 81 | Transcript, Recorded Interview 190806_1550 | Respondent Deposition Ex. 26 | * |
| 82 | Audio, Recorded Interview 190806_1610 | | * |
| 83 | Transcript, Recorded Interview 190806_1610 | Respondent Deposition Ex. 19 | * |
| 84 | Audio, Recorded Interview 190806_1636 | | * |
| 85 | Transcript, Recorded Interview 190806_1636 | Respondent Deposition Ex. 27 | * |
| 86 | Audio, Recorded Interview 190809_0952 | | * |
| 87 | Transcript, Recorded Interview 190809_0952 | | * |
| 88 | Audio, Recorded Interview 190809_1018 | | * |
| 89 | Transcript, Recorded Interview 190809_1018 | | * |
| 90 | Audio, Recorded Interview 190809_1033 | | * |
| 91 | Transcript, Recorded Interview 190809_1033 | Respondent Deposition Ex. 20 | * |
| 92 | Audio, Recorded Interview 190809_1045 | | * |
| 93 | Transcript, Recorded Interview 190809_1045 | | * |
| 94 | Audio, Recorded Interview 190809_1211 | | * |
| 95 | Transcript, Recorded Interview 190809_1211 | | * |

| 96 | Audio, Recorded Interview 190809_1225 | | * |
|---|---|---|---|
| 97 | Transcript, Recorded Interview 190809_1225 | Respondent Deposition Ex. 21 | * |
| 98 | Audio, Recorded Interview 190813_0844 | | * |
| 99 | Transcript, Recorded Interview 190813_0844 | | * |
| 100 | Audio, Recorded Interview 190813_0934 | | * |
| 101 | Transcript, Recorded Interview 190813_0934 | | * |
| 102 | Audio, Recorded Interview 190813_1016 | | * |
| 103 | Transcript, Recorded Interview 190813_1016 | | * |
| 104 | Audio, Recorded Interview 190813_1043 | | * |
| 105 | Transcript, Recorded Interview 190813_1043 | | * |
| 106 | Audio, Recorded Interview 190813_1112 | | * |
| 107 | Transcript, Recorded Interview 190813_1112 | | * |
| 108 | Audio, Recorded Interview 190814_0935 | | * |
| 109 | Transcript, Recorded Interview 190814_0935 | | * |
| 110 | Audio, Recorded Interview 190814_0958 | | * |
| 111 | Transcript, Recorded Interview 190814_0958 | Respondent Deposition Ex. 22 | * |
| 112 | Audio, Recorded Interview 190814_1016 | | * |
| 113 | Transcript, Recorded Interview 190814_1016 | Respondent Deposition Ex. 23 | * |
| 114 | Audio, Recorded Interview 190814_1035 | | * |
| 115 | Transcript, Recorded Interview 190814_1035 | | * |
| 116 | Kennington Uber Ride History | FTI000752-776 | ** |
| 117 | Uber Marketplace, by ▮▮▮▮▮, Product 2018 | Uber0005354-5421 | |
| 118 | Uber Marketplace Primer: Dynamic Pricing, Sept. 2018 | Uber0005318-5353 | |

| 119 | Uber Marketplace Primer: Dynamic Pricing, Sept. 2018 | Uber0005265-5299 | |
| 120 | Trans. of Deposition of Travis Kalanick | | * |
| 121 | Trans. of Deposition of ████ | | * |
| 122 | Trans. of Deposition of ████ | | * |
| 123 | Trans. of Deposition of ████ | | * |
| 124 | Trans. of Deposition of ████ | | * |
| 125 | Trans. of Deposition of Dennis Carlton | | * |
| 126 | Indemnification Agreement | TKA000244-252 | |
| 127 | Playbook - Seattle | Uber0005579-5595 | |
| 128 | Playbook - South Dakota | Uber0005564-5578 | |
| 129 | Wild Ride: Inside Uber's Quest for World Domination, Adam Lashinsky | Claimant Deposition Ex. 22 | ** |
| 130 | "How and why do drivers earn extra?" | Uber0001471-1472 | |
| 131 | Driver Communication - "Accept UberX and XL Trips: Earn More Money" | Uber0001576 | |
| 132 | Driver Communication - "New uberX Prices: More Trips & More Money" | Uber0001586-1588 | |
| 133 | Uber Marketplace - "The history of pricing," https://marketplace.uber.com/pricing | N/A | |
| 134 | Spencer Meyer's Uber trip history | N/A | |

Meyer reserves the right to use any additional exhibits needed for impeachment purposes and reserves the right to offer into evidence any exhibit listed by Uber.

**B.** **Uber's Exhibits**

Meyer designates his objections, if any, as follows:

No stars:                No objection
One star (*):            Objection to admissibility
Two stars (**):         Objection to authenticity and admissibility.

