# EXHIBIT E

**CONFIDENTIAL**

THE ARBITRATION TRIBUNALS OF THE
AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Spencer Meyer,
    Claimant,

v.

Uber Technologies, Inc.; and Travis Kalanick,
    Respondents.

Les Weinstein
AAA No. 01-18-0002-1956

**REPLY IN FURTHER SUPPORT OF UBER'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** .................................................................................................. 1

**ARGUMENT** ............................................................................................................................. 2

    I.     Meyer's Injunctive and Declaratory Relief Is Barred by the Arbitration Agreement. ..... 2

    II.    Meyer Cannot Estop Uber From Making this Motion. .................................................... 6

    III.   Uber's Proposed Remedy Is Consistent with the Arbitration Agreement and Applicable Law. ................................................................................................................................. 9

    IV.   Meyer Is Not Entitled to Attorneys' Fees Beyond What the Arbitration Agreement Permits. ......................................................................................................................... 11

**CONCLUSION** ........................................................................................................................ 12

# TABLE OF AUTHORITIES

## CASES

*American Express Co. v. Italian Colors Restaurant*,
570 U.S. 228 (2013) ... 3, 9, 10

*AT&T Mobility LLC v. Bernardi*,
No. 11-03992, 2011 WL 5079549 (N.D. Cal. Oct. 26, 2011) ... 3

*AT&T Mobility LLC v. Gonnello*,
No. 11-cv-5636, 2011 WL 4716617 (S.D.N.Y. Oct. 7, 2011) ... 3, 5

*Begonja v. Vornado Realty Trust*,
159 F. Supp. 3d 402 (S.D.N.Y. 2016) ... 10

*Booker v. Robert Half Int'l, Inc.*,
413 F.3d 77 (D.C. Cir. 2005) ... 10

*Bresgal v. Brock*,
843 F.2d 1163 (9th Cir. 1987) ... 4

*Califano v. Yamasaki*,
442 U.S. 682 (1979) ... 4

*Campbell-Ewald Co. v. Gomez*,
136 S. Ct. 663 (2016) ... 5

*Circuit City Stores, Inc. v. Adams*,
279 F.3d 889 (9th Cir. 2002) ... 10

*Cole v. Burns Int'l Sec'y Servs.*,
105 F.3d 1465 (D.C. Cir. 1997) ... 10

*DeRosa v. National Envelope Corp.*,
595 F.3d 99 (2d Cir. 2010) ... 8

*Gaines v. Carrollton Tobacco Bd. of Trade, Inc.*,
386 F.2d 757 (6th Cir. 1967) ... 9

*Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*,
995 F.2d 414 (3d Cir. 1993) ... 11

*Hawaii v. Standard Oil Co.*,
405 U.S. 251 (1972) ... 4

*In re American Express Merchants' Litigation*,
554 F.3d 300 (2d Cir. 2009) ... 10

*Kristian v. Comcast*,
446 F.3d 25 (1st Cir. 2006) ... 9

*Leed Architectural Prods., Inc. v. United Steelworkers of Am., Local 6674*,
916 F.2d 63 (2d Cir. 1990) ... 2

*Lewis v. Epic Sys. Corp.*,
   823 F.3d 1147 (7th Cir. 2016),
   138 S.Ct. 1612 (2018) ............................................................................................. 10

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*,
   473 U.S. 614 (1985) ................................................................................................. 9

*Morrison v. Circuit City Stores, Inc.*,
   317 F.3d 646 (6th Cir. 2003) .................................................................................. 10

*New Hampshire v. Maine*,
   532 U.S. 742 (2001) ................................................................................................. 8

*Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*,
   669 F.2d 490 (7th Cir. 1982) ............................................................................... 3, 6

*Paladino v. Avnet Computer Techns., Inc.*,
   134 F.3d 1054 (11th Cir. 1998) ............................................................................. 10

*Perez v. Globe Airport Sec'y Servs., Inc.*,
   253 F.3d 1280 (11th Cir. 2001) ............................................................................. 10

*Ragone v. Atl. Video at Manhattan Ctr.*,
   595 F.3d 115 (2d Cir. 2010) .................................................................................. 10

