# Exhibit 3



**From:** Nyran Rasche [nrasche@caffertyclobes.com]
**Sent:** Monday, July 02, 2018 11:00 AM Eastern Standard Time
**To:** Peter Skinner; 'DerekCoppola@adr.org'
**Cc:** 'StewartC@adr.org'; Ellen Meriwether; Bryan L. Clobes; Feldman, Brian M.; 'Britton, Paul'; 'wbrown@orrick.com'; 'mhaag@orrick.com'; 'rlinsenmayer@orrick.com'
**Subject:** RE: Meyer v. Uber: List of Panelists

Dear Mr. Coppola:

In the letter sent by Peter Skinner on Friday night, Uber made a unilateral request to narrow the field of panelists who can be included in AAA's list of five to those experienced in antitrust law. The parties have already jointly requested, as provided by the arbitration agreement, that the list be comprised of retired California judges or attorneys licensed to practice in California, and that they be willing to conduct the arbitration in New York City. Uber's additional requirement for an arbitrator with antitrust expertise is not specified by the contract that Uber unilaterally forced upon Mr. Meyer and that Uber insisted be applied according to its terms. The Consumer Arbitration Rules, which Uber dictated would apply here, require that any change in the Rules be agreed to by both parties in writing. (R-1(c))

Mr. Meyer does not agree with any additional limitations on the Roster of panelists to be provided to the parties, beyond those specified in the arbitration agreement.

Regards,

Nyran



1