# Exhibit 11



PETER M. SKINNER
Tel.:  (212) 303-3654
E-mail:  pskinner@bsfllp.com

June 5, 2020

**BY ELECTRONIC MAIL**

Karen D'Amico
Manager of ADR Services
Northeast Case Management Center
American Arbitration Center
1301 Atwood Avenue, Suite 211N
Johnston, RI  02919

    Re:    *Spencer Meyer v. Uber Technologies*,
               **Case No. 01-18-0002-1956**

Dear Ms. D'Amico:

    We represent Respondent Uber Technologies, Inc., in the above matter.  We are surprised Claimant Meyer is seeking to use the AAA rules to prevent Arbitrator Weinstein from addressing Meyer's allegations of bias, particularly given that he did not comply with Consumer Rule 18(a)(1)'s requirement to "provide information to the AAA of any circumstances likely to raise a justifiable doubt as to whether the arbitrator can remain impartial or independent," including "any bias."  Had he done so when he first learned of the alleged facts giving rise to his claim of bias, the Arbitrator might have addressed the issue before he had issued an Award in Respondent Uber's favor and precluded the need for proceedings in the District Court on his partiality.

    In any event, Meyer has now moved to vacate the award before the Honorable Jed S. Rakoff in the United States District Court for the Southern District of New York.  The Federal Rules of Evidence and Civil Procedure will govern the scope of the material properly put before Judge Rakoff.  *See Matter of Andros Compania Maritima, S.A. (Marc Rich & Co., A.G.)*, 579 F.2d 691 (2d Cir. 1978) ("[W]e do not dispute the authorities maintaining that the discovery procedures of the Federal Rules of Civil Procedure are generally applicable to Title 9 proceedings."); Fed. R. Civ. P. 81(a)(6)(B) (expressly providing that the Federal Rules govern proceedings "relating to arbitration" under Title 9).  Nothing in the Federal Rules purports to bar consideration of an arbitrator's declaration and, indeed, federal courts consider such declarations when ruling on motions to vacate.  *Cook Indus., Inc. v. C. Itoh & Co. (Am.) Inc.*, 449 F.2d 106 (2d Cir. 1971); *Jardine Matheson & Co. v. Saita Shipping*, Ltd., 712 F. Supp. 423 (S.D.N.Y. 1989).

    Nor does Rule 49(e) bar the Arbitrator from submitting a declaration.  The Rule says a party "may not call the arbitrator, the AAA, or any AAA employee as a witness in litigation or any other proceeding relating to the arbitration."  Uber is not *calling* Arbitrator Weinstein to testify as a witness; it is *inviting* Arbitrator Weinstein to submit relevant evidence addressing the allegations of bias, should he choose to do so.

BOIES SCHILLER FLEXNER LLP

55 Hudson Yards, New York, NY 10001 | (t) 212.446.2300 | (f) 212.446.2350 | www.bsfllp.com



    Moreover, it is difficult to imagine that the AAA meant to prevent its arbitrators from offering relevant facts to a court when they are accused of bias.  Rule 49(e) provides that Arbitrators "are not competent to and may not testify as witnesses in any such proceedings"— that is, a "proceeding relating to the arbitration."  But the Arbitrator is certainly competent to testify as to Meyer's allegations that the Arbitrator photographed a witness and was afraid to rule against Uber.  No one is more competent to do so.  Rule 49(e) therefore appears to be intended to address different situations, such as where follow-on litigation addresses the subject matter of the arbitration, not the one presented here, where the arbitrator's conduct is at issue.

    For all of these reasons, we submit that there is nothing barring Arbitrator Weinstein from responding to Meyer's claim of bias, and he should be permitted to offer any relevant facts he may have.

Very truly yours,

S/_____
Peter M. Skinner

cc:    Les J. Weinstein, Esq.
       *Arbitrator*

       Brian M. Feldman, Esq.
       *Counsel to Claimant Spencer Meyer*