```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SPENCER MEYER, individually and on   :
behalf of those similarly situated,  :
                                     :       15 Civ. 9796
        Plaintiff,                   :
                                     :       MEMORANDUM AND ORDER
        -v-                          :
                                     :
TRAVIS KALANICK, and UBER            :
TECHNOLOGIES, INC.,                  :
                                     :
        Defendants.                  :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Familiarity with all prior proceedings in this matter is here assumed. As relevant here, in December 2015, plaintiff Spencer Meyer, on behalf of himself and those similarly situated, filed this putative class action against Travis Kalanick, co-founder and then-CEO of Uber Technologies, Inc. ("Uber"), alleging that Uber's pricing model amounts to horizontal price-fixing, in violation of the relevant antitrust laws. See Dkt. No. 1. After joining Uber as

1

a necessary party, Mr. Kalanick and Uber (collectively "defendants") moved to compel arbitration, which motion the Court granted in November 2017. See Dkt. No. 169. In February 2020, the arbitrator entered an award in favor of Uber. See Award of Arbitrator ("Award"), Dkt. No. 182-16.

Now before the Court is plaintiff's motion to vacate that award on the ground that the arbitrator manifested "evident partiality" toward Uber in violation 9 U.S.C. § 10(a)(2). See Dkt. No. 177; Memorandum of Law in Support of Plaintiff's Motion to Vacate an Arbitral Award ("Pl. Mem."), Dkt. No. 178; Reply Memorandum of Law in Further Support of Plaintiff's Motion to Vacate an Arbitral Award ("Pl. Reply"), Dkt. No. 200. Defendants oppose. See Defendants' Corrected Memorandum of Law in Opposition to Plaintiff's Motion to Vacate an Arbitral Award, ("Defs' Mem."), Dkt. No. 199. For the reasons set forth below, the Court denies plaintiff's motion.

## Background

The factual showing on which plaintiff bases his motion can be briefly summarized. After the Court granted defendants' motion to compel arbitration, plaintiff filed a demand for arbitration with the American Arbitration Association ("AAA"), renewing the claims he had made before the Court and seeking, inter alia, declaratory and injunctive relief prohibiting

defendants from using Uber's "surge"[1] pricing algorithm to set fares. See Demand for Arbitration, Dkt. No. 182-1, at 5. The arbitration hearing occurred over three days in October 2019. Declaration of Peter M. Skinner, Dkt. No. 192, ¶ 3.

On the first day of the hearing, the arbitrator, Les Weinstein, Esq., heard testimony from Mr. Kalanick. After the testimony, plaintiff alleges, the arbitrator used his smartphone to take a photograph of Mr. Kalanick. Pl. Mem. at 7. (Although the parties dispute whether this actually occurred, the Court will assume it did for purposes of this motion.) Toward the close of the third day's session, the arbitrator offered concluding remarks on the record that included the following statement: "I must say I act out of fear. My fear is if I ruled Uber illegal, I would need security. I wouldn't be able to walk the streets at night. People would be after me." See id. at 7-8.

In February 2020, three months after the hearing concluded, the arbitrator entered an award in favor of Uber. See Award at 3. In May 2020, three months after the entry of the award and six months after the conclusion of the hearing, plaintiff

---

[1] "Uber's 'surge pricing' model . . . permits fares to rise up to ten times the standard fare during times of high demand." Meyer v. Kalanick, 174 F. Supp. 3d 817, 821 (S.D.N.Y. 2016). Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

returned to this Court and moved to vacate the award pursuant to 9 U.S.C. § 10(a)(2).

## Analysis

Following issuance of an arbitration award, § 9 of the Federal Arbitration Act ("FAA") provides that a party may apply to a district court "for an order confirming the award." Section 10 of the FAA, in turn, lists grounds for vacating an award, including, as relevant here, "evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a)(2).

Plaintiff argues that the arbitration award must be vacated because the arbitrator was afraid of the public backlash that would ensue if he were to strike down Uber's pricing algorithm and also that the arbitrator was "starstruck" by the presence of Mr. Kalanick. Defendants respond that (1) plaintiff waived his right to seek vacatur on these grounds by waiting until after the arbitrator ruled against him before raising these concerns; and (2) in any event, the arbitrator's conduct does not justify vacatur. The Court agrees with defendants in both respects.

### A. Forfeiture[2]

---

[2] The parties and some courts frame this issue in terms of "waiver," but what is at issue here is more properly termed "forfeiture." The two terms "are really not the same." Freytag v. Comm'r, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring in part and concurring in the judgment). "Although jurists often use the words interchangeably, forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right." Kontrick v.

"The settled law of this circuit precludes attacks on the qualifications of arbitrators on grounds previously known but not raised until after an award has been rendered." See AAOT Foreign Econ. Ass'n (VO) Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 139 F.3d 980, 982 (2d Cir. 1998). Put simply, "[w]here a party has knowledge of facts possibly indicating bias or partiality on the part of an arbitrator he cannot remain silent and later object to the award of the arbitrators on that ground. His silence constitutes a waiver of the objection." Id.

It is undisputed that plaintiff had knowledge at the time of the hearing of the facts allegedly indicating the arbitrator's partiality — viz., the arbitrator's photographing of Mr. Kalanick and his above-quoted concluding remarks. Despite this knowledge, plaintiff did not raise any objection relating to arbitral bias prior to the arbitrator's decision. As a result, plaintiff has forfeited his right to seek vacatur on these grounds.

Plaintiff does not contest that he failed to raise the issue until after the award came out against him. Instead, relying on Hoeft v. MVL Group, Inc., 343 F.3d 57 (2d Cir. 2003),

---

Ryan, 540 U.S. 443, 458 n.13 (2004). Here, no one is arguing that plaintiff intentionally relinquished his right to seek vacatur; instead, the argument is that he failed to make a timely assertion of that right — in other words, that he forfeited it.