Meyer agrees to provide to Uber the bases for his objections by October 15, 2019 at 5 p.m. Eastern, so that the parties can meet and confer in good faith to resolve any of their respective evidentiary objections prior to commencement of the hearing.

| Ex. No. | Reference | Description | Objections |
|---|---|---|---|
| R1 | UBER0001414 | Uber Marketplace – "Why do upfront prices matter?" | |
| R1A | UBER0001461-UBER0001462 | Uber Marketplace – "Why do upfront prices matter?" | |
| R2 | UBER0001415 | Uber Marketplace – "Why does flexible work matter?" | |
| R2A | UBER0001476-UBER0001478 | Uber Marketplace – "Why does flexible work matter?" | |
| R3 | UBER0001420 | Uber Marketplace – "What's happening when prices surge?" | |
| R3A | UBER0001417-UBER0001419 | Uber Marketplace – "What's happening when prices surge?" | |
| R4 | UBER0001493 | Uber Marketplace – "What principles guide Uber's marketplace?" | |
| R4A | UBER0001457-UBER0001458 | Uber Marketplace – "What principles guide Uber's marketplace?" | |
| R5 | UBER0001480 | Uber Marketplace – "How do we learn what works best?" | |
| R5A | UBER0001464-UBER0001465 | Uber Marketplace – "How do we learn what works best?" | |
| R6 | UBER0001466 | Uber Marketplace – "What is the right balance?" | |
| R6A | UBER0001474-UBER0001475 | Uber Marketplace – "What is the right balance?" | |
| R7 | UBER0001473 | Uber Marketplace – "How are prices determined?" | |
| R7A | UBER0001486-UBER0001488 | Uber Marketplace – "How are prices determined?" | |
| R8 | UBER0001482 | Uber Marketplace – "How does UberPool expand access?" | |
| R8A | UBER0001467-UBER0001468 | Uber Marketplace – "How does UberPool expand access?" | |
| R9 | UBER0001479 | Uber Marketplace – "How can pricing serve riders and drivers?" | |
| R9A | UBER0001469-UBER0001470 | Uber Marketplace – "How can pricing serve riders and drivers?" | |
| R10 | UBER0001481 | Uber Marketplace – "How and why do drivers earn extra?" | |

| | | | |
|---|---|---|---|
| R10A | UBER0001471-UBER0001472 | Uber Marketplace – "How and why do drivers earn extra?" | |
| R11 | UBER0001463 | Uber Marketplace – "How does Uber match riders with drivers?" | |
| R11A | UBER0001483-UBER0001485 | Uber Marketplace – "How does Uber match riders with drivers?" | |
| R12 | UBER0001675-UBER0001702 | "Driver Incentives slides" | |
| R13 | UBER0005265-UBER0005299 | "Marketplace Primer: Dynamic Pricing" PowerPoint, dated September 2018 | |
| R14 | UBER0005354-UBER0005421 | "Marketplace" PowerPoint by ███████, dated 2018 | |
| R15 | Kalanick Exhibit 23 | "UberCab: Next-Generation Car Service" Pitch Deck | |
| R16 | UBER0001504-UBER0001519 | Driver-Rider Matching PowerPoint | * |
| R17 | UBER0005022-UBER0005028 | "A Deeper Look at Uber's Dynamic Pricing Model," dated March 12, 2014 | |
| R18 | UBER0005036-UBER0005037 | "The Effects of Uber's Surge Pricing," dated September 17, 2015 | * |
| R19 | UBER0005032-UBER0005035 | "uberX: Changing Cities," dated January 9, 2014 | * |
| R20 | UBER0001586-UBER0001588 | Driver Communication – "New uberX Prices: More Trips & More Money" | |
| R21 | UBER0005038-UBER0005039 | "Price Cuts for Riders with Guaranteed Earnings for Drivers," dated April 24, 2015 | * |
| R22 | UBER0005040-UBER0005041 | "UPDATED: uberX Price Cut and Its Impact on Drivers," dated October 23, 2013 | * |
| R23 | UBER0005042-UBER0005045 | "Beating the Winter Slump – Price Cuts for Riders with Guaranteed Earnings for Drivers," dated January 8, 2015 | * |
| R24 | UBER0005046-UBER0005048 | "uberX Price Cut," dated August 15, 2014 | * |
| R25 | UBER0005049-UBER0005050 | "Summer Is Winding Down, but uberX Prices Just Got Hotter," dated August 16, 2014 | * |
| R26 | TKA000001- | Uber's Terms and Conditions for Riders, dated May | |