*Reyes v. Gracefully, Inc.*,
   No. 17-cv-9328, 2018 U.S. Dist. LEXIS 80059 (S.D.N.Y. May 11, 2018) ............ 10

*Schatz v. Cellco Partnership*,
   842 F. Supp. 2d 594 (S.D.N.Y. 2012) .................................................................. 6, 9

*Simon v. Safelite Glass Corp.*,
   128 F.3d 68 (2d Cir. 1997) ...................................................................................... 8

*States v. Department of Justice*,
   --- F. Supp. 3d ---, 2018 WL 6257693 (S.D.N.Y. Nov. 30, 2018) ........................... 4

*Swann v. Charlotte-Mecklenburg Bd. of Ed.*,
   402 U.S. 1 (1971) ..................................................................................................... 4

*Trustees of the Welfare Fund v. A. Terzi Prod's, Inc.*,
   1999 WL 1252806 (S.D.N.Y. Dec. 22, 1999) ........................................................ 11

*Waldman Pub. Corp. v. Landoll, Inc.*,
   43 F.3d 775 (2d Cir. 1994) ...................................................................................... 4

**STATUES & RULES**

15 U.S.C. § 15 ............................................................................................................. 11

Fed. R. Civ. P. 19(b) ................................................................................................ 7, 8

Fed. R. Civ. P. 68 ..................................................................................................... 4, 5

PRELIMINARY STATEMENT

The Arbitrator may grant "declaratory or injunctive relief only in favor of the claimant and only to the extent necessary to provide relief warranted by the claimant's individual claim." Ex. 2 at 9. Meyer concedes as much, as he must. Opp. at 1. His opposition focuses on the "extent necessary" provision, arguing that the *only* way to resolve his individual antitrust claim is to prohibit Uber from applying surge pricing to *all users*. Eliminating surge pricing for tens of millions of Uber users and driver partners, none of whom are parties to this proceeding, is "necessary," in Meyer's view, to resolve a dispute over $27.62. Meyer's agreement with Uber prohibits such broad relief and explicitly bars any class action-like proceedings.

Uber has proffered a complete remedy that is all that is necessary to provide the relief warranted by Meyer's individual claim: an injunction that prohibits Uber from applying its surge pricing algorithm to Meyer's individual Uber account, trebled monetary relief (*i.e.* three times the $27.62 Meyer paid), and attorneys' fees for this arbitration. Uber vigorously disputes Meyer's novel antitrust claim that its pricing algorithm is unlawful, and thus disputes his entitlement to any relief. But full-blown trials of antitrust claims, even ill-conceived claims for $27.62 (plus trebling), are expensive and wasteful. Uber is also mindful of the purposes of the arbitration provision at issue, and of arbitration more generally—to resolve claims efficiently while allowing individuals to receive relief to remedy any harm they may have suffered. Uber's proposal does just that.

Tellingly, Meyer focuses everywhere other than Uber's offer of a complete award. He argues that he could have gotten an injunction barring Uber from using the Uber app to set fares in federal court. This ignores the fact that he is bound by the language of a contract, and even in federal court, injunctive relief must be no more burdensome than necessary to provide relief to the party before the court. He argues that Uber's position here is inconsistent with its position in

1

the District Court, ignoring the fact that Uber told Judge Rakoff in its very first filing that it was moving to compel arbitration because the Arbitration Agreement limited the scope of Meyer's injunctive relief. And he argues that if he cannot obtain the broad injunctive relief he demands, the Arbitration Agreement should be nullified, ignoring the fact that the Arbitration Agreement does not limit the remedies available to address Meyer's individual claim, only the claims of others with Meyer as a purported representative. There is also nothing unlawful about an agreement that narrows a statutory right, so long as it does not waive it completely.

Meyer's true goal is on full display: he would use this arbitration to backdoor class action relief that the Arbitration Agreement forbids and that the courts have barred him from pursuing in order to support a broader fee application. All along, Meyer has not sought to vindicate his less-than-$30-claim; he has sought to use the courts and this proceeding to exert leverage to force a far larger settlement, consisting almost entirely of attorneys' fees. Consistent with that strategy, Meyer in this latest filing simply refuses to accept the limited nature of the relief he agreed to, even when that very relief is offered to him with no need for further litigation. It is time to put an end to Meyer's ever-more-costly games.