abrogated on other grounds by <u>Hall St. Assocs., LLC v. Mattel, Inc.</u>, 552 U.S. 576 (2008), plaintiff maintains that the right to seek vacatur for an "openly partial award" is not waivable and suggests that the Court is barred from confirming such an award. Pl. Reply at 5.

Plaintiff's argument, however, is belied by Second Circuit precedent. In <u>AAOT</u>, for example, the Second Circuit considered whether the district court erred in confirming two international arbitration awards rendered by an allegedly corrupt tribunal, "where the losing party, knowing the relevant facts, chose to participate fully in the proceedings without disclosing those facts until after the adverse awards had been rendered." 139 F.3d at 980. In that case, the losing party based its motion for vacatur on evidence that a "sting" operation that it had conducted before the proceedings confirmed that the tribunal could be "bought." <u>Id.</u> at 981. Nevertheless, the Second Circuit held that the losing party "waived whatever objections it had to the tribunal" by failing, at the least, "to notify opposing counsel." <u>Id.</u> at 982.

Moreover, plaintiff's reliance on <u>Hoeft</u> is misplaced. <u>Hoeft</u> held that parties cannot by private agreement relieve federal courts of their obligation to review arbitration awards for compliance with § 10(a) of the FAA. 343 F.3d at 64. At bottom, the case recognized that federal courts must retain their "limited,

6

but critical" role in safeguarding the rights of those involved in private dispute resolution. Id. Another case, also relied on by plaintiff, In re Wal-Mart Wage and Hour Emp't Practices Litig., 737 F.3d 1262, 1268 (9th Cir. 2013), similarly explains that "[p]ermitting parties to contractually eliminate all judicial review of arbitration awards would . . . frustrate Congress's attempt to ensure a minimum level of due process for parties to an arbitration." By contrast, no such due process concerns exist in cases, like this one, where the losing party had every chance to take his concerns to federal court but simply failed to do so in a timely manner. In a word, plaintiff was not "left without any safeguards against arbitral abuse," id.; he simply failed to take advantage of them.

### B. Partiality

Nor would plaintiff's argument succeed on the merits. A party moving to vacate an arbitration award has a "very high" burden of proof. D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006). "The party challenging the award must prove the existence of evident partiality by clear and convincing evidence." Certain Underwriting Members of Lloyds of London v. Fla., Dep't of Fin. Servs., 892 F.3d 501, 505 (2d Cir. 2018). In the Second Circuit, "evident partiality may be found only where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration."

7

Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire and Marine Ins. Co., 668 F.3d 60, 64 (2d Cir. 2012). Mere "speculation" is insufficient. Id. at 72.

After carefully reviewing the full record, the Court finds that the arbitrator's concluding remarks, rather than a sincere confession of fear, were simply an attempt at humor — one of many made by the arbitrator throughout the hearing. See Defs' Mem. at 9 n.3. Indeed, if the arbitrator had in fact been making his decision out of fear, the last thing he would have done is placed that on the record. While perhaps inappropriate (or, worse yet, not as humorous as some of the arbitrator's better jokes), the remarks are not inconsistent with impartiality once their patently jestful intent is recognized.[3]

As for the alleged photographing, there is, as indicated, some reason to doubt whether it actually occurred.[4] But "even

---

[3] Plaintiff also complains that the arbitrator's decision is at odds with the Court's earlier decision in Meyer v. Kalanick, 174 F. Supp. 3d 817 (S.D.N.Y. 2016). See Pl. Mem. at 17. Here, plaintiff reveals more by what he does not argue than by what he does. Plaintiff does not argue that the arbitrator's decision was "rendered in manifest disregard of law," an independent ground for vacatur under the FAA. Instead, plaintiff suggests that the arbitrator's reasoning was itself "one possible manifestation of" his fear. Id. The Court rejects this Trojan horse argument as an effort to smuggle in grievances about the arbitrator's reasoning disguised as evidence of partiality. In any event, as evidence of partiality, it is mere speculation.

[4] Defendants deny having seen the arbitrator take the photograph. See Defs' Mem. at 22. In addition, plaintiff's evidence is inconsistent. One member of his legal team testifies

assuming that [it] took place exactly as [plaintiff] describes and construing all facts in [plaintiff's] favor," it would not "rise to the level of bias . . . necessary to vacate an arbitration award under § 10(a)(2)." Kolel Beth Yechiel Michel of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 106 (2d Cir. 2013). Plaintiff suggests that the arbitrator took the photograph because he was "starstruck" by Mr. Kalanick. Pl. Mem. at 16. Given the history of dubious conduct by Mr. Kalanick's subordinates when Mr. Kalanick was the only defendant in this case, see Meyer v. Kalanick, 212 F. Supp. 3d 437 (S.D.N.Y. 2016), such alleged hero-worship seems doubtful on its face; but, in any case, plaintiff's speculation is just that — speculation — which is insufficient to justify vacatur. Scandinavian Reinsurance Co., 668 F.3d at 72.

Plaintiff's motion is therefore denied. The Clerk of Court is directed to close docket entry 177.

Dated: New York, NY

August 3, 2020

JED S. RAKOFF, U.S.D.J.

---

that the arbitrator surreptitiously took the photograph, while another suggests that the arbitrator may have asked Mr. Kalanick to pose for the picture. Compare Declaration of Kaleigh Wood, Dkt. No. 180, ¶ 3, with Declaration of Lauren Mendolera, Dkt. No. 183, ¶ 3.