|  | TKA000009 | 17, 2013 |  |
|---|---|---|---|
| R27 | UBER0002131-UBER0002138 | Partner/Driver Terms and Conditions, dated August 2011 |  |
| R28 | UBER0002062-UBER0002070 | Partner Terms, dated July 2013 |  |
| R29 | UBER0003991-UBER0004010 | Software License and Online Services Agreement, dated April 3, 2015 |  |
| R30 | UBER0000532-UBER0000554 | Technology Services Agreement, dated December 11, 2015 |  |
| R31 | UBER0002297-UBER0002317 | Technology Services Agreement, dated December 11, 2015 |  |
| R32 | UBER0000377-UBER0000378 | Financial Terms Addendum, dated May 22, 2017 |  |
| R33 | UBER0000205-UBER0000206 | Financial Terms Addendum, dated June 17, 2017 |  |
| R34 | UBER0000253-UBER0000273 | Technology Services Agreement, dated June 17, 2017 |  |
| R35 | UBER0005113-UBER0005114 | Uber – "Ensuring Low Wait Times" |  |
| R36 | N/A | Uber – "How surge pricing works," https://www.uber.com/us/en/drive/partner-app/how-surge-works/ |  |
| R37 | N/A | Uber Newsroom – "Company info," https://www.uber.com/newsroom/company-info/ |  |
| R38 | N/A | Uber Newsroom – "The history of Uber," https://www.uber.com/newsroom/history/ |  |
| R39 | N/A | Uber Marketplace – "The history of pricing," https://marketplace.uber.com/pricing |  |
| R40 | N/A | Uber – "Our Products – Ride," https://www.uber.com/us/en/about/uber-offerings/ |  |
| R41 | UBER0001625-UBER0001632 | "DC – uberX Pricing" PowerPoint |  |
| R42 | UBER0001633-UBER0001640 | "Tucson – uberX (P2P)" PowerPoint, dated September 30, 2013 |  |
| R43 | UBER0001641-UBER0001674 | "Playbook: Partner Appreciation Events" PowerPoint dated May 2015 |  |

| R44 | UBER0001496-<br>UBER0001503 | "Pricing & Strategy – Support – September 2014" | |
| R45 | UBER0001576 | Driver Communication – "Accept UberX and XL Trips: Earn More Money" | |
| R46 | N/A | Uber Rider Help – "Booking Fee,"<br>https://help.uber.com/riders/article/booking-fee?nodeId=92439a81-251a-48e2-8735-8e8146f84590 | * |
| R47 | N/A | Uber Partner Help – "Vehicle Requirements,"<br>https://help.uber.com/partners/article/vehicle-requirements?nodeId=2ddf30ca-64bd-4143-9ef2-e3bc6b929948 | * |
| R48 | N/A | Uber – "24/7 Phone Support,"<br>https://www.uber.com/us/en/drive/partner-app/phone-support/ | |
| R49 | N/A | Lyft – "Personal Power Zones – Lyft Help,"'<br>https://help.lyft.com/hc/en-us/articles/115012926807-Personal-Power-Zones | * |
| R50 | N/A | Juno, "High-demand pricing – Help Center,"<br>https://help.gojuno.com/hc/en-us/articles/213801649-High-demand-pricing | * |
| R51 | N/A | Via – "Introducing Via's Rocket Zones – NYC DWV,"<br>https://nyc.drivewithvia.com/push/rocket-zones/#toggle-id-5 | * |
| R52 | N/A | Via – "Via Rocket Rates – DC DWV,"<br>https://dc.drivewithvia.com/push/via_rocket_rates/ | * |
| R53 | N/A | Spencer Meyer's curriculum vitae | |
| R54 | N/A | Spencer Meyer's Uber trip history | |
| R55 | Meyer Exhibit 1 | Spencer Meyer's email addresses | * |
| R56 | Meyer Exhibit 3 | Spencer Meyer's credit card statement with Uber charges | |
| R57 | Meyer Exhibit 4 | Plaintiff's Answers to Defendant's First Set of Interrogatories, dated May 31, 2016 | |
| R58 | Meyer Exhibit 5 | Declaration of Spencer Meyer, dated June 28, 2016 | |
| R59 | Meyer Exhibit 6 | Claimant's Response to Respondent Uber's Request for Production of Documents, dated December 17, | |