Uber's motion to dismiss should be granted, and the Arbitrator should enter the stipulated award Uber has proposed.

## ARGUMENT

**I.  Meyer's Injunctive and Declaratory Relief Is Barred by the Arbitration Agreement.**

An "arbitrator's authority to settle disputes . . . is contractual in nature, and is limited to the powers that the agreement confers." *Leed Architectural Prods., Inc. v. United Steelworkers of Am., Local 6674*, 916 F.2d 63, 65 (2d Cir. 1990). Ignoring this basic principle, Meyer argues that he should be able to pursue in arbitration the same scope of remedies theoretically available to him as a litigant in federal court in the absence of the contract he entered. But Meyer is

subject to the contract he entered; the remedies that may be available to litigants who sue in federal court because they are not bound to arbitrate are irrelevant. What *is* relevant is the scope of relief permitted by the Arbitration Agreement, and that agreement expressly forbids the overly broad injunctive and declaratory relief Meyer seeks.

In particular, Meyer agreed not "to participate as a plaintiff or class User in any purported class action or representative proceeding." Ex. 2, at 9. He further agreed that "the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of any class or representative proceeding." *Id*. There is no question that such a provision is enforceable. *Am. Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233-37 (2013). Likewise, Meyer agreed that the "arbitrator may award declaratory or injunctive relief only in favor of the claimant and only to the extent necessary to provide relief warranted by the claimant's individual claim." Ex. 2, at 9. As with class waivers, such limits on individual relief are also enforceable. *See, e.g.*, *AT&T Mobility LLC v. Gonnello*, No. 11-cv-5636, 2011 WL 4716617, at *3-4 (S.D.N.Y. Oct. 7, 2011); *AT&T Mobility LLC v. Bernardi*, No. 11-03992, 2011 WL 5079549, at *9 (N.D. Cal. Oct. 26, 2011) ("necessary to provide" provisions permit only "relief that would affect only the particular claimant initiating the arbitration").

But even without the Arbitration Agreement, Meyer's insistence that he would be able to enjoin Uber's surge pricing writ large in federal court is wrong. The cases he cites stand for the generic proposition that individual litigants in federal court can seek broad injunctions that affect the rights of others. As Meyer recognizes, the injunctive relief permissible under the antitrust laws "is available 'only to the extent necessary to protect a private litigant.'" *Id.* at 5 (quoting *Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 669 F.2d 490, 495 (7th Cir. 1982)). And here, a broad injunction prohibiting Uber from using the app to set surge for *others* is not necessary to

protect *Meyer* because injunctions against price fixing are not "indivisible," as Meyer claims. Opp. at 4. It is clear that individual claims for an injunction here are divisible among individuals, as illustrated by Uber's proposed award of complete relief for Meyer.

*Hawaii v. Standard Oil Co.*, 405 U.S. 251, 261 (1972), the case Meyer cites to support his argument that injunctions must be indivisible, does not so hold. There the Supreme Court refused Hawaii's attempt to seek monetary relief, in its proprietary capacity, for injury to the state's "general economy," reasoning that such relief would be duplicative of what private Hawaii residents could seek. *Id.* In the passage Meyer quotes, the Court merely commented on the difference between damages (where 100 suits is more burdensome on a defendant than one) and injunctions (where 100 injunctions can have the same effect on a defendant as one). *Id.* The Court adopted no rule that injunctive relief is "indivisible," as Meyer incorrectly suggests.