| | | 2018 | |
|---|---|---|---|
| R60 | Meyer Exhibit 7 | Plaintiff's Rule 26(a)(1) Initial Disclosures, dated April 22, 2016 | |
| R61 | Meyer Exhibit 8 | Plaintiff's Objections and Reponses to Defendant's Request for Documents, dated May 31, 2016 | |
| R62 | N/A | David Gutman, "How Popular Are Uber and Lyft in Seattle?" *Seattle Times*, dated November 5, 2018 | * |
| R63 | N/A | Brooke Barnes, "Disney Introduces Demand-Based Pricing at Theme Parks," *New York Times*, dated February 27, 2016 | * |
| R64 | N/A | City of New Orleans, Office of the Mayor, Press Release: "City Provides Update on Ridesharing Operations Since Introduction to New Orleans Market in Spring 2015," dated February 23, 2016 | * |
| R65 | N/A | U.S. Department of Justice & Federal Trade Commission, *Horizontal Merger Guidelines*, dated August 19, 2010 | |
| R66 | N/A | Order Instituting Rulemaking on Regulations Relating to Passenger Carriers, Ridesharing, and New Online-Enabled Transportation Services, Before the Public Utilities Commission of the State of California, Rulemaking 12-12-011 | |
| R67 | UBER0005101-UBER0005112 | Letter from the Federal Trade Commission to Debbie Ossiander, dated April 19, 2013 | * |
| R68 | UBER0001421-UBER0001456 | Jonathan V. Hall & Alan B. Krueger, "An Analysis of the Labor Market for Uber's Driver-Partners in the United States," dated November 2016 | * |
| R69 | UBER0005080-UBER0005098 | M. Keith Chen & Michael Sheldon, "Dynamic Pricing in a Labor Market: Surge Pricing and Flexible Work on the Uber Platform," dated December 11, 2015 | * |
| R70 | UBER0005115-UBER0005167 | Juan Camilo Castillo, Dan Knoepfle & E. Glen Weyl, "Surge Pricing Solves the Wild Goose Chase," dated March 2018 | * |
| R71 | UBER0005187-UBER0005228 | Peter Cohen, Robert Hahn, Jonathan Hall, Steven Levitt & Robert Metcalfe, "Using Big Data to Estimate Consumer Surplus," dated August 30, 2016 | * |
| R72 | UBER0005229-UBER0005264 | Kyungmin (Brad) Lee, Marcus Bellamy, Nitin Joglekar, Shan Jiang & Christo Wilson, "Surge Pricing on a Service Platform Under Spatial | * |

| | | Spillovers: Evidence from Uber" | |
|---|---|---|---|
| R73 | N/A | Scott Wallsten, "The Competitive Effects of the Sharing Economy: How Is Uber Changing Taxis?" *Technology Policy Institute*, dated June 2015 | * |
| R74 | N/A | Jonathan V. Hall, John J. Horton & Daniel T. Knoepfle, "Pricing Efficiently in Designed Markets: The Case of Ride-Sharing," dated May 10, 2019 | * |
| R75 | N/A | Expert Report of Dennis W. Carlton, dated August 15, 2019 | * |
| R76 | N/A | Expert Rebuttal Report of Dennis W. Carlton, dated September 16, 2019 | * |
| R77 | N/A | Expert Rebuttal Report of Colm O'Muircheartaigh, dated September 16, 2019 | * |
| R78 | UBER0005075 | Data File for Expert Report of Dennis W. Carlton: compass_driver_entry_exit_full.csv | * |
| R79 | UBER0005076 | Data File for Expert Report of Dennis W. Carlton: incentive_spend_trip_volume_by_month_compass_20190802.csv | * |
| R80 | UBER0005077 | Data File for Expert Report of Dennis W. Carlton: meyer_city_outage_key_compass_aug_2.csv | * |
| R81 | UBER0005078 | Data File for Expert Report of Dennis W. Carlton: meyer_trip_level_compass_aug_2.csv | * |

Uber reserves the right to use any additional exhibits needed for impeachment purposes and reserves the right to offer into evidence any exhibit listed by Meyer.

## VII.   LENGTH OF HEARING

The parties estimate that this case will last five days.

Date: October 11, 2019

/s/ Brian Marc Feldman

Brian Marc Feldman
HARTER SECREST & EMERY LLP
1600 Bausch & Lomb Place
Rochester, New York 14604
T: (585) 232-6500

Lauren R. Mendolera
HARTER SECREST & EMERY LLP
50 Fountain Plaza, Suite 1000
Buffalo, New York  14202

Andrew Arthur Schmidt
ANDREW SCHMIDT LAW PLLC
Portland, Maine 04101
T: (207) 619-0320

*Attorneys for Spencer Meyer*

/s/  William A. Isaacson

William A. Isaacson

Abby L. Dennis
William Weaver
Alexandra C. Jumper
BOIES SCHILLER FLEXNER LLP
1401 New York Ave. NW
Washington, D.C. 20005
T: (202) 237-2727

Peter M. Skinner
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, New York 10001
T: (212) 446-2300

*Attorneys for Uber Technologies, Inc.*

**SO ORDERED.**

DATED: _____      By: _____
                                        LES WEINSTEIN