To the contrary, it is black letter law that "[i]njunctive relief should be narrowly tailored to fit specific legal violations." *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 785 (2d Cir. 1994). "Although the scope of a district court's equitable powers to remedy past wrongs is broad, injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court." *States v. Department of Justice*, --- F. Supp. 3d ---, 2018 WL 6257693, at *20 (S.D.N.Y. Nov. 30, 2018) (citing *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979), and *Swann v. Charlotte-Mecklenburg Bd. of Ed.*, 402 U.S. 1, 15 (1971)). Where, as here, "relief can be structured on an individual basis, it must be narrowly tailored to remedy the specific harm shown." *States*, 2018 WL 6257693, at *20 (quoting *Bresgal v. Brock*, 843 F.2d 1163, 1170–71 (9th Cir. 1987)).

If this case were in federal court, the award Uber has proffered would be consistent with federal practice. Federal Rule of Civil Procedure 68 permits a litigant to tender an offer of

judgment, the acceptance of which moots the case. Fed. R. Civ. P. 68(a). Uber has made such an offer to provide Meyer with complete relief. Regardless of whether Meyer accepts the offer, if this case were in federal court, Uber could "deposit[] the full amount of [Meyer]'s individual claim in an account payable to [Meyer]," at which point "the court [would] then enter[] judgment" for Meyer. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016). Uber raised this point in its motion (Mot. at 11), but Meyer ignores it.

Meyer discounts Uber's cases upholding limitations on individual relief, claiming that consumers in those cases had not contracted away their rights. Opp. at 6-7. But Meyer misunderstands Uber's argument. Uber does not argue that Meyer has contracted away his ability to seek an order to enjoin alleged price fixing. Rather, Meyer can seek to enjoin alleged price fixing, but only to the extent it applies to him. Thus, rather than an injunction ending all surge pricing, Uber has offered an injunction that would end any allegedly unlawful surge pricing for Meyer.

Meyer's claim that Uber's cases are inapposite because they involve mergers, not price fixing, is likewise mistaken because their rationale is not limited to mergers. For example, in *AT&T Mobility LLC v. Gonnello*, the court confronted an arbitration agreement that prohibited class action relief and provided that the arbitrator could award "declaratory or injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim." 2011 WL 4716617, at *3. In denying the motion to compel arbitration as beyond the scope of the parties' agreement, the court reasoned that "Defendants do not seek any other, narrower relief—injunctive, monetary, or otherwise—that would affect only the individual claimant initiating the arbitration." *Id.* The opposite is true here. Uber has proposed an antitrust remedy that would end the alleged price fixing as to Meyer.

Lastly, Meyer's reliance on *Ohio-Sealy Mattress*, 669 F.2d 490, is misplaced. *See* Opp. at 4-6. Although that court noted that an antitrust injunction should focus on the alleged illegal practice, it did not mandate such an injunction be any broader than necessary to achieve that end. To the contrary, the court refused to order the broadest aspects of the requested injunction because they were not "necessary" to address the violation. 669 F.2d at 469. That court was also not faced with interpreting an arbitration agreement.

## II. Meyer Cannot Estop Uber From Making this Motion.

Meyer next insists that, in the District Court, Uber admitted that the Arbitration Agreement allows him to obtain the broad injunction he now seeks, and that Uber is therefore "judicially estopped" from challenging Meyer's ability to enjoin Uber's use of surge pricing. Opp. at 9-10. But Uber did no such thing. Instead, Uber made clear to Judge Rakoff that the Arbitration Agreement limited the class, injunctive, and declaratory relief available to Meyer, and it sought to compel arbitration to obtain the benefits of the bargain it had entered into with Meyer.

In support of his flawed judicial estoppel argument, Meyer first relies on statements Uber made in the District Court that did nothing more than recite what Meyer himself claimed to be seeking in his complaint—broad declaratory and injunctive relief that would dramatically alter Uber's business. *See* Opp. at 9. For example, Meyer cites Uber's motion to intervene, in which it acknowledged that Meyer sought to "grind Uber's business to a halt . . . ." *Id.* Uber has not changed its view that the broad relief Meyer seeks would "fundamentally alter Uber's business model." It stated as much in its opening brief on this motion. Mot. at 1. But acknowledging Meyer's request for such relief is in no way an admission that Meyer is entitled to obtain it. *Cf. Schatz v. Cellco Partnership*, 842 F. Supp. 2d 594, 602-03 (S.D.N.Y. 2012) ("Stated differently,

the aforementioned clause, by its terms, does not constrain the nature of relief an individual party may seek, but rather limits what relief an arbitrator ultimately awards").

Meyer then claims that Uber promised the District Court that he could "obtain" such broad relief in arbitration. Opp. at 10. This is false. The first time Uber appeared in the District Court as it sought to intervene, it specifically cited the narrow scope of relief Meyer is entitled to seek under the Arbitration Agreement:

> Uber's protected interests in the enforcement of the User Terms and the legal procedures and remedies they afford Plaintiff will be impaired if this case proceeds without Uber. The User Terms limit the relief a prevailing consumer can obtain—for instance, permitting declaratory or injunctive relief "*only in favor of the claimant and only to the extent necessary to provide relief warranted by the claimant's individual claim*."

Ex. 6 (Uber's Motion to Intervene), at 16 (emphasis in original). Uber then insisted that "arbitration [be] compelled according to these terms." *Id.* Thus, far from being inconsistent, Uber pointed the District Court to the very same limitations at issue in this motion.

Meyer also quotes a different brief Uber submitted to the District Court in which it noted that arbitration would be "capable of providing Meyer with the same remedies" he sought in the District Court. Opp. at 8 (citing Uber Renewed Motion to Compel Arbitration, Dkt. 151). Uber's passing reference to the "same remedies" is not a concession that Meyer would be entitled to force a wholesale redesign of Uber's app and business model, but rather that Meyer could seek an injunction, as limited by the Arbitration Agreement.

This is particularly apparent when the quote is placed in context, which Meyer fails to do. Uber made this point in addressing the requirements for dismissal under Federal Rule of Civil Procedure 19(b), which considers among its factors whether the party resisting joinder would have an "adequate" remedy if the action were dismissed. Fed. R. Civ. P. 19(b)(4). Just as Uber said then, it remains true that this arbitration can provide Meyer with an "adequate" remedy. The

dispute is over whether "adequate" means a remedy that is far broader than his individual claim, or one that is narrowly tailored to it, as Uber has proposed. In this context, the "same remedies" to which Uber referred meant only that arbitration would offer Meyer the possibility of seeking declaratory and injunctive relief, just as he could seek in the District Court, subject to the limitations of the Arbitration Agreement, and not whether such relief could be narrowed. *See Simon v. Safelite Glass Corp.*, 128 F.3d 68, 73 (2d Cir. 1997) ("If the statements can be reconciled there is no occasion to apply an estoppel."); *see also DeRosa v. National Envelope Corp.*, 595 F.3d 99, 103 (2d Cir. 2010) (the party invoking estoppel must show that its adversary's positions are "clearly inconsistent").

Lastly, even if Meyer could show that Uber had taken clearly inconsistent positions (which, once again, he cannot), his judicial estoppel motion would fail because Uber did not prevail on its Rule 19(b) motion to dismiss. *See New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)) (party invoking estoppel must show, among other things, that another party *prevailed* on a position and then took an inconsistent position later in the same proceeding). Meyer claims that "Uber . . . succeeded not only on its motion to compel but also on its argument that Meyer's claims *against Kalanick* should be dismissed because, under Rule 19(b), arbitration offered an adequate remedy for Meyer, as he could seek 'the same remedies' in arbitration." Opp. at 11 (emphasis added). But Uber did not argue that Meyer's claims against Kalanick should be dismissed. Uber argued that Meyer's claims against Uber should be dismissed. Feldman Decl. Ex. 2 (Uber's Renewed Motion to Compel Arbitration), at 12-15. Judge Rakoff did not grant Uber's motion to dismiss. Instead, Judge Rakoff compelled arbitration, staying Meyer's claims against Uber pending resolution of this arbitration proceeding. Feldman Decl. Ex. 3 (Opinion and Order, dated March 5, 2018), at 20-21; *see also* Ex. 8 (Docket Sheet listing case as

"STAYED"). Kalanick separately moved for judgment on the pleadings and to dismiss Meyer's claims against him, and his motion for judgment on the pleadings was granted (his motion to dismiss was denied as moot).

### III. Uber's Proposed Remedy Is Consistent with the Arbitration Agreement and Applicable Law.

In a last ditch effort to avoid the plain language of the Arbitration Agreement, Meyer insists that without the broad injunction he seeks, he would be unable to vindicate his statutory rights under the antitrust laws. Opp. at 13-17. Meyer's concern is misplaced.

First, he conflates the complete waiver of statutory rights with limitations on the scope of relief that can be awarded, assuming those rights are violated. "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 628 (1985); *see also, e.g.*, *Kristian v. Comcast*, 446 F.3d 25, 46 (1st Cir. 2006) (relief for antitrust violations "cannot be contractually waived"); *Gaines v. Carrollton Tobacco Bd. of Trade, Inc.*, 386 F.2d 757, 759 (6th Cir. 1967) (an agreement "to waive damages arising from future violations of the antitrust laws [] would be invalid"); *Schatz*, 842 F. Supp. 2d at 599 (an agreement that would "effectively preclude any action seeking to vindicate [] statutory rights" may be unenforceable). But that is not what Uber seeks here. Uber does not claim that the Arbitration Agreement waives Meyer's ability to seek *any* injunctive relief. To the contrary, the Agreement permits Meyer to seek injunctive and declaratory relief, but it limits the scope of the injunctive and declaratory relief the Arbitrator can issue to that end. Nothing in the cases Meyer cites suggests that such a limitation would be unlawful.

Unlike here, Meyer's cases—the majority of which pre-date *American Express Co. v. Italian Colors Restaurant*, a case where the Supreme Court upheld a limitation on the nature of

9

relief parties could pursue in arbitration—concerned agreements that completely foreclosed statutory relief.[1] Or they did not even address limits on the scope of relief in arbitration.[2] Or they are no longer good law.[3]

None of this is surprising given *Italian Colors*, where the Court upheld an arbitration provision that precluded class-based arbitration despite the plaintiff's claim that class action litigation was necessary to effectively vindicate its statutory rights. 570 U.S. at 235-36. In that decision, the Supreme Court reasoned that shifting a claim from federal court to arbitration—even where the arbitrator's hands are tied in terms of the scope of relief—does not automatically impede a litigant's right to pursue statutory remedies. The same is true here: Meyer is not being

---

[1] *E.g., Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 125 (2d Cir. 2010) (arbitration agreement imposed 90-day statute of limitations and fee shifting provision that infringed on litigant's ability to pursue statutory employment discrimination claim); *Booker v. Robert Half Int'l, Inc.*, 413 F.3d 77, 83 (D.C. Cir. 2005) (refusing to enforce an agreement that barred punitive damages otherwise available under the statute); *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 672 (6th Cir. 2003) (agreement prohibited litigant from seeking full statutory damages on his individual discrimination claim); *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 895 (9th Cir. 2002) (agreement foreclosed certain punitive damages and damages for emotional distress otherwise available under statute); *Perez v. Globe Airport Sec'y Servs., Inc.*, 253 F.3d 1280, 1286-87 (11th Cir. 2001), *vacated on other grounds*, 294 F.3d 1275 (11th Cir. 2002) (agreement that barred shifting fees to prevailing plaintiff, which were otherwise available for Title VII discrimination claims, held unenforceable); *Reyes v. Gracefully, Inc.*, No. 17-cv-9328, 2018 U.S. Dist. LEXIS 80059, at *16 (S.D.N.Y. May 11, 2018) (refusing to enforce 60-day statute of limitations because it would have foreclosed damages available under federal employment statute); *Begonja v. Vornado Realty Trust*, 159 F. Supp. 3d 402, 410 (S.D.N.Y. 2016) (agreement that allowed union to pursue claims on individual's behalf was enforceable because it also allowed the individual to separately pursue those statutory claims in arbitration).

[2] *E.g., Paladino v. Avnet Computer Techns., Inc.*, 134 F.3d 1054, 1059 (11th Cir. 1998) (addressing unconscionability of agreement that did not clearly warn litigant of his waiver of statutory rights); *Cole v. Burns Int'l Sec'y Servs.*, 105 F.3d 1465, 1482 (D.C. Cir. 1997) (enforcing agreement that provided for statutory relief in arbitration, with no discussion of scope).

[3] *E.g., Lewis v. Epic Sys. Corp.*, 823 F.3d 1147 (7th Cir. 2016) (refusing to enforce class action arbitration waiver), *reversed*, 138 S.Ct. 1612, 1618 (2018) (applying *Italian Colors*). Moreover, Meyer's cited passage from *Ragone* relies on the Second Circuit's reasoning in *In re American Express Merchants' Litigation*, 554 F.3d 300 (2d Cir. 2009), which the Supreme Court rejected when it reversed the Second Circuit and held that the class waiver at issue was enforceable. *See Italian Colors*, 570 U.S. at 235-36.

prevented from exercising his statutory rights. He is free to seek declaratory and injunctive relief in arbitration to end Uber's alleged price fixing—as it applies to him. What Meyer cannot do is use this proceeding to vindicate the statutory rights of others, as doing so is not "necessary to provide [the] relief warranted by [Meyer]'s individual claim." Ex. 2 at 9.

**IV. Meyer Is Not Entitled to Attorneys' Fees Beyond What the Arbitration Agreement Permits.**

In the event that this Arbitrator enters the requested stipulated award, the Arbitrator must also consider an award of costs and attorneys' fees for Meyer. The Arbitration Agreement limits Meyer's recovery to only those costs and fees incurred during *this arbitration*: "If you prevail in arbitration you will be entitled to an award of attorneys' fees and expenses, to the extent provided under applicable law." Ex. 2 at 9 (emphasis added). In response, Meyer asserts that the issue is premature, and that in any event, he is entitled to all pre-arbitration fees under the Clayton Act, 15 U.S.C. § 15. He is wrong on both counts.

First, the issue not premature. The Arbitrator can enter the proposed order Uber provided in support of its original motion, which provides for an award of attorneys' fees limited to this arbitration proceeding, and then take further evidence should the parties dispute the amount of such fees.

Second, neither the Clayton Act nor the Arbitration Agreement entitle Meyer to his pre-arbitration fees. As Meyer's own cited authority indicates, to the extent pre-arbitration fees can be recovered at all, they must be "inextricably linked" to the issues raised in arbitration. Opp. at 19 (citing *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir. 1993)). Far from being inextricably linked to arbitration, the proceedings in the District Court were wholly unnecessary and strategically designed to *avoid* arbitration. *See Trustees of the Welfare Fund v. A. Terzi Prod's, Inc.*, 1999 WL 1252806, at *1 (S.D.N.Y. Dec. 22, 1999)

(eliminating from an award of fees "time spent preparing an unnecessary motion for summary judgment and the time spent for unnecessary research to amend the complaint"). Indeed, Meyer sued Kalanick rather than Uber in the District Court, resisted Uber's efforts to join the suit, and then vigorously opposed Uber's efforts to compel arbitration. In any event, even if the Arbitrator were to determine that some portion of the District Court proceeding was inextricably linked to the issues raised in this arbitration, he could grant such relief now and retain jurisdiction over any disputes arising out of an order requiring Uber to pay fees related to that portion of the District Court litigation.

## CONCLUSION

For these reasons and those stated in Uber's moving brief, Uber respectfully requests that Meyer's claims for declaratory and injunctive relief be dismissed and that the Arbitrator enter the stipulated arbitration award.[4]

Dated: February 5, 2019

/s/ Peter M. Skinner
William A. Isaacson
Karen L. Dunn
Abby L. Dennis
James A. Kraehenbuehl
BOIES SCHILLER FLEXNER LLP
1401 New York Ave. NW
Washington, D.C. 20005
T: (202) 237-2727

Peter M. Skinner
Byron Pacheco
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, N.Y. 10001
T: (212) 446-2300
*Attorneys for Uber Technologies, Inc.*

---

[4] Uber respectfully requests telephonic oral argument on this motion and Uber's counsel is available for such argument on any of the potential dates the Arbitrator has identified. *See* Dec. 12, 2018 Scheduling Order, ¶ 4.d.